ACCEPTED
15-25-00061-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/20/2025 5:08 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00061-CV

**IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT OF TEXAS
AT AUSIN, TEXAS**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/20/2025 5:08:03 PM
CHRISTOPHER A. PRINE
Clerk

**FRANCESCA OKONKWO, ADMINISTRATIVE LAW JUDGE, TEXAS
DEPARTMENT OF INSURANCE, DIVISION OF WORKERS'
COMPENSATION, IN HER OFFICIAL CAPACITY and FORT BEND
COUNTY,**

**Appellants,**

**v.**

**JOSHUA DAVID  HEILIGER, INDIVIDUALLY, AND ON BEHALF OF
THE ESTATE OF LAUREN BRITTANE SMITH, DECEASED, AND ON
BEHALF OF DEATH BENEFITS BENEFICIARIES JOSHUA DAVID
HEILIGER AND EMMA DESTINY HEILIGER,**

**Appellees**

---

**ON APPEAL FROM TRIAL COURT CAUSE NO. 2024-78536
11TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS
THE HONORABLE KRISTEN B. HAWKINS, PRESIDING JUDGE**

---

**APPELLANT FORT BEND COUNTY'S MOTION TO AMEND BRIEF**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Appellant FORT BEND COUNTY, and would make and file this its

Motion to Amend Brief pursuant to Tex. R. App. P. 10.5(b) and 38.7 and as grounds

therefore would respectfully show the Court:

**APPELLANT'S MOTION TO AMEND BRIEF**                                    **Page 1**

## A. Introduction

1. Appellant is Fort Bend County. Appellee is Joshua Heiliger, Individually and on Behalf of the Estate of Lauren Brittane Smith, Deceased, and on Behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger.

2. To prevent confusion, Appellant moves the Court to allow filing of an amended brief to correct cites to the Clerk's Record.

## B. Facts

3. On May 15, 2025, Appellant Fort Bend County requested the Harris County District Clerk to supplement the Clerk's record with its Exhibits A-F that were hand-delivered to the District Court on March 18, 2025 and that were incorporated into Fort Bend County's First Amended Plea to the Jurisdiction, Motion to Dismiss and General Denial filed on March 17, 2025. (CR460, attached as Exhibit 1 and incorporated herein by reference) The exhibits were hand-delivered because they contained sensitive data pertaining to the deceased Lauren Smith.

4. Appellant Fort Bend County discovered after filing its Petition for Writ of Mandamus and Appellate Brief on June 12, 2025, that the Supplemental Clerk's Record filed on May 23, 2025, contained the wrong exhibits.

5. On June 12, 2025, Appellant Fort Bend County requested the Harris County District Clerk to correct its error and file the correct exhibits. (Exhibit 2 attached and incorporated herein by reference) To facilitate the filing of the correct supplemental record, Appellant re-filed the sensitive-data exhibits on June 12, 2025, and named them to match its Petition for Writ of Mandamus and Appellate Brief. The Harris County District Clerk, however, sent up

a new "Supplemental Clerk's Record Volume 1" on June 13, 2025, with all of the exhibits in one PDF.

6. This new supplemental record still does not comport with the cites in Fort Bend County's Appellate Brief.

7. To minimize confusion and direct the Court to the correct page of the Clerk's record, Appellant Fort Bend County now moves to file the Amended Brief attached hereto as Exhibit 3.

8. **The proposed Amended Brief contains no substantive changes but only corrects 11 cites references on seven pages.**

### C.  Argument & Authority

9. A brief may be amended or supplemented whenever justice requires on whatever reasonable terms the court may prescribe.  Tex. R. App. P 38.7.

10. "A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) citing Tex. R. App. P. 44.3.

11. For this Court to adequately consider the issue raised in this appeal, justice requires that Appellant Fort Bend County be allowed to amend its brief to include the correct cites to the Clerk's record.

**Prayer**

12. For the reasons stated above, Appellant Fort Bend County prays the Court grant its Motion to Amend Brief pursuant to Tex. R. App. P. 38.7.

Respectfully submitted,

DEAN G. PAPPAS LAW FIRM, PLLC

By: */s/ Lisa M. Teachey*
    Dean G. Pappas
    Texas Bar No. 15454375
    dpappas@dgplawfirm.com
    Mary M. Markantonis
    Texas Bar No. 12986800
    mmarkantonis@dgplawfirm.com
    Lisa M. Teachey
    Texas Bar No. 24056416
    lteachey@dgplawfirm.com
    8588 Katy Freeway, Ste. 100
    Houston, Texas 77024
    Telephone: 713-914-6200
    Telecopier: 713-914-6201

ATTORNEYS FOR APPELLANT
FORT BEND COUNTY

**CERTIFICATE OF CONFERENCE**

I certify that on June 18, 2025, I conferred with Counsel for Appellant Heiliger and Counsel for Real Party in Interest Okonkwo and they are unopposed to this Motion.

*/s/ Lisa M. Teachey*
Lisa M. Teachey

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all parties and counsel of record listed below on June 20, 2025, by using the Court's e-filing system as follows:

***Via eFile through the electronic filing manager***
Russell L. Morris
Pablo A. Franco
Andrew W. Bruce
McBryde Franco, PLLC
11000 Richmond Avenue, Suite 350
Houston, Texas 77042

*Attorneys for Appellee Joshua Heiliger, Individually and on Behalf of the Estate of Lauren Brittane Smith, Deceased, and on Behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger, Real Party in Interest*

***Via eFile through the electronic filing manager***
Ken Paxton
Brent Webster
Ralph Molina
James Lloyd
Ernest C. Garcia
Sherlyn Harper
Office of the Attorney General of Texas
808 Travis Street, Suite 1520
Houston, Texas 77002

James Z. Brazell
Assistant Attorney General, Administrative Law Division
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548

*Attorneys for Appellant Francesca Okonkwo, Administrative Law Judge in her official capacity, Real Party in Interest*

*__Via eFile through the electronic filing manager__*
LaVerne Chang
511 Lovett Blvd.
Houston, Texas 77006

*Attorney for Greater Houston Psychiatric Associates, PLLC, Real Party in Interest*


*/s/ Lisa M. Teachey*
Lisa M. Teachey

CAUSE NO. 2024-78536

| | | |
|---|---|---|
| In re Joshua David Heiliger, Individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger, *Petitioner*, | § § § § § § § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| Texas Department of Insurance; Francesca Okonkwo, Administrative Law Judge, Greater Houston Psychiatric Associate, PLLC, et al *Respondents* | § § § § § § § | 11th JUDICIAL DISTRICT |

---

**REAL PARTY IN INTEREST'S FIRST AMENDED PLEA TO THE JURISDICTION ON PETITIONER'S *FOURTH AMENDED VERIFIED ORIGINAL PETITION* and PETITIONER'S *SECOND APPLICATION FOR INJUNCTIVE RELIEF*; REAL PARTY IN INTEREST'S FIRST AMENDED MOTION TO DISMISS; and REAL PARTY IN INTEREST'S FIRST AMENDED GENERAL DENIAL**

---

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Real Party in Interest FORT BEND COUNTY and files this First Amended

Plea to the Jurisdiction and Motion to Dismiss and General Denial to Petitioner's Fourth Amended



**EXHIBIT**

*1*

Verified Original Petition and Second Application for Injunctive Relief[1], and in support of thereof, Real Party in Interest respectfully shows the Court as follows:

## PLEA TO THE JURISDICTION

The Texas Workers' Compensation Act[2] ("Act") vests exclusive jurisdiction in the Texas Division of Workers' Compensation ("Division) to determine whether Lauren Smith's death is a compensable injury arising out of the course and scope of her employment, subject to judicial review after exhaustion of remedies.[3] The Act would be rendered meaningless if the Division was granted such jurisdiction to determine workers' compensation but not given the authority to issue orders and subpoenas to gather and weigh evidence relevant and necessary during the dispute resolution process under the Act. Course and scope of employment is an element of compensability that necessarily encompasses the Division's exclusive jurisdiction to determine compensability.[4] To that end the Texas Legislature declared that the Division's Administrative Law Judge is the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given evidence she weighs to determine the elements of compensability.[5]

In this case, there is an ongoing workers' compensation contested case hearing[6] before the Division regarding whether Ms. Smith died in the course and scope of her employment. The

---

[1] For the ease of reading and to reduce the use of unwieldy titles, Real Party in Interest's reference to Petitioner's Motions and Applications in Cause No. 2024-78536 refers to Petitioner's live pleadings before the Court whether such pleading be original or subsequently amended and/or supplemented.

[2] See Texas Labor Code, Title 5, Subtitle A

[3] See *In re Prentis*, 702 S.W.3d 762, 769 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (A party may not seek judicial review under the Act without first exhausting his administrative remedies. *In re Metro. Transit Auth.*, 334 S.W.3d 806, 810–11 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding). Failure to exhaust administrative remedies before filing suit renders a trial court without subject matter jurisdiction. *Id.* at 810.

[4] See *In re Prentis* at 769.

[5] See Tex. Labor Code Ann. § 410.165

[6] DWC 24229142-01; Lauren Smith v. Fort Bend County; Texas Dept. Ins. – Div. Workers' Comp. Houston East Field Office.

Division has issued a subpoena for Real Party in Interest to obtain the mental health records of Ms. Smith; the basis for seeking this evidence is that Petitioner is relying on medical opinions that stress was a factor in Ms. Smith's death. Petitioner now is asking this District Court to not only step into the middle of a pending dispute resolution process regarding Petitioner's right to workers' compensation death benefits but for the District Court to overrule the Division's order to obtain mental health records evidence. Basically Petitioner is arguing that the Division does not have the authority to issue a subpoena to obtain evidence required to exercise its jurisdiction in a workers' compensation dispute because the evidence at issue is mental health records. But that is not the standard. Texas Law is clear that mental health records can be obtained by the Division for the purposes of determining the weight and credibility to be given them in an administrative proceeding.[7]

Further requiring Petitioner to exhaust his administrative remedies prior to seeking judicial review does not deprive him of any legal rights.[8] On the contrary, it guarantees the Legislative intent to ensure "an orderly procedure to enforce those rights."[9] Petitioner has three layers of protection at the workers' compensation administrative level: (1) Benefit Review Conference; (2) Contested Case Hearing; and (3) Appeals Panel Decision. If Petitioner is aggrieved of a final Appeals Panel Decision, he has an additional three layers of protection in the judicial system (1) District Court; (2) Court of Appeals; and (3) Texas Supreme Court. Petitioner is trying to circumvent the system Ms. Smith opted into when she elected to receive workers' compensation

---

[7] See TEX. HEALTH & SAFETY CODE ANN. § 611.006(a)(11) (Establishing the authorized disclosure of confidential mental health records in a judicial or administrative proceeding if the court or agency has issued an order or subpoena).

[8] See In re Prentis at 772-73.

[9] Id. at 773, quoting Berrelez v. Mesquite Logistics USA, Inc., 562 S.W.3d 69, 73 (Tex. App.—San Antonio 2018, no pet.) ("The exhaustion of administrative remedies requirement permits the agency in question to apply its expertise and develop a factual record if a suit is later filed.").

coverage.[10] Petitioner's plea would lead to a chaotic system of adjudicating workplace injuries by authorizing parties to go back and forth between the division and the judiciary on discovery issues authorized by law[11] and would be antithetical to the purpose of the Workers' Compensation Act.

The issue in this matter is not whether the mental health records are relevant, but rather who decides relevancy at this stage. Real Party in Interest argues that the Division does pursuant to the Legislative grant of authority in the Texas Labor Code.

Real Party in Interest's plea to the jurisdiction should be granted in all things because the statutory process for workers' compensation matters grants the Division exclusive agency jurisdiction to be the sole authority to make the initial determination whether Lauren Smith's death is a compensable injury arising out of the course and scope of her employment.

## MOTION TO DISMISS

Petitioner's Fourth Amended Verified Original Petition for Declaratory Judgment, Application for Writ of Mandamus, and request for injunctive relief should be denied in all things[12]:

A. A declaratory action is not proper in this case because there is a pending matter between the same parties in which the issues can be adjudicated. That pending matter is the administrative dispute resolution process pending now before the Division of Workers' Compensation.

B. Petitioner has no statutory right to judicial review because he has not exhausted his administrative remedies and been aggrieved of a final Appeals Panel decision at the Division of Workers' Compensation.[13] Petitioner has no inherent right to judicial review because the confidentiality of mental health records is not an absolute privilege, but rather a qualified privilege because Texas Law specifically authorizes the disclosure of

---

[10] *Id*. at 768 (Ms. Smith could have retained her common-law right to be before this Court on this issue by opting out of coverage under the ACT).

[11] See Tex. Labor Code Ann. §§ 410.002; 410.003; 410.158; 410.165; 410.251. See also 28 TAC §§ 142.1; 142.2; 142.12; and 142.13.

[12] Real Party in interest incorporates herein by reference Petitioner's Exhibits A-O.

[13] See Tex. Labor Code Ann. § 410.251.

confidential mental health records in a judicial or administrative proceeding where the court or agency has issued an order or subpoena.[14]

C. Petitioner has not established the right to mandamus relief for the following reasons:

 a. The Division has not acted beyond the scope of its lawful authority because the Division Administrative Law Judge is the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given to the evidence,[15] and the ALJ may allow parties to conduct discovery as necessary.[16] Furthermore, Texas Law contemplates that mental health records can be subjected to the subpoena power of a judicial or administrative proceeding.[17] The ALJ has not clearly abused her discretion in ordering the production of these records when Petitioner has put Ms. Smith's mental condition at issue by seeking opinions that Ms. Smith suffered from stress that may have contributed to her death and her psychiatrist Dr. Marcellus treated Ms. Smith for Post-Traumatic Stress Disorder[18]; and

 b. Petitioner has several adequate remedies at law. The subpoena at issue requires any records obtained by Real Party in Interest to be held confidentially.[19] The Texas Labor Code requires information relating to a workers' compensation claim to remain confidential when released to any person, except when used in court for the purposes of an appeal.[20] Petitioner has at least four other remedies: an Appeals Panel review; judicial review in district court; appellate review in the courts of appeal; final review in the Texas Supreme Court.

D. An ultra vires claim does not lie for the same reasons mandamus is not proper here. The Division has not exceeded its authority in conducting discovery, ruling on discovery and ordering the disclosure of records authorized by statute to be disclosed via a subpoena. Ms. Smith's mental health records are not being disclosed publicly. The records are being disclosed as an authorized disclosure contemplated by the Texas Health and Safety Code, which says this is an authorized disclosure.[21]

E. Ms. Smith's mental health records are protected by the privilege of confidentiality. However, it is not an absolute privilege. It is a qualified privilege that can be pierced in judicial proceedings when a party makes the condition a part of its claim or defense.[22] The privilege is severely limited whenever the mental health condition is relevant to any party's claim or defense. Whether the mental health condition is part of a party's claim or defense

---

[14] See TEX. HEALTH & SAFETY CODE ANN. § 611.006(a)(11)

[15] See TEX. LABOR CODE ANN. § 410.165

[16] See TEX. LABOR CODE ANN. § 410.162

[17] See TEX. HEALTH & SAFETY CODE ANN. § 611.006(a)(11)

[18] See **Exhibit B, Exhibit C, Exhibit D, Exhibit E and Exhibit F,** incorporated herein by reference. Real Party in Interest has not filed Exhibits B, C and D but has emailed a copy to Petitioner and will hand-deliver a copy to the Court contemporaneously with this filing.

[19] See Real Party in Interest's **Exhibit A** – The January 27, 2025, Deposition Subpoena

[20] See TEX. LABOR CODE ANN. § 402.083(a) and § 402.086(a)

[21] See TEX. HEALTH & SAFETY CODE ANN. § 611.006(a)(11)

[22] See TEX. HEALTH & SAFETY CODE ANN. § 611.006(a)(11). See also TEX. R, EVID. Rule 510 ("If any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.).

is determined from the face of the pleadings[23] and then, if necessary, from the allegedly privileged records;[24] and

F. Petitioner does not have a right to injunctive relief because Petitioner has not shown 1) a cause of action against the Division; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.

Therefore, Petitioner's Fourth Amended Verified Original Petition for Declaratory Judgment, Application for Writ of Mandamus, and request for injunctive relief should be denied in all things because (1) there is a pending matter in which the issue at bar can be resolved; (2) Petitioner has failed to establish a cause of action against the Division; a probable right to the relief sought; and a probable, imminent, and irreparable injury in the interim; (3) the records at issue are not protected by an absolute privilege but rather a qualified privilege that Texas Law recognizes exceptions for disclosure in judicial and administrative proceedings.

## GENERAL DENIAL

Real Party in Interest generally denies each and every allegation in Petitioner's Fourth Amended Verified Original Petition for Declaratory Judgment, Application for Writ of Mandamus, and request for injunctive relief and demands strict proof thereof.

## PROCEDURAL POSTURE

This is a workers' compensation dispute currently pending before the Texas Department of Insurance – Division of Workers' Compensation (DWC) at the administrative dispute resolution process as required by the Texas Workers' Compensation Act. A Contested Case Hearing (CCH)

---

[23] In this case the pleading is the August 8, 2024 Benefit Review Conference Report that defines the disputes and sets out the parties' contentions, attached as **Exhibit B** and **Exhibit F** and incorporated herein by reference. Real Party in Interest has not filed Exhibit B but has emailed a copy to Petitioner and will hand-deliver a copy to the Court contemporaneously with this filing.

[24] See *In re Richardson Motorsports, Ltd.,* 690 S.W.3d 42, 56 (Tex. 2024) (orig. proceeding).

is set for May 13, 2025, at the DWC Houston East Field Office. *No final order in this matter has been issued by the Texas Department of Insurance – Division of Workers' Compensation.*

Petitioner is seeking workers' compensation benefits individually as the surviving spouse of Lauren Brittane Smith (Decedent) and on behalf of their adopted child Emma Destiney Heiliger. Lauren Smith was a paramedic for Fort Bend County EMS. Ms. Smith passed away at home on the living room sofa on April 10, 2023. The issue being disputed at the workers' compensation administrative level is whether Ms. Smith died in the course and scope of her employment. Petitioner filed a death benefit claim on April 2, 2024, with the Division of Workers' Compensation. Real Party in Interest Fort Bend County EMS (Fort Bend County) is disputing compensability.

During the DWC contested case hearing process, Real Party in Interest Fort Bend County sought and was granted an administrative subpoena for mental health records from Dr. John Marcellus, the doctor who was prescribing Ms. Smith ADHD medications. These records are relevant and material to determine if the doctor was incorporating knowledge about her underlying hypertension into her treatment regarding complaints of stress. On September 19, 2024, DWC Administrative Law Judge Francesca Okonkwo, who presides over this DWC administrative dispute, ordered the production and disclosure of Ms. Smith's mental health records spanning January 1, 2020 through April 10, 2023. ALJ Okonkwo's order expressly overruled Petitioner's objection to the administrative subpoena. On October 28, 2024, Real Party in Interest filed a motion to compel the disclosure of the mental health records. Petitioner filed a response the very next day. The Contested Case Hearing, at this juncture, was set for November 15, 2024.

On November 12, 2024, unbeknownst to Real Party in Interest, Petitioner[25] filed an application for a temporary restraining order in the Harris County District Courts to prevent Real Party in Interest from enforcing an administrative subpoena ordered by the DWC Administrative Law Judge. Petitioner sought and received a hearing on this TRO November 13, 2024, with no notice to Real Party in Interest, although Petitioner was able to notify Respondents at the Texas Department of Insurance, who objected at the hearing. Despite the objection, the District Court granted the TRO preventing the disclosure of the records yet requiring the Division of Workers' Compensation to go forth with the November 15, 2024, Contested Case Hearing. Real Party in Interest was not notified until after the TRO had been granted on November 13, 2024. On that same day Real Party in Interest filed an emergency motion to modify the TRO that was heard the next day, November 14, 2024, and the District Court granted a modification to the TRO allowing the Division of Workers' Compensation to continue the CCH until the TRO could be resolved.

On December 5, 2024, this Court began hearing Petitioner's "Third Amended Verified Petition for Declaratory Judgment, Application for Writ of Mandamus, Temporary Restraining Order, Temporary Injunction, Permanent Injunction" and Real Party in Interest's "Second Amended Plea to the Jurisdiction and First Amended Motion to Dismiss and Response to Petitioner's Motion to Strike and General Denial" During a break in that hearing, Petitioner and Real Party in Interest entered into the following Rule 11 Agreement that was filed with the Court:

Real Party in Interest submitted a DWQ to Dr. John Marcellus on December 10, 2024. Petitioner responded on December 16, 2024, objecting to almost half of the questions. Real Party in Interest attempted on numerous occasions to confer with Petitioner's counsel via telephone to

---

[25] For the ease of reading and to reduce the use of unwieldy titles, Real Party in Interest's reference to Petitioner's Motions and Applications in Cause No. 2024-78536 refers to Petitioner's live pleadings before the Court whether such pleading be original or subsequently amended and/or supplemented.

no avail. When December 20, 2024 arrived, no agreement had been reached on the DWQ, so Real Party in Interest notified Petitioner that the last two provisions of the Rule 11 had become effective and that Real Party in Interest planned to pursue its legal remedies.

On December 27, 2024, Real Party in Interest filed "Carrier's Motion for Additional Discovery" seeking a Deposition Subpoena of Dr. Marcellus pursuant to the Subpoena Rule for Contested Case Hearings before the Division of Workers' Compensation. See 28 TAC 142.12(c) ("Request for subpoena. A party may request a subpoena in the following manner: (1) If the requester is a carrier, carrier representative, claimant represented by an attorney, or claimant assisted by OIEC, the request shall: (A) be in writing; (B) identify the evidence to be produced, and explain why it is relevant to a disputed issue; (C) state whether the subpoena is for a deposition or a hearing; (D) be sent to the division; and (E) be delivered to all parties, as provided by §142.4 of this chapter. . . "). Petitioner submitted written objections on December 30, 2024.

On January 24, 2025, Real Party in Interest amended the request to state a date and time for the deposition. While Petitioner indicated he was opposed to the amended motion in a conference with Real Party in Interest's counsel, *Petitioner filed no objection*. Administrative Law Judge Okonkwo granted Real Party in Interest's Deposition Subpoena of Dr. Marcellus on January 27, 2025.

On February 6, 2025, Real Party in Interest withdrew the original Subpoena dated September 19, 2024, and noticed Petitioner it would now serve the January 27, 2025, Deposition Subpoena.

The Deposition Subpoena was served on Dr. Marcellus on February 10, 2025, commanding he appear on February 24, 2025, at 10 a.m. to permit inspection and copying of the records. That

same day Petitioner filed its "Petitioner's Application for Second Temporary Restraining Order and Request for Hearing on Petitioner's Application for Temporary Injunction."

On February 18, 2025, this Court issued a temporary restraining order on this matter.

## PLEA TO THE JURISDICTION

Subject matter jurisdiction cannot be waived by the parties and may be raised for the first time at any point in the proceedings—even on appeal. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex. 1993). It is a question of law for the court. *See Mayhew*, 964 S.W.2d at 928. **"A court lacking jurisdiction over a claim has no discretion but to dismiss it."** *Producers Assistance Corp. v. Employers Ins. of Wausau*, 934 S.W.2d 796, 799 (Tex. App.—Houston [1st Dist.] 1996, no writ), *emphasis added.*

Under the Texas Workers' Compensation Act ("Act"), the Legislature has vested the Texas Department of Insurance – Division of Workers' Compensation ("Division") with authority to determine whether a claimant is entitled to workers' compensation benefits. *See American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801 (Tex. 2001). *See also* TEX. LABOR CODE § 408.001. This exclusive jurisdiction provision requires that a claimant or employer in a workers' compensation case **must** exhaust all administrative remedies before seeking judicial review of the agency's action. See *In re Entergy Corp.*, 142 S.W.3d 316, 321-322 (Tex. 2004).

A party may not seek judicial review under the Act without first exhausting his administrative remedies. See *In re Prentis*, 702 S.W.3d 762, 769 (Tex. App.—Houston [1st Dist.] 2024, no pet.), quoting *In re Metro. Transit Auth.*, 334 S.W.3d 806, 810–11 (Tex. App.—Houston

[1st Dist.] 2011, orig. proceeding). (Failure to exhaust administrative remedies before filing suit renders a trial court without subject matter jurisdiction. *Id.* at 810).

In *Prentis*, the First Court of Appeals found relevant that the Act vests the Division with the sole authority to determine whether an employee suffered a "compensable injury" entitling him to workers' compensation benefits. *Id.* at 769, citing *Henry v. Dillard Dept. Stores, Inc.*, 70 S.W.3d 808, 809 (Tex. 2002); also citing *In re Metro. Transit Auth.*, 334 S.W.3d at 810–11. "A 'compensable injury' is one that 'arises out of and in the course and scope of employment for which compensation is payable' under the Act." *Id.*, citing TEX. LAB. CODE § 401.011(10) and *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 518 (Tex. 2007). "Because course and scope of employment is an element of compensability, the Division's 'exclusive jurisdiction to determine compensability [thus] necessarily encompasses [the] exclusive jurisdiction to determine whether an injury ... occurred in the course and scope of employment.'" *Id.*, citing *In re Tyler Asphalt & Gravel Co., Inc.*, 107 S.W.3d 832, 839 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

When the Legislature "expressly confers a power on an agency, it also impliedly intends that the agency have whatever powers are reasonably necessary to fulfill its express functions or duties. . ." *See Liberty Mut. Ins. Co. v. Adcock* 492, 494 (Tex. 2013), quoting *Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310, 316 (Tex. 2001).

The Texas Legislature has, in fact, purposefully given the division full authority and the reasonable powers necessary to make the first determination of whether a workplace injury is a compensable injury arising out of the course and scope of employment:

- **Texas Labor Code § 410.158** – Authorizes limited discovery during the dispute resolution process at the Division;
- **Texas Labor Code § 410.162** – Allows, for good cause shown, that a party may obtain permission from the administrative law judge to conduct additional discovery as necessary;

- **Texas Labor Code § 410.165** – Authorizes the administrative law judge as the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given to the evidence.
- **28 Tex. Admin. Code § 141.4** -- Pertinent information at a Benefit Review Conference is defined as all information relevant to the resolution of the disputed issue or issues to be addressed at the benefit review conference, including but not limited to, among other things, the injured employee's medical records.
- **28 Tex. Admin. Code § 142.2** -- Authorizes the authority of the Division ALJ to, among other things, issue a subpoena on its own motion or at the request of a party if the ALJ determines the party has a good cause, rule on admissibility, and determine the weight and credibility of evidence.
- **28 Tex. Admin. Code § 142.12** – Allows the Division ALJ to issue a subpoena on its own motion or at the request of a party upon a determination of relevancy to the disputed issue; and
- **28 Tex. Admin. Code § 142.13** – Authorizes the Division ALJ to grant a party permission to conduct discovery beyond that described in Texas Labor Code § 410.158 upon a showing of good cause at a hearing held for this purpose.

Furthermore, Texas jurisprudence expressly recognizes that mental health records, like the ones at issue here, are obtainable in controversies where the mental condition is at issue. Under Texas Rule of Evidence 510(d)(5) the privilege of confidentiality for mental health records does not apply if any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition. Under TEX. HEALTH & SAFETY CODE § 611.006(a)(11) the Division's Order issuing the deposition subpoena is an authorized disclosure of confidential information in judicial or administrative proceeding. This statute indisputably allows that a professional may disclose confidential information in a judicial or administrative proceeding where the court or agency has issued an order or subpoena.

Requiring a party to exhaust his administrative remedies prior to filing suit does not deprive him of any legal rights. *In re Prentis* at 772. On the contrary, the First Court of Appeals found that rather than depriving a party of his rights, the requirement to exhaust the administrative

remedies "honors the Legislature's intent that the appropriate body adjudicate the dispute first to ensure an orderly procedure to enforce those rights. *Id.* at 772-73, quoting *Berrelez v. Mesquite Logistics USA, Inc.*, 562 S.W.3d 69, 73 (Tex. App.—San Antonio 2018, no pet.) (internal quotation marks omitted). This is because the exhaustion of administrative remedies requirement permits the agency in question to apply its expertise and develop a factual record if a suit is later filed. *Id.*

The Texas Supreme Court has opined that the Uniform Declaratory Judgments Act codified in the Texas Civil Practice & Remedies Code Sections 37.001-.011 cannot be used to bolster a Court's jurisdiction. See *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). In that case the Court held that the Uniform Declaratory Judgments Act statutes are ". . . merely a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power, permitting the rendition of advisory opinions." *Id.*

In this case Petitioner has not exhausted his remedies. A Contested Case hearing is still pending before the Division of Workers' Compensation. No final order has been issued by the Division. And a suit for declaratory judgment does not expand subject matter jurisdiction when the Legislature has vested an agency with exclusive jurisdiction by statute.

The policy to require a party to be aggrieved of a final decision of the Division of Workers' Compensation is to ensure disputes are resolved quickly and objectively. Allowing Petitioner to seek redress in district court deprives the Division of Workers' Compensation the chance to resolve disputed fact issues and apply its statutorily created authority, thereby distorting the balances struck in the Texas Workers' Compensation Act and frustrating the Legislature's intent. Further, an extra-statutory cause of action builds additional costs into the system by increasing litigation expenses to employees, insurers, and employers.

Because Petitioner's failure to exhaust administrative remedies is jurisdictional, Real Party in Interest Fort Bend County asks this Court to grant its Plea to the Jurisdiction and dissolve the temporary restraining order entered February 18, 2025. Real Party in Interest further asks this Court to grant its Plea to the Jurisdiction and dismiss Petitioner's Fourth Amended Verified Original Petition for Declaratory Judgment, Application for Writ of Mandamus, and request for injunctive relief in its entirety for lack of subject matter jurisdiction.

## GENERAL DENIAL and MOTION TO DISMISS

Real Party in Interest incorporates the foregoing as if fully set out herein. Real Party in Interest generally denies each and every allegation in Petitioner's Fourth Amended Verified Original Petition for Declaratory Judgment, Application for Writ of Mandamus, and request for injunctive relief and demands strict proof thereof.

### A. Declaratory Judgment Action is Not Proper

#### 1. A Pending Matter Exists

A declaratory action is not proper in this case because there is a pending matter between the same parties in which the issues can be adjudicated. That pending matter is the administrative dispute resolution process pending now before the Division of Workers' Compensation. As a general rule, "an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action. See *Texas Liquor Control Board v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970); *Space Master Int'l, Inc. v. Porta-Kamp Mfg. Co.*, 794 S.W.2d 944, 946-47 (Tex. Civ. App.—Houston [1st Dist.] 1990, no writ).

A suit for declaratory judgment does not allow a district court to review an agency action that is not otherwise reviewable. See *City of Houston v. Williams*, 99 S.W.3d 709, 712-13 (Tex. App.—Houston [14ᵗʰ Dist.] 2003, no pet.). When a statute provides an avenue for attacking an agency order, a declaratory judgment action will not lie. See *Strayhorn v. Raytheon E-Systems, Inc.*, 101 S.W.3d 558, 572 (Tex. App.—Austin 2003, pet. denied).

Under the Act, the Division ALJ is the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given to the evidence. See TEX. LABOR CODE Ann. § 410.165. The Division may issue a subpoena on its own motion or at the request of a party if the administrative law judge determines the party has a good cause. See 28 TEX. ADMIN. CODE § 142.12.

The Adopted Rules governing administrative proceedings provide a mechanism to challenge a subpoena issued during an administrative proceeding. For the same reasons that mandamus is not proper, a dec action is not proper when there is another proceeding that affords a remedy. The Act provides that the Division ALJ may conduct discovery and issue subpoenas and seek enforcement of its subpoenas. See TEX. LABOR CODE § 410.158 and § 410.162; 28 TEX. ADMIN. CODE § 142.12 and § 142.13. See 28 TEX. ADMIN. CODE § 142.2. See TEX. GOV'T CODE § 2001.201.

While there is no specific grant of authority to challenge a subpoena issued by a Division ALJ, there is a remedy available for the target of a Division subpoena: the target can stand idly by and do nothing until the Division or the party seeking the subpoena moves to enforce the subpoena under Government Code § 2001.201. This provision allows the Division or party seeking to enforce the subpoena to bring such as the mental-health information privilege Petitioner argues under TEX. HEALTH & SAFETY CODE § 611.003. And the Division or Fort Bend could argue that

Health and Safety Code § 611.006 provides an exception to allow the provider to disclose the records pursuant to a subpoena. See TEX. HEALTH & SAFETY CODE § 611.006(a)(11) ("A professional may disclose confidential information in. . . a judicial or administrative proceeding where the court or agency has issued an order or subpoena."). Or the Division or Fort Bend could argue the Texas Rules of Evidence provide an exception to the privilege. See. TEX. R. EVID. 510(d)(5) (The mental health information privilege does not apply if any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.).

If the Division or Fort Bend sought an enforcement action under Texas Government Code § 2001.201, Petitioner would have all the due process rights and arguments he is trying to make here by hop, skipping and jumping over the required process codified in the Texas Workers' Compensation Act.

Or Petitioner could claim his privilege at the workers' compensation contested case hearing and if neither the Division nor Fort Bend seeks enforcement, the privilege would remain unpierced.

Either way there is already a proceeding in place that affords Petitioner exactly what he seeks here. Therefore, a dec action is not proper.

## 2. No Statutory Authority Has Been Exceeded

A declaratory judgement is not proper in this matter because no statutory authority has been exceeded.

The power of courts to issue declaratory judgments under the UDJA in the face of administrative proceedings is limited. Texas Courts have held that when a statute provides an avenue for attacking an agency order, a declaratory judgment action will not lie to provide redundant remedies. See *Beacon Nat. Ins. Co. v. Montemayor*, 86 S.W.3d 260, 267 (Tex. App.—Austin 2002, no pet.), citing *Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.*, 974 S.W.2d 906, 911 (Tex.App.-Austin 1998, pet. denied). "An administrative body is entitled to exercise its statutory duties and functions without interference from the courts, unless it exceeds that statutory authority. *Id.*, citing *Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 785 (Tex.1978). A party may employ a declaratory judgment action to intervene in administrative proceedings only when an agency is exercising authority beyond its statutorily conferred powers. See *Nuchia v. Woodruff*, 956 S.W.2d 612, 615–16 (Tex. App.—Houston [14th Dist.] 1997, pet. denied).

The Division is acting completely within its statutory authority. The Texas Labor Code provides discovery to parties in a dispute. TEX. LAB. CODE §§ 410.158 (a); 410.162. The Division promulgated rules to conduct discovery. 28 TEX. ADMIN. CODE §§ 142.2, 142.12, 142.13. A Division ALJ has authority to grant additional discovery other than deposition by written questions, oral depositions and interrogatories. TEX. LAB. CODE § 410.162. The Adopted Rules authorize the Division ALJ to issue subpoenas. 28 TEX. ADMIN. CODE § 142.2(1).

The Act even built in a process to prevent a Division ALJ from exceeding her authority when it comes to subpoenas by requiring an ALJ to seek district court permission under Texas Government Code 2001.201, *supra*, to enforce its subpoenas.

So, again, all of Petitioner's rights are intact and he has a specifically carved out path to address in a district court all of the issues he raises here if and when the Division or Fort Bend County tries to enforce the subpoena.

## B. No Inherent Nor Statutory Right to Judicial Review

Petitioner has no statutory right to judicial review because he has not exhausted his administrative remedies and been aggrieved of a final Appeals Panel decision at the Division of Workers' Compensation.

Real Party in Interest affirmatively asserts that Petitioner waived any rights to common law remedies when he elected to proceed under the Texas Workers' Compensation Act. Under Texas Labor Code § 406.034(b), Ms. Smith could have retained the common-law right of action to recover damages for personal injuries or death. Instead she chose to accept the remedies under the Texas Workers' Compensation Act with all its restrictions, requirements and procedures. Just because Petitioner doesn't like the rules of the procedure Ms. Smith chose, he cannot try to bend his claim into a common-law right of action to benefit from a different set of rules.

Petitioner has no inherent right to judicial review because the confidentiality of mental health records is not an absolute privilege, but rather a qualified privilege because Texas Law specifically authorizes the disclosure of confidential mental health records in a judicial or administrative proceeding where the court or agency has issued an order or subpoena.

TEX. HEALTH & SAFETY CODE § 611 is the authority that creates the privilege of confidentiality for mental health records. Section 611.002 prohibits the disclosure of these confidential communications between a patient and a professional, as well as the records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by a professional. Section 611.003(a)(2) in conjunction with Section 611.004 (a)(5) allow Petitioner to claim this privilege as the representative of Ms. Smith. Section 611.005 prescribes the remedy for an improper disclosure or failure to disclose confidential mental health records.

But most importantly, Section 611.006(a) authorizes 11 instances in which the *disclosure of confidential information is authorized.* All of the authorized disclosures enumerated in this section have to do with a judicial or administrative proceeding. Petitioner has cited Texas Health & Safety Code § 611.004 as the authority for exceptions to disclosure, but those exceptions apply only if there is no judicial or administrative proceeding. The Texas Legislature specifically carved out separate exceptions in § 611.006 that authorize disclosure in judicial and administrative proceedings. Petitioner has wholly ignored the authority that applies in this matter.

Section 611.006(a)(11) specifically authorizes the disclosure of confidential mental health information in a judicial or administrative proceeding where the court or agency has issued an order or subpoena. This statute explicitly provides an exception to the privilege of confidentiality of mental health records.

Additionally the Texas Rules of Evidence provide another exception to the privilege of confidentiality of mental health records. Under Rule 510(d)(5), the privilege does not apply "[i]f any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition."

The exception to the qualified privilege and the rules of evidence provide for the discovery of these mental health records because Petitioner has put her mental condition at issue.[26]

## C. No Right to Mandamus Relief

The Texas Supreme Court has established a two-prong test that courts apply to petitions for writ of mandamus. *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (orig. proceeding). Under

---

[26] See **Exhibit B, Exhibit C, Exhibit D, Exhibit E and Exhibit F** incorporated herein by reference. Real Party in Interest has not filed Exhibits B, C and D but has emailed a copy to Petitioner and will hand-deliver a copy to the Court contemporaneously with this filing.

this standard, the trial court must have abused its discretion, and as a result, the Petitioner must have been left without an adequate remedy on appeal. *Id* at 839-40.

To determine a clear abuse of discretion, a reviewing court may not substitute its judgment for that of the administrative tribunal to resolve matters committed to that tribunal's discretion of factual issues. *Id* at 839. Petitioner must establish there is only one result that the Division court could have reasonably reached. *Id.* at 840. Because reasonable minds differ, the fact that one court would have decided the case differently will not give rise to an abuse of discretion "unless it is shown to be arbitrary and unreasonable." *Id.*

Mandamus relief will not issue when "the law has provided another plain, adequate, and complete remedy." *Aycock v. Clark*, 94 Tex. 375, 60 S.W. 665, 666 (1901); see also *Canadian Helicopters v. Wittig*, 876 S.W.2d 304, 305-06 (Tex. 1994) (orig. proceeding) (affirming that mandamus relief must be the exclusive remedy for the parties); *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding) (noting that parties must have no other available appellate relief). It is a "'fundamental tenet' of mandamus practice" that an alternative appellate remedy must not exist before a court may grant mandamus relief. *In re State Bar of Tex.*, 113 S.W.3d 730, 734 (Tex. 2003) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)).

The Division has not acted beyond the scope of its lawful authority because the Division Administrative Law Judge is the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given to the evidence. and the ALJ may allow parties to conduct discovery as necessary. See TEX. LABOR CODE Ann. § 410.165 and § 410.162. Furthermore, Texas law contemplates that mental health records can be subjected to the subpoena power of a judicial or administrative proceeding. See TEX. HEALTH & SAFETY CODE §

611.006(a)(11). The ALJ has not clearly abused her discretion in ordering the production of these records when Petitioner has put Ms. Smith's mental condition at issue by seeking opinions that Ms. Smith suffered from stress that may have contributed to her death and her psychiatrist Dr. Marcellus treated Ms. Smith for Post-Traumatic Stress Disorder.[27]

Petitioner has several adequate remedies at law. The subpoena at issue requires any records obtained by Real Party in Interest to be held confidentially.[28]  The Texas Labor Code requires information relating to a workers' compensation claim to remain confidential when released to any person, except when used in court for the purposes of an appeal. See TEX. LABOR CODE Ann. § 402.083(a) and § 402.086(a). Petitioner has at least four other remedies: an Appeals Panel review; judicial review in district court; appellate review in the courts of appeal; final review in the Texas Supreme Court.

### D. Ultra Vires Does Not Lie

To sustain an ultra vires claim, a party must allege, and ultimately prove, that the named governmental employee acted without legal authority or failed to perform a purely ministerial act." *Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339, 344–45 (Tex. 2019), citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Retrospective monetary relief is generally barred. *Heinrich* at 374. Only *prospective* injunctive relief is available on an *ultra vires* claim. *Id.* at 374–77.

An ultra vires claim depends on the scope of the state official's authority, not the quality of the official's decisions. *Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 68 (Tex. 2018),

---

[27] See **Exhibit B, Exhibit C, Exhibit D, Exhibit E and ExhibitF,** incorporated herein by reference. Real Party in Interest has not filed Exhibits B, C and D but has emailed a copy to Petitioner and will hand-deliver a copy to the Court contemporaneously with this filing.
[28] See Real Party in Interest's Exhibit A – The January 27, 2025, Deposition Subpoena

citing *Hall v. McRaven*, 508 S.W.3d 232, 234 (Tex. 2017). Thus, it is not an ultra vires act for an official to make an erroneous decision within the authority granted. *Id.*

To fall within the ultra vires exception, a suit must allege that a state official acted without legal authority or failed to perform a purely ministerial act; it must not attack the official's exercise of discretion. *Tex. Dep't of Ins., Div. of Workers' Comp. v. Brumfield*, No. 04-15-00473-CV, 2016 WL 2936380, at *4–5 (Tex. App.—San Antonio May 18, 2016, no pet.). In that case the pleadings regarding the Commissioner of the Texas Department of Insurance simply stated that he acted beyond his statutory authority in failing to properly apply, interpret, and enforce the statute and rules for which declaratory relief was sought, *Id.* The Court held the pleadings failed to include any specific facts indicating that the Commissioner acted without legal authority or failed to perform a purely ministerial act. *Id.* Rather, the focus of the allegations was a discretionary act - - the Division's decision to deny a claim for workers' compensation. *Id.* "Complaints that an official reached a wrong result when exercising its delegated authority are insufficient to state an ultra vires claim of exceeding statutory authority." *Id.*, quoting *Moers v. Harris Co. Appraisal Dist.*, 469 S.W.3d 655, 666 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). The *Brumfield* Court ultimately held that Brumfield's pleadings affirmatively demonstrated that his claims against the Commissioner did not fall within the ultra vires exception. *Id.*

For these reasons, an ultra vires claim does not lie in this case. The Division has not exceeded its authority in conducting discovery, ruling on discovery and ordering the disclosure of records authorized by statute to be disclosed via a subpoena. Ms. Smith's mental health records are not being disclosed publicly. The records are being disclosed as an authorized disclosure contemplated by the Texas Health and Safety Code, which says this is an authorized disclosure.[29]

---

[29] See TEX. HEALTH & SAFETY CODE ANN. § 611.006(a)(11).

## E. Privilege of Confidentiality Is Not Absolute

Ms. Smith's mental health records are protected by the privilege of confidentiality.[30] However, it is not an absolute privilege. *R.K. v. Ramirez*, 887 S.W.2d 836, 840 (Tex. 1994). It is a qualified privilege that can be pierced in judicial proceedings when a party makes the condition a part of its claim or defense.[31] In fact, a number of exceptions, most commonly the patient-litigant exception, limits the scope of the privilege. *Ramirez* at 840. "Additionally, a party may not assert one of the privileges in order to withhold 'evidence which would materially weaken or defeat, the asserting party's claims.'" *Id.*, quoting *Ginsberg*, 686 S.W.2d at 107. Such a prohibited application of the privilege is an "offensive use." *Id.*

Whether the mental health condition is part of a party's claim or defense is determined from the face of the pleadings[32] and then, if necessary, from the allegedly privileged records. See *In re Richardson Motorsports, Ltd.*, 690 S.W.3d 42, 56 (Tex. 2024) (orig. proceeding).

Neither the physician-patient privilege nor the mental health privilege existed at common law. *Ramirez* at 839–40, citing *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 107 (Tex.1985). However, every state has adopted one or both of these privileges in some form. *Id.* The basis for the privileges is twofold: (1) to encourage the full communication necessary for effective treatment, and (2) to prevent unnecessary disclosure of highly personal information. *Id.*

---

[30] See TEXAS HEALTH & SAFETY CODE CHAPTER 611

[31] See TEX. HEALTH & SAFETY CODE ANN. § 611.006(a)(11). See also TEX. R. EVID. 510 ("If any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.).

[32] In this case the pleading is the August 8, 2024 Benefit Review Conference Report that defines the disputes and sets out the parties' contentions, attached as **Exhibit B and Exhibit F** and incorporated herein by reference. Real Party in Interest has not filed Exhibit B but has emailed a copy to Petitioner and will hand-deliver a copy to the Court contemporaneously with this filing.

The patient-litigant exception is met in this case. The issue before the Division is whether Ms. Smith's death was a result of the compensable injury sustained on April 10, 2023. See **Exhibits B, C, D, E and F**.[33] Petitioner placed Ms. Smith's mental condition in controversy by asserting there is a causal link between Ms. Smith's stressful work and her death. See **Exhibits B, C, D, E and F**. Petitioner obtained a letter from Ms. Smith's psychiatrist, Dr. Marcellus, stating that he treated Ms. Smith for a stress-related disorder. See **Exhibits B, C, D, E and F**. By Petitioner's raising stress as a cause of Ms. Smith's death, Dr. Marcellus' records concerning her complaints and sources of stress became relevant to and will affect the resolution of whether she died within the course and scope of her employment.

## F. Injunction is Not Proper

The purpose of a temporary injunction is "to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Green Acquisitions, Inc. v. Everlasting Green, LLC*, No. 01-21-00257-CV, 2022 WL 2919936, at *3 (Tex. App.—Houston [1st Dist.] July 26, 2022, no pet.), citing *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 555 (Tex. 2016) (quoting *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)). The "status quo" is the "last, actual, peaceable, non-contested status which preceded the pending controversy." *Id.* (quoting *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004) (orig. proceeding)). A "temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Patel v. St. Luke's Sugar Land P'ship, L.L.P.*, 445 S.W.3d 413, 419 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (quoting *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993) (per curiam)).

---

[33] Real Party in Interest has not filed **Exhibits B, C, D, E and F** but has emailed a copy to Petitioner and will hand-deliver a copy to the Court contemporaneously with this filing.

To obtain a temporary injunction, an applicant must establish three elements: (1) a cause of action against the defendants; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.*

An applicant for injunctive relief must plead a valid cause of action against the respondent and request some form of permanent relief, such as a permanent injunction or damages. *See Abbott v. Anti-Defamation League*, 610 S.W.3d 911, 916 (Tex.2020); *Butnaru*, 84 S.W.3d at 204; *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex.1993). If the applicant pleads a cause of action that is not recognized in Texas, the trial court cannot grant an injunction. *See, e.g., Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex.1993) (because Texas has no cause of action for negligent infliction of emotional distress, trial court could not enjoin picketers).

A person aggrieved by the improper disclosure of confidential records has a civil cause of action for damages. TEX. HEALTH & SAFETY CODE § 611.005 (a), (c).

Under Texas Health & Safety § 611.006(11), a disclosure of mental records in an administrative proceeding where the agency has issued a subpoena for their production is a legally authorized disclosure.

Health and Safety Code Section 611.005 does not authorize a cause of action for an authorized disclosure of confidential records in a judicial or administrative proceeding under Section 611.006. Therefore, Petitioner has no cause of action to support his request for injunctive relief.

In addition to pleading and proving a viable cause of action in seeking a restraining order or injunction, a petitioner also must plead and prove a probable right to the relief sought and a

probable, imminent, and irreparable injury in the interim. *Butnaru*, at 204; See also Tex. R. Civ. P. 682.

A probable right to the relief sought is shown by alleging a cause of action and presenting evidence that tends to sustain it. *Tanguy v. Laux*, 259 S.W.3d 851, 857 (Tex. App.—Houston [1st Dist.] 2008, no pet.), citing *Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601, 607 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Petitioner has presented no evidence that there has been or will be an improper disclosure and he cannot because this disclosure is authorized by TEX. HEALTH & SAFETY CODE § 611.006(a)(11) and the Texas Rules of Evidence.

"An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard." *Butnaru*, 84 S.W.3d at 204. The applicant need not establish that he will prevail at trial; rather, "the only question before the trial court is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits." *Id.*

It is an abuse of discretion for a trial court to grant a temporary injunction unless it is clearly established that the applicant is threatened with actual irreparable injury if the injunction is not granted. *Jordan v. Landry's Seafood Rest., Inc.*, 89 S.W.3d 737, 742 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). An injunction is not proper when the claimed injury is merely speculative; fear and apprehension of injury are not sufficient to support a temporary injunction. *Id.*

Petitioner has not shown that his irreparable injury is imminent because the records will not be disclosed outside of the administrative hearing; the Division does not have the power to

enforce the subpoena without seeking district court approval; the enforcement of the subpoena is not ripe because the doctor has not refused to produce the records and even if he has neither the Division or Fort Bend has moved to compel the production via the subpoena; and Petitioner's due process rights and all the arguments he poses here are allowable in some form during the contested case hearing before the Division.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Real Party in Interest/Intervenor Fort Bend County respectfully requests the Court sustain Plea to the Jurisdiction and Motion to Dismiss and General Denial and dismiss to Petitioner's "Application for Second Temporary Restraining Order and Request for Hearing on Petitioner's Application for Temporary Injunction" in its entirety, for costs of court and reasonable and necessary attorneys' fees and for such other relief as Real Party in Interest/Intervenor may show itself entitled.

Respectfully submitted,

DEAN G. PAPPAS LAW FIRM, PLLC

By: _____
Dean G. Pappas
State Bar No. 15454375
dpappas@dgplawfirm.com
Mary M. Markantonis
State Bar No. 12986800
mmarkantonis@dgplawfirm.com
Lisa M. Teachey
State Bar No. 24056416
lteachey@dgplawfirm.com
Marilyn J. Allen
State Bar No. 24025225
mallen@dgplawfirm.com

8588 Katy Freeway, Suite 100
Houston, Texas 77024
713-914-6200-Telephone
713-914-6201-Facsimile

ATTORNEYS FOR
REAL PARTY IN INTEREST

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served in compliance with Rules 21 and 21(a) of the TEXAS RULES OF CIVIL PROCEDURE on this 17[h] day of March 2025, as follows:

**Via Eserve:** *serv.russell@mf-txlaw.com*
Russell L. Morris
Andrew W. Bruce
McBryde Franco, PLLC
11000 Richmond Avenue, Suite 350
Houston, Texas 77042
*Attorneys for Petitioner*

**Via Eserve:** *Sherlyn.harper@oag.texas.gov*
Ken Paxton
Brent Webster
Ralph Molina
James Lloyd
Ernest C. Garcia
Sherlyn Harper
Office of the Attorney General of Texas
808 Travis Street, #1520
Houston, Texas 77002
*Attorneys for Texas Department of Insurance, Division of Workers' Compensation*

**Via Eserve:** james.brazell@oag.texas.gov
James Z. Brazell
Assistant Attorney General, Administrative Law Division
P.O. Box 12548, Capital Station
Austin, TX 78711-2548
*Attorney for Respondent, Francesca Okonkwo, Administrative Law Judge*

Lisa M. Teachey

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Teachey on behalf of Lisa Teachey
Bar No. 24056416
lteachey@dgplawfirm.com
Envelope ID: 98552753
Filing Code Description: Motion (No Fee)
Filing Description: Real Party In Interests First Amended Plea to the Jurisdiction on Petitioner's 4th Amended Petition
Status as of 3/18/2025 10:41 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Suzan Cardwell | | cardwell@cardwellchang.com | 3/17/2025 4:59:23 PM | SENT |
| Cheryl Sowell | | sowell@cardwellchang.com | 3/17/2025 4:59:23 PM | SENT |
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/17/2025 4:59:23 PM | SENT |
| Marilyn Allen | 24025225 | mallen@dgplawfirm.com | 3/17/2025 4:59:23 PM | SENT |
| Russell Morris | 24099150 | serv.russell@mf-txlaw.com | 3/17/2025 4:59:23 PM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 3/17/2025 4:59:23 PM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 3/17/2025 4:59:23 PM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 3/17/2025 4:59:23 PM | SENT |
| Catherine Hughes | | catherine.hughes@oag.texas.gov | 3/17/2025 4:59:23 PM | SENT |
| Sherlyn Harper | | Sherlyn.Harper@oag.texas.gov | 3/17/2025 4:59:23 PM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 3/17/2025 4:59:23 PM | SENT |
| Meridith Fischer | | Meridith.Fischer@oag.texas.gov | 3/17/2025 4:59:23 PM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 3/17/2025 4:59:23 PM | SENT |
| James Z.Brazell | | james.brazell@oag.texas.gov | 3/17/2025 4:59:23 PM | SENT |
| Sherlyn Harper | | Sherlyn.Harper@oag.texas.gov | 3/17/2025 4:59:23 PM | SENT |
| Pablo Franco | | serv.pablo@mf-txlaw.com | 3/17/2025 4:59:23 PM | SENT |
| Andrew Bruce | | serv.andrew@mf-txlaw.com | 3/17/2025 4:59:23 PM | SENT |



# P

## DEAN G. PAPPAS, PLLC
### ATTORNEYS AT LAW

8588 KATY FREEWAY
SUITE 100
HOUSTON, TEXAS 77024
TELEPHONE: 713-914-6200
FAX: 713-914-6201

MARY M. MARKANTONIS
mmarkantonis@dgplawfirm.com

June 12, 2025

*Via E-serve*
*Via email to CustomerService@hcdistrictclerk.com*
*Via email to berrie.denson@hcdistrictclerk.com*
Marilyn Burgess
Harris County District Clerk
201 Caroline, Suite 250
Houston, TX 77002

Attention: Civil/Family Post Trial - Appellate Division

Re: **Cause No.** 2024-78536; In re *Joshua Heileger, et al v. Texas Department of Insurance-Division of Workers' Compensation, et al;* In the 11th Judicial District Court of Harris County, Texas
No. 15-25-00061-CV; *Francisca Okonkwo, Administrative Law Judge, TDI-DWC, in her Official Capacity and Fort Bend County v. Joshua David Heiliger, Individually and on behalf of the Estate of Lauren Brittane Smith, Deceased, et al;* in the 15th Court of Appeals

Dear Clerk Burgess:

On behalf of Appellant Fort Bend County, we are requesting the Clerk's record in this case be supplemented. The exhibits being requested were originally hand delivered to the Court to maintain the confidentiality of the matters pertaining to the mental health records of the deceased claimant, Lauren Smith, and were noted sensitive data when electronically served on all parties. However, by some mistake none of our requested exhibits were included in the supplemental Clerk's Record. To correct this mistake, we are asking that the following, which



EXHIBIT
2

have been filed June 12, 2025 as sensitive data, with the trial court, be sent to the 15th Court of Appeals so that the correct supplemental record is before the Court:

> SCR Exhibit A
> SCR Exhibit B
> SCR Exhibit C
> SCR Exhibit D
> SCR Exhibit E
> SCR Exhibit F

Please let me know the charge to prepare the supplemental record so we may pay the fee and you may have the supplemental record delivered to the Court of Appeals as soon as possible.

Should you have any questions, please contact me or Hope Furlow at our office number, 713-914-6200. Thank you for your assistance.

Sincerely,
DEAN G. PAPPAS LAW FIRM, PLLC

Mary M. Markantonis

MMM:hf

Cc:

Russell L. Morris
MCBRYDE FRANCO PLLC
11000 Richmond Avenue, Ste 350
Houston, TX 77042
*Via E-file/E-serve to serv.russell@mf-txlaw.com*

James Z. Brazell
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capital Station
Austin, TX 78711-2548

Marilyn Burgess, District Clerk
June 12, 2025
Page 3


*Via E-file/E-serve to James.brazell@oag.texas.gov*

Sherlyn Harper
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
808 Travis Street, #1520
Houston, Texas 77002
*Via E-file/E-serve to sherlyn.harper@oag.texas.gov*

LaVerne Chang
Cardwell Chang
511 Lovett Blvd.
Houston, Texas 77006
*Via E-file/E-serve to chang@cardwellchang.com*

NO. 15-25-00061-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT OF TEXAS
AT AUSTIN, TEXAS

**FRANCESCA OKONKWO, ADMINISTRATIVE LAW JUDGE, TEXAS
DEPARTMENT OF INSURANCE, DIVISION OF WORKERS'
COMPENSATION, IN HER OFFICIAL CAPACITY and FORT BEND
COUNTY,**

Appellants,

v.

**JOSHUA DAVID HEILIGER, INDIVIDUALLY, AND ON BEHALF OF
THE ESTATE OF LAUREN BRITTANE SMITH, DECEASED, AND ON
BEHALF OF DEATH BENEFITS BENEFICIARIES JOSHUA DAVID
HEILIGER AND EMMA DESTINY HEILIGER,**

Appellees

ON APPEAL FROM TRIAL COURT CAUSE NO. 2024-78536
11TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS
THE HONORABLE KRISTEN B. HAWKINS, PRESIDING JUDGE

**APPELLANT FORT BEND COUNTY'S AMENDED BRIEF**

Dean G. Pappas
Texas Bar No. 15454375
dpappas@dgplawfirm.com
Mary M. Markantonis
Texas Bar No. 12986800
mmarkantonis@dgplawfirm.com

Lisa M. Teachey
Texas Bar No. 24056416
lteachey@dgplawfirm.com
Marilyn G. Allen
Texas Bar No. 24025225
mallen@dgplawfirm.com

Dean G. Pappas Law Firm, PLLC
8588 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone: 713-914-6200
Telecopier: 713-914-6201
**COUNSEL FOR RELATOR FORT BEND COUNTY**

**ORAL ARGUMENT REQUESTED**

EXHIBIT
3
tabbies

## IDENTITY OF PARTIES AND COUNSEL

Appellant:                          FORT BEND COUNTY

Trial and
Appellate Counsel:          Dean G. Pappas
                                    Texas Bar No. 15454375
                                    dpappas@dgplawfirm.com
                                    Mary M. Markantonis
                                    Texas Bar No. 12986800
                                    mmarkantonis@dgplawfirm.com
                                    Lisa M. Teachey
                                    Texas Bar No. 24056416
                                    lteachey@dgplawfirm.com
                                    Marilyn J. Allen
                                    State Bar No. 24025225
                                    mallen@dgplawfirm.com
                                    8588 Katy Freeway, Suite 100
                                    Houston, Texas 77024
                                    Telephone:  713-914-6200
                                    Telecopier:  713-914-6201


Appellant:                          Francesca Okonkwo, Administrative Law Judge,
                                    in her official capacity

Trial and
Appellate Counsel:          Ken Paxton
                                    Brent Webster
                                    Ralph Molina
                                    James Lloyd
                                    Ernest C. Garcia
                                    Sherlyn Harper
                                    Texas Bar No. 24093176
                                    sherlyn.harper@oag.texas.gov
                                    Office of the Attorney General of Texas
                                    808 Travis Street, Suite 1520
                                    Houston, Texas 77002
                                    Telephone:  713-225-8913
                                    Telecopier:  512-320-0167

James Z. Brazell
Texas Bar No. 02930100
James.Brazell@oag.texas.gov
Assistant Attorney General, Administrative Law Division
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548
Telephone: 512-475-3204

Appellee:                Joshua Heiliger, Individually and on Behalf of the Estate of Lauren Brittane Smith, Deceased, and on Behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger

Trial and
Appellate Counsel:      Russell L. Morris
Texas Bar No. 24099150
serv.russell@mf-txlaw.com
Pablo A. Franco
Texas Bar No. 24121625
Andrew W. Bruce
Texas Bar No. 24113627
McBryde Franco, PLLC
11000 Richmond Avenue, Suite 350
Houston, Texas 77042
Telephone: 713-223-7699
Telecopier: 512-691-9072

Real Party in Interest:    Greater Houston Psychiatric Associates, PLLC

Trial and
Appellate Counsel:      LaVerne Chang
Texas Bar No. 00783819
chang@cardwellchang.com
511 Lovett Blvd.
Houston, Texas 77006
Telephone: 713-222-6025
Telecopier: 713-222-0938

iii

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES & COUNSEL.............................................ii

TABLE OF CONTENTS.................................................................iv

INDEX OF AUTHORITIES............................................................v

STATEMENT REGARDING RECORD.................................................vii

PARTY DESIGNATIONS BEFORE EACH TRIBUNAL............................viii

STATEMENT OF INADEQUATE RELIEF.........................................ix

STATEMENT OF CASE.............................................................x

STATEMENT REGARDING ORAL ARGUMENT ..............................xii

STATEMENT OF ISSUE PRESENTED.............................................xiii

The District Court erred in denying Appellant's Motion to Dismiss Appellee Heiliger's Petition for Temporary Injunction for the following reasons:
 (1) No viable cause of action exists;
 (2) No probable right to the relief sought exists because mental health records are protected by a qualified privilege that can be pierced in judicial proceedings when a party makes the condition part of its claim defense; and
 (3) There is no probable, imminent, and irreparable injury in the interim because the Texas Workers' Compensation Act specifically prohibits an ALJ from enforcing a discovery subpoena unless the ALJ or the party seeking the subpoena invokes Texas Government Code § 2001.201 to seek a District Court determination of good cause.

STATEMENT OF FACTS...............................................................1

SUMMARY OF ARGUMENT.........................................................7

ARGUMENT AND AUTHORITY....................................................9

PRAYER .............................................................................37

CERTIFICATE OF SERVICE AND COMPLIANCE..............................38

APPENDIX ..........................................................................40

# INDEX OF AUTHORITIES

## Cases

*Abbott v. Anti-Defamation League*, 610 S.W.3d 911 (Tex.2020)..................................................... 9

*American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801 (Tex. 2001) ...................................... 11, 20

*Aycock v. Clark*, 94 Tex. 375, 60 S.W. 665 (1901) ............................................................. 27

*Beacon Nat. Ins. Co. v. Montemayor*, 86 S.W.3d 260 (Tex. App.—Austin 2002, no pet.).......... 23

*Berrelez v. Mesquite Logistics USA, Inc.*, 562 S.W.3d 69 (Tex. App.—San Antonio 2018, no
  pet.) ................................................................................................................................ 12

*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198 (Tex. 2002) ........................................................ 9, 10

*Canadian Helicopters v. Wittig*, 876 S.W.2d 304 (Tex. 1994) (orig. proceeding)...................... 27

*Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339 (Tex. 2019)...................... 29

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) ................................................... 29

*City of Houston v. Williams*, 99 S.W.3d 709 (Tex. App.—Houston [14th Dist.] 2003, no pet.)... 20

*Hall v. McRaven*, 508 S.W.3d 232 (Tex. 2017)................................................................. 29

*Henry v. Dillard Dept. Stores, Inc.*, 70 S.W.3d 808 (Tex. 2002) .......................................... 13

*Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680 (Tex. 1989) (orig. proceeding) ............... 27

*Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54 (Tex. 2018)................................... 29

*In re Crawford & Co.*, 458 S.W.3d 920 (Tex. 2015)............................................................. 11

*In re Entergy Corp.*, 142 S.W.3d 316 (Tex. 2004) ......................................................... ix, 11, 20

*In re Metro. Transit Auth.*, 334 S.W.3d 806 (Tex. App.—Houston [1st Dist.] 2011, orig.
  proceeding) .................................................................................................................... 13

*In re Prentis*, 702 S.W. 3d 762 (Tex. App.—Houston [1st Dist.] 2024, no pet) .................... 12, 13

*In re Richardson Motorsports, Ltd.*, 690 S.W.3d 42 (Tex. 2024) (orig. proceeding) ................. 32

*In re State Bar of Tex.*, 113 S.W.3d 730 (Tex. 2003) (orig. proceeding) ............................... 27

*In re Tyler Asphalt & Gravel Co., Inc.*, 107 S.W.3d 832 (Tex. App.—Houston [14th Dist.] 2003,
  orig. proceeding) .......................................................................................................... 13

*Jordan v. Landry's Seafood Rest., Inc.*, 89 S.W.3d 737 (Tex. App.—Houston [1st Dist.] 2002, pet.
  denied) .......................................................................................................................... 10

*Liberty Mut. Ins. Co. v. Adcock*, 412 S.W. 3d 492 (Tex. 2013) ......................................... 13

*Moers v. Harris Co. Appraisal Dist.*, 469 S.W.3d 655 (Tex. App.—Houston [1st Dist.] 2015, pet.
  denied) .......................................................................................................................... 30

*Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514 (Tex. 2007)........................................... 13

*Nuchia v. Woodruff*, 956 S.W.2d 612 (Tex. App.—Houston [14th Dist.] 1997, pet. denied)....... 23

*Patel v. St. Luke's Sugar Land P'ship, L.L.P.*, 445 S.W.3d 413 (Tex. App.—Houston [1st Dist.]
  2013, pet. denied)............................................................................................................ 9

*Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310 (Tex. 2001)... 13

*R.K. v. Ramirez*, 887 S.W.2d 836 (Tex. 1994) ............................................................... 31, 32

*Space Master Int'l, Inc. v. Porta-Kamp Mfg. Co.*, 794 S.W.2d 944 (Tex. Civ. App.—Houston [1st
  Dist.] 1990, no writ)........................................................................................................ 20

*Strayhorn v. Raytheon E-Systems, Inc.*, 101 S.W.3d 558 (Tex. App.—Austin 2003, pet. denied)
  .................................................................................................................................... 21

*Tanguy v. Laux*, 259 S.W.3d 851 (Tex. App.—Houston [1st Dist.] 2008, no pet.) .................... 10

*Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601 (Tex. App.—Houston [1st
  Dist.] 2002, no pet.) ........................................................................................................ 10

*Tex. Dep't of Ins., Div. of Workers' Comp. v. Brumfield*, No. 04-15-00473-CV, 2016 WL 2936380 (Tex. App.—San Antonio May 18, 2016, no pet.) .............................................. 29, 30
*Texas Liquor Control Board v. Canyon Creek Land Corp.*, 456 S.W.2d 891 (Tex. 1970).......... 20
*Valenzuela v. Aquino*, 853 S.W.2d 512 (Tex.1993) ....................................................................... 9
*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (orig. proceeding) ..................................... 26, 27
*Walling v. Metcalfe*, 863 S.W.2d 56 (Tex. 1993) (per curiam) ...................................................... 9
*Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780 (Tex.1978) ................................... 23
*Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.*, 974 S.W.2d 906 (Tex.App.-Austin 1998, pet. denied) ........................................................................................................................................ 23

**Statutes**

Texas Civil Practice and Remedies Code § 51.014 ................................................................. ix, 7
Texas Government Code § 2001.201 ...................................... xiii, 8, 15, 16, 21, 22, 24, 33, 34, 35
Texas Health & Safety Code § 611........................................................ 16, 18, 25, 26, 28, 31, 33
Texas Labor Code § 401.011 .................................................................................................... 13
Texas Labor Code § 402.001 .................................................................................................... 11
Texas Labor Code § 402.00114 ................................................................................................ 11
Texas Labor Code § 402.083 ........................................................................................ 18, 28, 35
Texas Labor Code § 402.086 ........................................................................................ 18, 28, 36
Texas Labor Code § 406.034.................................................................................................... 24
Texas Labor Code § 408.001 ............................................................................................. 11, 20
Texas Labor Code § 410.003 .................................................................................................... 14
Texas Labor Code § 410.157.................................................................................................... 14
Texas Labor Code § 410.158.................................................................................... 14, 21, 23
Texas Labor Code § 410.162.............................................................. 14, 15, 17, 21, 23, 28
Texas Labor Code § 410.163 .................................................................................................... 12
Texas Labor Code § 410.165 ............................................................... 14, 15, 17, 21, 28

**Rules**

28 Tex. Admin. Code § 141.4................................................................................................... 15
28 Tex. Admin. Code § 142.1................................................................................................... 15
28 Tex. Admin. Code § 142.12................................................................................. 15, 21, 23
28 Tex. Admin. Code § 142.13................................................................................. 15, 21, 23
28 Tex. Admin. Code § 142.2.................................................................................... 15, 21, 23
Texas Rule of Civil Procedure 682............................................................................................. 9
Texas Rule of Evidence 510 ................................................................. 16, 18, 26, 31, 33

## <u>STATEMENT REGARDING APPELLATE RECORD</u>

References to the Clerk's Record are CR[page]. References to the confidential supplemental Clerk's Record hand delivered to the Court are SCR[page]. The items in the confidential supplemental Clerk's Record are not included in the Appendix to maintain the confidentiality of the documents.

References to the Reporter's Record are [volume]RR[page]:[line].

References to documents in the Appendix are Appendix [letter].

# PARTY DESIGNATIONS BEFORE EACH TRIBUNAL

| PARTY | DWC | TRIAL COURT | APPEAL | MANDAMUS |
|---|---|---|---|---|
| Heiliger | Claimant | Petitioner | Appellee | Real Party in Interest |
| Fort Bend | Self-Insured Gov't Entity | Real Party in Interest | Appellant No. 2 | Relator |
| ALJ Okonkwo | ALJ | Respondent | Appellant No. 1 | Real Party in Interest |
| GHPA Dr. Marcellus | Subpoena Target | Respondent | Real Party in Interest | Real Party in Interest |
| Judge Hawkins | ---- | Judge | ---- | Respondent |

## STATEMENT OF INADEQUATE RELIEF

This Appeal does not provide Appellant Fort Bend County an adequate remedy because Texas Civil Practice & Remedies Code § 51.014 does not allow Appellant to argue jurisdiction when appealing the granting of injunctive relief. But in this case, the judicial appropriation of state agency authority would be a clear disruption of the "orderly processes of government" which the Texas Supreme Court has found is one of a few circumstances when a party may seek extraordinary relief despite a remedy available by appeal. See *In re Entergy Corp.*, 142 S.W.3d 316, 320-231 (Tex. 2004) (orig. proceeding). "This disruption, coupled with the hardship imposed. . . by a postponed appellate review, warrants an exception to our general proscription against using mandamus to correct incidental trial court rulings." *Id.*

While CPRC 51.014 provides an appellate remedy on the merits of the injunction granted by the District Court, such relief would not address the subject matter jurisdiction surrounding this workers' compensation proceeding. Therefore, Appellant Fort Bend County contemporaneously filed a Petition for Writ of Mandamus challenging the District Court's subject matter jurisdiction to interfere with a discovery matter pending before the Texas Division of Workers' Compensation. Appellant respectfully requests this Court to take of the jurisdiction matter before consideration of this Appeal.

## STATEMENT OF CASE

**Nature of the Case:**

Pursuant to Texas Civil Practice and Remedies Code § 51.014, this is an appeal of the granting of a temporary injunction on a discovery matter pending before the Texas Division of Workers' Compensation. (CR636) Appellant contends the District Court erred in granting injunctive relief on this issue before Appellee exhausted his administrative remedies.

**Course of Proceedings:**

Appellee filed a claim for death benefits at the Division of Workers' Compensation (Division) claiming his spouse died in the course and scope of her employment. (CR138) Appellant Fort Bend County disputed the claim and sought a subpoena for records relevant to Appellee's reliance on medical opinions that stress was a factor in the death. (CR176) Appellee objected to the request for the subpoena. (CR185) In September 2024, the Division Administrative Law Judge issued a subpoena for the records. (CR201) Appellee filed an application for a temporary restraining order in the 157th District Court, seeking to bar the subpoena and prohibiting resetting the workers' compensation administrative matter. (CR20) Appellant appeared as Real Party in Interest seeking to modify the TRO to allow the workers' compensation contested case hearing to be reset until the subpoena issue could be resolved. (CR25) The TRO was modified as such. (CR48) The TRO matter was transferred to the 11th District Court where a hearing on a temporary injunction began December 5, 2025. The hearing was continued to allow the parties to try to reach an agreement. (3RR29:24 – 31:19) No agreement was reached. Appellant filed a new request at the Division on December 27, 2024, for a Deposition Subpoena of the records. (CR341) Appellee objected to the request. (CR352) On January 24, 2025, Appellant filed with the Division an amended motion for the Deposition Subpoena. (CR387) Appellee objected to the motion. On January 27, 2025 the Division Administrative Law Judge issued a Deposition Subpoena of the records. (CR401) Appellant withdrew the September subpoena (Appendix E) and filed notice that it would serve the January Deposition Subpoena. Appellee did not file a motion to quash the Deposition Subpoena that issued in January, nor did he file an objection to the issued subpoena, nor did he seek a protective order. Appellee sought a new temporary restraining order to prevent compliance with the January Deposition Subpoena. (CR325) Appellant appeared as Real Party in Interest and filed a plea to the jurisdiction because the Texas Workers' Compensation Act and the Texas

Government Code provide the exclusive authority to issue and enforce subpoenas at workers' compensation contested case hearings. (CR419) The District Court granted the TRO without taking up Appellant's plea to the jurisdiction and set the matter for a hearing on a temporary injunction on March 21, 2025. (CR443) At the March hearing, Appellant again appeared as Real Party in Interest to challenge jurisdiction on Appellee's pleadings and second application for injunction. (CR460) The District Court denied Appellant's plea to the jurisdiction, denied the Division's plea to the jurisdiction, granted a temporary injunction and set a hearing on the merits of Appellee's pleadings. (CR606, 611)

**Trial Court Disposition:**

By orders dated April 2, 2025, the trial court denied Appellant's plea to the jurisdiction and motion to dismiss, denied the Division's plea to the jurisdiction, granted the temporary injunction and set a trial on the merits in December 2025. (CR606, 611)

**Appellate Posture:**

The Division has appealed the denial of its plea to the jurisdiction. The Division is required to file in the 15th Court of Appeals. This Court accepted Appellant's request to consolidate its appeal in this matter pursuant to Rule 15.2 of the Texas Rules of Judicial Administration; Appellant contemporaneously has filed a petition for Writ of Mandamus in this Court because its request for extraordinary relief stems from an order arising from the same nucleus of operative facts, the same hearing and essentially the same rulings in the District Court as the plea to the jurisdiction being appealed by Administrative Law Judge Okonkwo.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Fort Bend County requests oral argument.

## STATEMENT OF ISSUE PRESENTED

The District Court erred in denying Appellant Fort Bend County's Motion to Dismiss Appellee Heiliger's Petition for Temporary Injunction for the following reasons:

(4) No viable cause of action exists
    a. Appellee has not shown a cause of action can be sustained as a declaratory judgment action;
    b. Appellee has no statutory right to judicial review because he has not exhausted his administrative remedies and been aggrieved of a final Appeals Panel decision at the Division of Workers' Compensation;
    c. Appellee has not established the right to mandamus relief because the Division has not acted beyond the scope of its lawful authority and Appellee has several adequate remedies at law; and
    d. Appellee has not shown an ultra vires claim lies because the Division has not exceeded its authority in conducting discovery;

(5) No probable right to the relief sought exists because Ms. Smith's mental health records are protected by a qualified privilege that can be pierced in judicial proceedings when a party makes the condition a part of its claim or defense; and

(6) There is no probable, imminent, and irreparable injury in the interim because the Texas Workers' Compensation Act specifically prohibits an ALJ from enforcing a discovery subpoena unless the ALJ or the party seeking the subpoena invokes Texas Government Code § 2001.201 to seek a District Court determination of good cause.

## STATEMENT OF THE FACTS

Appellant Fort Bend County[1] is appealing the granting of a temporary injunction by a Harris County District Court that prohibits the discovery of records in an administrative dispute resolution proceeding to determine death benefits pending before the Texas Department of Insurance – Division of Workers' Compensation ("Division"). (CR *et passim*) A Contested Case Hearing (CCH) is set for August 7, 2025, at the Division Houston East Field Office.[2] No final order in this matter has been issued by the Division.

The Division – the agency granted the exclusive right, in the first instance, to determine workers' compensation issues -- must decide whether Appellee Joshua Heiliger, individually as the surviving spouse of Lauren Brittane Smith and on behalf of their adopted child Emma Destiney Heiliger, is entitled to workers' compensation death benefits. (SCR 10) Lauren Smith was a paramedic for Fort Bend County EMS. (SCR 19) Ms. Smith passed away at home on April 10, 2023. (*Id.*) The issue being disputed at the workers' compensation administrative level is whether Ms. Smith died in the course and scope of her employment. (SCR 10) Mr. Heiliger filed a death benefit claim on April 2, 2024, with the Division of Workers' Compensation.

---

[1] Because of the multifarious designations of the parties in each level of this controversy, Appellant will refer to each party by name. See Party Designations in Each Tribunal, p. viii

[2] See Appendix D which is a sworn copy from the Appellant's files of DWC Docket No. 24229142-01-CC-HE.

1

Fort Bend County EMS (Fort Bend County) is disputing compensability. (SCR 19)

During the Division contested case hearing process, Fort Bend County sought and was granted a subpoena for mental health records from Dr. John Marcellus, the doctor who was prescribing Ms. Smith ADHD medications. (CR277) Because Mr. Heiliger is relying on medical opinions that stress was a factor in Ms. Smith's death, Fort Bend County argued these records are relevant and material to determine if the doctor was incorporating knowledge about her underlying hypertension into her treatment regarding complaints of stress. (CR167) Mr. Heiliger objected to the issuance of the subpoena. (CR185) Those objections were overruled and on September 19, 2024, Division Administrative Law Judge Francesca Okonkwo, who presides over this workers' compensation dispute, ordered a subpoena issue for Ms. Smith's mental health records spanning January 1, 2020 through April 10, 2023. (CR201)

On November 12, 2024, Mr. Heiliger, wholly disregarding, the statutory administrative process and unbeknownst to Fort Bend County, sought a temporary restraining order in a district court to bar compliance with the subpoena. (CR20) The Contested Case Hearing at this juncture was set for November 15, 2024. (CR26 of 25-33) A hearing on the TRO took place November 13, 2024, with no notice to Fort Bend County, although Mr. Heiliger was able to notify the Texas Department of Insurance, who objected at the hearing. (CR20-24) Despite the objection, the

2

District Court granted the TRO preventing the disclosure of the records yet requiring the Division to go forth with the November 15, 2024, Contested Case Hearing. (*Id.*) Fort Bend County was not notified until after the TRO had been granted on November 13, 2024. (CR25-33) On that same day Fort Bend County, as Real Party in Interest, filed an emergency motion to modify the TRO that was heard the next day, November 14, 2024, by the 157th District Court which granted a modification to the TRO allowing the Division to reset the CCH until the TRO could be resolved. (CR25-30, 48-50)

On December 5, 2024, the 11th District Court began a hearing to determine whether compliance with Fort Bend County's subpoena should be temporarily enjoined. (3RR1:1—32:18) Fort Bend County as Real Party in Interest re-asserted, among other things, its Plea to the Jurisdiction. (CR83-108) During a break in that hearing, Mr. Heiliger and Fort Bend County entered into a Rule 11 Agreement that was filed with the District Court, and the District Court paused the temporary injunction proceeding. (3RR29:24 – 31:16)

Under the Rule 11 Agreement, Fort Bend County submitted a DWQ to Dr. John Marcellus on December 10, 2024. Mr. Heiliger responded on December 16, 2024, objecting to almost half of the questions. (CR423 of 419-442 and 4RR15:17 – 16:8) Fort Bend County attempted on numerous occasions to confer with Mr. Heiliger's counsel via telephone to no avail. (CR423 of 419-442 and 4RR15:17 –

3

16:8) The Rule 11 Agreement contained a self-destruct clause setting a December 20, 2024, deadline for Fort Bend County and Mr. Heiliger to reach an agreement on the questions to be answered via the DWQ. (CR423 of 419-442 and 4RR15:17 – 16:8) No agreement was reached by that date, so Fort Bend County notified Mr. Heiliger that the self-destruction provisions of the Rule 11 had become effective and that Fort Bend County planned to pursue its legal remedies. (CR423 of 419-442 and 4RR15:17 – 16:8)

On December 27, 2024, Fort Bend County filed a motion at the Division seeking the procedurally correct Deposition Subpoena of Dr. Marcellus pursuant to the Subpoena Rule for Contested Case Hearings before the Division of Workers' Compensation.[3] (CR295-310) Mr. Heiliger objected on December 30, 2024, arguing solely that the ALJ should not issue this subpoena because a TRO was pending on the September subpoena. (CR321-324)

On January 24, 2025, Fort Bend County submitted an amended request for a Deposition Subpoena, effectively replacing the December 27, 2024 motion. (CR387-399) While Mr. Heiliger indicated he was opposed to the amended motion for the new Deposition Subpoena in a conference with Fort Bend County's counsel,

---

[3] It was discovered during the District Court hearings that the September subpoena was procedurally defective. The September subpoena eventually was withdrawn and ALJ Okonkwo vacated the subpoena by Order issued February 18, 2025. See Appendix E, which is a sworn copy from the Appellant's files of DWC Docket No. 24229142-01-CC-HE

4

Mr. Heiliger filed no objection. Administrative Law Judge Okonkwo granted Fort Bend County's Deposition Subpoena of Dr. Marcellus on January 27, 2025. (5RR2)

Fort Bend County withdrew the original Subpoena dated September 19, 2024, and noticed Mr. Heiliger it would now serve the January 27, 2025, Deposition Subpoena. (4RR14:19-23; 15:5-14; 22:15-23:12)

The Deposition Subpoena was served on Dr. Marcellus on February 10, 2025, commanding he appear on February 24, 2025, at 10 a.m. to permit inspection and copying of the records. (5RR2) *Mr. Heiliger filed no objection at the Division; he filed no motion to quash; he filed no motion seeking protection from the Deposition Subpoena. Mr. Heiliger filed nothing at the Division, no challenge whatsoever to the January Deposition Subpoena.* But on February 10, 2025, Mr. Heiliger filed a second application for a temporary restraining order along with a request for a hearing on Mr. Heiliger's pending temporary injunction on the now moot September subpoena. Fort Bend County re-urged its Plea to the Jurisdiction and set it for hearing. (CR325 – 414)

At a hearing on February 18, 2025, the District Court refused to take up Fort Bend County's Plea to the Jurisdiction but took up Mr. Heiliger's application for TRO on the January Deposition Subpoena. (4RR41:3-5, 8-17) The District Court issued a temporary restraining order preventing compliance with the January Deposition Subpoena and set a March 21, 2025 hearing to take up, among other

things, Fort Bend County's Plea to the Jurisdiction and Mr. Heiliger's Second Application for Temporary Injunction. (*Id.*, CR443-446) At the March hearing, the District Court took the parties' arguments under advisement and subsequently entered orders April 2, 2025 denying Fort Bend County's Plea to the Jurisdiction, denying in part and granting in part ALJ Okonkwo's Plea to the Jurisdiction[4], granting Mr. Heiliger's Temporary Injunction and setting a hearing on the merits of the matter for December 1, 2025. (1RR *et passim* and CR606-613)

Fort Bend County now seeks to dispose of the temporary injunction and vacate the order setting trial on the merits and requests the Court to vacate the order denying Fort Bend County's Motion to Dismiss because Appellee has not shown any right to relief. The Texas Labor Code specifically dictates the legal process for conducting discovery during workers' compensation administrative disputes and provides this Appellee with relief as mandated by the Texas Legislature.

---

[4] ALJ Okonkwo has an appeal pending before this Court challenging the district court's jurisdiction as well in this matter.

## SUMMARY OF THE ARGUMENT

This is an appeal of the granting of temporary injunction and an order setting a trial on the merits regarding a discovery issue pending before the Texas Division of Workers' Compensation ("Division").

*Appellant Fort Bend County contemporaneously has filed a Petition for Writ of Mandamus challenging the subject matter jurisdiction of the District Court when an agency has exclusive jurisdiction, such as here in this case. Appellant Fort Bend County respectfully requests this Court to take up the Petition for Writ of Mandamus prior to the consideration of this appeal.*

Appellant Fort Bend County files the appeal pursuant to Texas Civil Practice and Remedies Code § 51.014 because Appellee Joshua Heiliger has not produced any competent evidence to support a probable right to relief nor a probable injury. That is because the Texas Legislature has granted exclusive jurisdiction to the Division to decide workers' compensation disputes in the first instance, which impliedly requires that the agency has whatever powers crucial to fulfill its express function. This power necessarily and statutorily includes the power to promulgate discovery. The Texas Workers' Compensation Act specifically provides the process to grant and to enforce discovery subpoenas during a workers' compensation dispute. The statutory scheme for enforcing a subpoena at a workers' compensation contested case hearing mandates that the administrative law judge ("ALJ") or the party

7

requesting the subpoena must seek a district court's permission to enforce a subpoena. The District Court erred by allowing the claimant in the workers' compensation dispute to forego the correct legal process at the Division that would trigger the enforcement process. A district court cannot interfere with an administrative discovery simply because the person subject to an administrative discovery subpoena or any other person affected by the subpoena – such as Mr. Heiliger objects to the subpoena. A challenge to such a subpoena must be brought at the Division first. Once that challenge is made, the Act requires the ALJ or the party requesting the subpoena to proceed under Government Code § 2001.201 to *then* seek court enforcement of the subpoena. This failsafe, which ensures the ALJ does not abuse her discretion, has not occurred in this matter. Accordingly, the district court erred in granting injunctive relief because Appellee has not shown 1) a cause of action against the Division; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.

## ARGUMENT AND AUTHORITY

A temporary injunction is "an extraordinary remedy and does not issue as a matter of right." *Patel v. St. Luke's Sugar Land P'ship, L.L.P.*, 445 S.W.3d 413, 419 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (quoting *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993) (per curiam)).

To obtain a temporary injunction, an applicant must establish three elements: (1) a cause of action against the defendants; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* See also *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)

An applicant for injunctive relief must plead a valid cause of action against the respondent and request some form of permanent relief, such as a permanent injunction or damages. *See Abbott v. Anti-Defamation League*, 610 S.W.3d 911, 916 (Tex.2020); *Walling* at 57. If the applicant pleads a cause of action that is not recognized in Texas, the trial court cannot grant an injunction. *See, e.g., Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex.1993) (because Texas has no cause of action for negligent infliction of emotional distress, trial court could not enjoin picketers).

In addition to pleading and proving a viable cause of action in seeking a restraining order or injunction, a petitioner also must plead and prove a probable right to the relief sought and a probable, imminent, and irreparable injury in the interim. *Patel, supra;* See also Tex. R. Civ. P. 682.

9

A probable right to the relief sought is shown by alleging a cause of action and presenting evidence that tends to sustain it. *Tanguy v. Laux*, 259 S.W.3d 851, 857 (Tex. App.—Houston [1st Dist.] 2008, no pet.), citing *Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601, 607 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

"An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard." *Butnaru*, 84 S.W.3d at 204. The applicant need not establish that he will prevail at trial; rather, "the only question before the trial court is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits." *Id.*

It is an abuse of discretion for a trial court to grant a temporary injunction unless it is clearly established that the applicant is threatened with actual irreparable injury if the injunction is not granted. *Jordan v. Landry's Seafood Rest., Inc.*, 89 S.W.3d 737, 742 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). An injunction is not proper when the claimed injury is merely speculative; fear and apprehension of injury are not sufficient to support a temporary injunction. *Id.*

The Division of Workers' Compensation has exclusive jurisdiction over workers' compensation claims and the Texas Workers' Compensation Act provides exclusive remedies for these claims. *In re Crawford & Co.*, 458 S.W.3d 920, 923

(Tex. 2015). The Act designates the Department of Insurance as the administrative agency responsible "[for overseeing] the workers' compensation system of this state" and establishes the Division of Workers' Compensation within the Department to "administer and operate" that system. *Id.*, citing Tex. Lab. Code § 402.001. The *Crawford* Court found that it is the Division's duty to "(1) regulate and administer the business of workers' compensation in this state; and (2) ensure that [the Act] and other laws regarding workers' compensation are executed." *Id.*, citing Tex. Lab. Code § 402.00114. The Act, as substantially revised in 1989, prescribes, among other things, the detailed "time-compressed" processes for carriers to handle claims and for dispute resolution. *Id.*

Under the Act, the Legislature has vested the Texas Department of Insurance – Division of Workers' Compensation ("Division") with authority to make the first determination whether a claimant is entitled to workers' compensation benefits. *See American Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801 (Tex. 2001). *See also* TEX. LABOR CODE § 408.001. This exclusive jurisdiction provision requires that a claimant or employer in a workers' compensation case **must** exhaust all administrative remedies before seeking judicial review of the agency's action. See *In re Entergy Corp.,* 142 S.W.3d 316, 321-322 (Tex. 2004). Requiring a party to exhaust his administrative remedies prior to filing suit does not deprive him of any legal rights. *In re Prentis,* 702 S.W. 3d 762, 772 (Tex. App.—Houston [1st Dist.]

11

2024, no pet). On the contrary, the First Court of Appeals found that rather than depriving a party of his rights, the requirement to exhaust the administrative remedies honors the Legislature's intent that the appropriate body adjudicate the dispute first to ensure an orderly procedure to enforce those rights. *Id.* at 772-73, quoting *Berrelez v. Mesquite Logistics USA, Inc.*, 562 S.W.3d 69, 73 (Tex. App.— San Antonio 2018, no pet.) (internal quotation marks omitted). This is because the exhaustion of administrative remedies requirement permits the agency in question to apply its expertise and develop a factual record if a suit is later filed. *Id.*

Part of the Division's lawful exercise of its jurisdiction over workers' compensation disputes is to conduct hearings. See Tex. Lab. Code § 410.163. At a contested case hearing the administrative law judge shall "(1) swear witnesses; (2) receive testimony; (3) allow examination and cross-examination of witnesses; (4) accept documents and other tangible evidence; and (5) allow the presentation of evidence by affidavit." See Tex. Lab. Code § 410.163(a). The statute governing the powers and duties of the ALJ at a contested case hearing further requires that the ALJ "shall ensure the preservation of the rights of the parties *and the full development of facts required for the determinations to be made.*" See Tex. Lab. Code § 410.163 (b) (emphasis added).

The First Court of Appeals, which sits in Harris County where the District Court is located, found relevant that the Act vests the Division with the sole authority

12

to determine whether an employee suffered a "compensable injury" entitling him to workers' compensation benefits. *Prentis*, at 769, citing *Henry v. Dillard Dept. Stores, Inc.*, 70 S.W.3d 808, 809 (Tex. 2002); also citing *In re Metro. Transit Auth.*, 334 S.W.3d 806, 810–11 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding). "A 'compensable injury' is one that 'arises out of and in the course and scope of employment for which compensation is payable' under the Act." *Id.*, citing TEX. LAB. CODE § 401.011(10) and *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 518 (Tex. 2007). "Because course and scope of employment is an element of compensability, the Division's 'exclusive jurisdiction to determine compensability [thus] necessarily encompasses [the] exclusive jurisdiction to determine whether an injury ... occurred in the course and scope of employment.'" *Id.*, citing *In re Tyler Asphalt & Gravel Co., Inc.*, 107 S.W.3d 832, 839 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

When the Legislature "expressly confers a power on an agency, it also impliedly intends that the agency have whatever powers are reasonably necessary to fulfill its express functions or duties. . . " *See Liberty Mut. Ins. Co. v. Adcock,* 412 S.W. 3d 492, 494 (Tex. 2013), quoting *Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd. of San Antonio,* 53 S.W.3d 310, 316 (Tex. 2001).

The Texas Legislature has, in fact, purposefully given the Division full authority and the reasonable powers necessary to make the first determination of

whether a workplace injury is a compensable injury arising out of the course and scope of employment. The Texas Workers' Compensation Act, codified in the Texas Labor Code, expressly grants the Division the authority to issue orders and subpoenas to gather and weigh evidence relevant and necessary during the dispute resolution process under the Act. See Tex. Lab. Code §§ 410.158; 410.162; 410.165. The statutory grant of authority to the Division also includes the power to adopt rules to govern procedures for these contested case hearings. See Tex. Lab. Code § 410.157 ("The commissioner shall adopt rules governing procedures under which contested case hearings are conducted."). The Division Rules are embodied in the Texas Administrative Code and include specific rules for conducting contested case hearings, obtaining evidence at contested case hearings and detailed procedures for discovery at contested case hearings. See 28 Tex. Admin. Code §§ 141 and 142.

For ease of reference of the many statutes and rules governing workers' compensation contested case hearings and the procedures for discovery at such hearings, the following list is provided:

- o **Texas Labor Code § 410.003** – Restricts the application of Chapter 2001 of the Government Code (Administrative Procedure Act) in workers' compensation administrative proceedings unless specifically provided in Chapter 410 of the Act;
- o **Texas Labor Code § 410.157** – Authorizes the promulgation of rules for conducting contested case hearings at the Division
- o **Texas Labor Code § 410.158** – Authorizes limited discovery during the dispute resolution process at the Division;

14

- **Texas Labor Code § 410.162** – Allows, for good cause shown, that a party may obtain permission from the administrative law judge to conduct additional discovery as necessary;

- **Texas Labor Code § 410.165** – Authorizes the administrative law judge as the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given to the evidence.

- **28 Tex. Admin. Code § 141.4** -- Pertinent information at a benefit review conference is defined as all information relevant to the resolution of the disputed issue or issues to be addressed at the benefit review conference, including but not limited to, among other things, the injured employee's medical records.

- **28 Tex. Admin. Code § 142.2** -- Authorizes the authority of the Division ALJ to, among other things, issue a subpoena on its own motion or at the request of a party if the ALJ determines the party has a good cause, rule on admissibility, and determine the weight and credibility of evidence.

- **28 Tex. Admin. Code § 142.12** – Allows the Division ALJ to issue a subpoena on its own motion or at the request of a party upon a determination of relevancy to the disputed issue;

- **28 Tex. Admin. Code § 142.13** – Authorizes the Division ALJ to grant a party permission to conduct discovery beyond that described in Texas Labor Code § 410.158 upon a showing of good cause at a hearing held for this purpose; and

- **28 Tex. Admin. Code § 142.1** – Mandates that the only section of the Government Code (Administrative Procedure Act) that applies to the contested cases hearings is § 2001.201 relating to the enforcement of subpoenas.

The Act specifically sets out how subpoenas are to issue and how they are to be enforced in workers' compensation contested case hearings. Specifically, the Act prohibits an ALJ from enforcing a subpoena unless the ALJ or the party seeking the subpoena invokes Texas Government Code § 2001.201. That section provides as follows:

15

(a) If a person fails to comply with a subpoena or commission issued under this chapter, the state agency issuing the subpoena or commission, acting through the attorney general, or the party requesting the subpoena or commission may bring suit to enforce the subpoena or commission in a district court in Travis County or in the county in which a hearing conducted by the agency may be held.

See Tex. Gov't. Code § 2001.201.

Furthermore, Texas jurisprudence expressly recognizes that mental health records, like the ones at issue here, are obtainable in controversies where the mental condition is at issue. Under Texas Rule of Evidence 510(d)(5) the privilege of confidentiality for mental health records does not apply if any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition. The Texas Health and Safety Code provides a qualified privilege for such records but has specifically carved out exceptions. See Tex. Health & Safety Code § 611. In the section of the Mental Health Records statute entitled "Authorized Disclosure of Confidential Information in a Judicial or Administrative Proceeding," the Texas Legislature expressly authorized the disclosure of mental health records in "a judicial or administrative proceeding *where the court or agency has issued an order or subpoena*." See TEX. HEALTH & SAFETY CODE § 611.006(a)(11).

16

## Restatement of Argument

The District Court erred in denying Appellant Fort Bend County's Motion to Dismiss Appellee Heiliger's Petition for Temporary Injunction for the following reasons:

(7) No viable cause of action exists

    a. Appellee has not shown a cause of action can be sustained as a declaratory judgment action because there is a pending matter between the same parties in which the issues can be adjudicated. That pending matter is the administrative dispute resolution process pending now before the Division of Workers' Compensation.

    b. Appellee has no statutory right to judicial review because he has not exhausted his administrative remedies and been aggrieved of a final Appeals Panel decision at the Division of Workers' Compensation. Mr. Heiliger has no inherent right to judicial review because the confidentiality of mental health records is not an absolute privilege, but rather a qualified privilege because Texas Law specifically authorizes the disclosure of confidential mental health records in a judicial or administrative proceeding where the court or agency has issued an order or subpoena.

    c. Appellee has not established the right to mandamus relief for the following reasons:

        i. The Division has not acted beyond the scope of its lawful authority because the Division Administrative Law Judge is the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given to the evidence,[5] and the ALJ may allow parties to conduct discovery as necessary.[6] Furthermore, Texas Law contemplates that mental

---

[5] See TEX. LABOR CODE ANN. § 410.165
[6] See TEX. LABOR CODE ANN. § 410.162

17

health records can be subjected to the subpoena power of a judicial or administrative proceeding.[7] The ALJ has not clearly abused her discretion in ordering the production of these records when Appellee has put Ms. Smith's mental condition at issue by seeking opinions that Ms. Smith suffered from stress that may have contributed to her death and her psychiatrist Dr. Marcellus treated Ms. Smith for Post-Traumatic Stress Disorder[8]; and

    ii. Appellee has several adequate remedies at law. The subpoena cannot be enforced unless and until the ALJ or Fort Bend County seeks to compel it through a District Court hearing. The subpoena at issue requires any records obtained by Fort Bend County to be held confidentially.[9] The Texas Labor Code requires information relating to a workers' compensation claim to remain confidential when released to any person, except when used in court for the purposes of an appeal (Tex. Lab. Code § 402.083(a) and 402.086(a)). Appellee has at least four other remedies: an Appeals Panel review; judicial review in district court; appellate review in the courts of appeal; final review in the Texas Supreme Court.

  d. Appellee has not shown an ultra vires claim. The Division has not exceeded its authority in conducting discovery, ruling on discovery and ordering the disclosure of records authorized by statute to be disclosed via a subpoena. Ms. Smith's mental health records are not being disclosed publicly. The records are being disclosed as an authorized disclosure contemplated by the Texas Health and Safety Code.[10]

(8) No probable right to the relief sought exists. Ms. Smith's mental health records are protected by the privilege of confidentiality, however, it is not an absolute privilege. It is a qualified privilege that can be pierced in judicial proceedings when a party makes the condition a part of its claim or defense.[11] The privilege is severely limited whenever the mental health condition is

---

[7] See TEX. HEALTH & SAFETY CODE ANN. § 611.006(a)(11)

[8] See SCR 8, 10, 19, 24, 28, and 30.

[9] See 5RR2

[10] See TEX. HEALTH & SAFETY CODE ANN. § 611.006(a)(11)

[11] See TEX. HEALTH & SAFETY CODE ANN. § 611.006(a)(11). See also TEX. R, EVID. Rule 510 ("If any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.).

18

relevant to any party's claim or defense. Whether the mental health condition is part of a party's claim or defense is determined from the face of the pleadings and then, if necessary, from the allegedly privileged records.

(9) There is no probable, imminent, and irreparable injury in the interim because the Texas Workers' Compensation Act specifically prohibits an ALJ from enforcing a subpoena unless the ALJ or the party seeking the subpoena invokes Texas Government Code § 2001.201

Mr. Heiliger has not shown that his irreparable injury is imminent because the records will not be disclosed outside of the administrative hearing; the Division does not have the power to enforce the subpoena without seeking district court approval; the enforcement of the Deposition Subpoena is not ripe because the doctor has not refused to produce the records and even if he has neither the Division or Fort Bend has moved to compel the production via the Deposition Subpoena; and Mr. Heiliger's due process rights and all the arguments he poses here are allowable in some form during the contested case hearing before the Division.

## 1. NO VIABLE CAUSE OF ACTION EXISTS

## A. Declaratory Judgment Action is Not Proper

### 1. A Pending Matter Exists

A declaratory action is not proper in this case because there is a pending matter between the same parties in which the issues can be adjudicated. That pending matter is the administrative dispute resolution process pending now before the Division of Workers' Compensation. As a general rule, "an action for declaratory

19

judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action. See *Texas Liquor Control Board v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970); *Space Master Int'l, Inc. v. Porta-Kamp Mfg. Co.*, 794 S.W.2d 944, 946-47 (Tex. Civ. App.—Houston [1ˢᵗ Dist.] 1990, no writ).

Under the Texas Workers' Compensation Act, the Texas Legislature has vested the Texas Department of Insurance – Division of Workers' Compensation ("Division") with authority to make the first determination whether a claimant is entitled to workers' compensation benefits. *See American Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801 (Tex. 2001). *See also* TEX. LABOR CODE § 408.001. This exclusive jurisdiction provision requires that a claimant or employer in a workers' compensation case **must** exhaust all administrative remedies before seeking judicial review of the agency's action. See *In re Entergy Corp.*, 142 S.W.3d 316, 321-322 (Tex. 2004).

A suit for declaratory judgment does not allow a district court to review an agency action that is not otherwise reviewable. See *City of Houston v. Williams*, 99 S.W.3d 709, 712-13 (Tex. App.—Houston [14ᵗʰ Dist.] 2003, no pet.). When a statute provides an avenue for attacking an agency order, a declaratory judgment action will

not lie. See *Strayhorn v. Raytheon E-Systems, Inc.*, 101 S.W.3d 558, 572 (Tex. App.—Austin 2003, pet. denied).

Under the Act, the Administrative Law Judge is the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given to the evidence. See TEX. LABOR CODE Ann. § 410.165. The Division may issue a subpoena on its own motion or at the request of a party if the ALJ determines the party has good cause. See 28 TEX. ADMIN. CODE § 142.12.

The Adopted Rules governing administrative proceedings provide a mechanism to challenge a subpoena issued during an administrative proceeding. For the same reasons that generally a mandamus is not proper if there is an available remedy, a declaratory judgment action action is not proper when there is another proceeding that affords a remedy. The Act provides that the Division ALJ may conduct discovery and issue subpoenas and seek enforcement of its subpoenas. See TEX. LABOR CODE § 410.158 and § 410.162; 28 TEX. ADMIN. CODE § 142.12 and § 142.13. See 28 TEX. ADMIN. CODE § 142.2. See TEX. GOV'T CODE § 2001.201.

While there is no specific grant of authority to challenge a subpoena issued by a Division ALJ, there is a remedy available for the target of a Division subpoena: the target can move for protection at the administrative hearing which would force the Division or the party seeking the subpoena to seek enforcement of the subpoena under Government Code § 2001.201.

21

If the Division or Fort Bend sought an enforcement action under Texas Government Code § 2001.201, Mr. Heiliger would have all the due process rights and arguments he is trying to make here by hop, skipping and jumping over the required process codified in the Texas Workers' Compensation Act. At the § 2001.201 enforcement proceeding, a party such as Appellee or Dr. Marcellus could bring all the same arguments Appellee is improperly requesting as injunctive relief. The only difference would be that in a § 2001.201 proceeding the District Court would not be snatching the reins from the rightful rider.

Or Mr. Heiliger could claim his privilege at the workers' compensation contested case hearing and if neither the Division nor Fort Bend seeks enforcement, the privilege would remain unpierced.

Either way there is already a proceeding in place that affords Mr. Heiliger exactly what he seeks here. Therefore, a declaratory judgment action is not proper.

### 2. No Statutory Authority Has Been Exceeded

A declaratory judgment is not proper in this matter because no statutory authority has been exceeded.

The power of courts to issue declaratory judgments under the UDJA in the face of administrative proceedings is limited. Texas Courts have held that when a statute provides an avenue for attacking an agency order, a declaratory judgment

22

action will not lie to provide redundant remedies. See *Beacon Nat. Ins. Co. v. Montemayor*, 86 S.W.3d 260, 267 (Tex. App.—Austin 2002, no pet.), citing *Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.*, 974 S.W.2d 906, 911 (Tex.App.-Austin 1998, pet. denied). "An administrative body is entitled to exercise its statutory duties and functions without interference from the courts, unless it exceeds that statutory authority. *Id.*, citing *Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 785 (Tex.1978). A party may employ a declaratory judgment action to intervene in administrative proceedings only when an agency is exercising authority beyond its statutorily conferred powers. See *Nuchia v. Woodruff*, 956 S.W.2d 612, 615–16 (Tex. App.—Houston [14th Dist.] 1997, pet. denied).

The Division is acting completely within its statutory authority. The Texas Labor Code provides a discovery process to parties in a dispute. TEX. LAB. CODE §§ 410.158 (a); 410.162. The Division has promulgated rules to conduct discovery. 28 TEX. ADMIN. CODE §§ 142.2, 142.12, 142.13. A Division ALJ has authority to grant additional discovery other than deposition by written questions, oral depositions and interrogatories. TEX. LAB. CODE § 410.162. The Adopted Rules authorize the Division ALJ to issue subpoenas. 28 TEX. ADMIN. CODE § 142.2(1).

The Act even built in a process to prevent a Division ALJ from exceeding her authority when it comes to subpoenas by requiring an ALJ to seek district court

permission under Texas Government Code 2001.201, *supra*, to enforce its subpoenas.

So, again, all of Mr. Heiliger's rights are intact and he has a specifically carved out path to address in a district court -- via proper legal process -- all of the issues he raises here if and when the Division or Fort Bend County tries to enforce the Deposition Subpoena.

## B. No Inherent Nor Statutory Right to Judicial Review

Mr. Heiliger has no statutory right to judicial review because he has not exhausted his administrative remedies and been aggrieved of a final Appeals Panel decision at the Division of Workers' Compensation.

Fort Bend County affirmatively asserts that any common law remedies when Ms. Smith acquiesced to workers' compensation coverage. Under Texas Labor Code § 406.034(b), Ms. Smith could have retained the common-law right of action to recover damages for personal injuries or death. Instead she chose to accept the remedies under the Texas Workers' Compensation Act with all its restrictions, requirements and procedures. Just because Mr. Heiliger doesn't like the rules of the procedure Ms. Smith chose, he cannot try to twist his claim into a common-law right of action to benefit from a different set of rules.

24

Mr. Heiliger has no inherent right to judicial review because the confidentiality of mental health records is not an absolute privilege, but rather a qualified privilege because Texas Law specifically authorizes the disclosure of confidential mental health records in a judicial or administrative proceeding where the court or agency has issued an order or subpoena.

Texas Health & Safety Code § 611 is the authority that creates the privilege of confidentiality for mental health records. Section 611.002 prohibits the disclosure of these confidential communications between a patient and a professional, as well as the records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by a professional. Section 611.003(a)(2) in conjunction with Section 611.004 (a)(5) allow Mr. Heiliger to claim this privilege as the representative of Ms. Smith. Section 611.005 prescribes the remedy for an improper disclosure or failure to disclose confidential mental health records.

But most importantly, Section 611.006(a) authorizes 11 instances in which the *disclosure of confidential information is authorized.* All of the authorized disclosures enumerated in this section have to do with a judicial or administrative proceeding. Mr. Heiliger argued before the District Court Texas Health & Safety Code § 611.004 as the authority for exceptions to disclosure, but those exceptions apply only if there is no judicial or administrative proceeding. The Texas Legislature specifically carved out separate exceptions in § 611.006 that authorize disclosure in

25

judicial and administrative proceedings. Mr. Heiliger has wholly ignored the authority that applies in this matter.

Section 611.006(a)(11) specifically authorizes the disclosure of confidential mental health information in a judicial or administrative proceeding *where the court or agency has issued an order or subpoena.* This statute explicitly provides an exception to the privilege of confidentiality of mental health records in the exact situation.

Additionally the Texas Rules of Evidence provide another exception to the privilege of confidentiality of mental health records. Under Rule 510(d)(5), the privilege does not apply "[i]f any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition."

The exception to the qualified privilege and the rules of evidence provide for the discovery of these mental health records because Mr. Heiliger has put Ms. Smith's mental condition at issue. (SCR 10, 19, 24, 28 and 30)


## C. No Right to Mandamus Relief for Appellee

The Texas Supreme Court has established a two-prong test that courts apply to petitions for writ of mandamus. *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (orig. proceeding). Under this standard, the trial court must have abused its

discretion, and as a result, the party seeking relief must have been left without an adequate remedy on appeal. *Id* at 839-40.

To determine a clear abuse of discretion, a reviewing court may not substitute its judgment for that of the administrative tribunal to resolve matters committed to that tribunal's discretion of factual issues. *Id* at 839. The party seeking relief must establish there is only one result that the Division could have reasonably reached. *Id.* at 840. Because reasonable minds differ, the fact that one court would have decided the case differently will not give rise to an abuse of discretion "unless it is shown to be arbitrary and unreasonable." *Id.*

Mandamus relief will not issue when "the law has provided another plain, adequate, and complete remedy." *Aycock v. Clark*, 94 Tex. 375, 60 S.W. 665, 666 (1901); see also *Canadian Helicopters v. Wittig*, 876 S.W.2d 304, 305-06 (Tex. 1994) (orig. proceeding) (affirming that mandamus relief must be the exclusive remedy for the parties); *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding) (noting that parties must have no other available appellate relief). Absent very specific exceptions, Texas jurisprudence requires that an alternative appellate remedy must not exist before a court may grant mandamus relief. *In re State Bar of Tex.*, 113 S.W.3d 730, 734 (Tex. 2003) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)).

The Division has not acted beyond the scope of its lawful authority because the ALJ is the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given to the evidence. The ALJ may allow parties to conduct discovery as necessary. See TEX. LABOR CODE Ann. § 410.165 and § 410.162. Furthermore, Texas law contemplates that mental health records can be subjected to the subpoena power of a judicial or administrative proceeding. See TEX. HEALTH & SAFETY CODE § 611.006(a)(11). The ALJ has not clearly abused her discretion in ordering the production of these records when Mr. Heiliger has put Ms. Smith's mental condition at issue by seeking opinions that Ms. Smith suffered from stress that may have contributed to her death and her psychiatrist Dr. Marcellus treated Ms. Smith for Post-Traumatic Stress Disorder. (SCR 10, 19, 24, 28 and 30)

Mr. Heiliger has several adequate remedies at law. The Deposition Subpoena at issue requires any records obtained by Fort Bend County to be held confidentially. (5RR2) The Texas Labor Code requires information relating to a workers' compensation claim to remain confidential when released to any person, except when used in court for the purposes of an appeal. See TEX. LABOR CODE Ann. § 402.083(a) and § 402.086(a). Mr. Heiliger has at least four other remedies: an Appeals Panel review; judicial review in district court; appellate review in the courts of appeal; final review in the Texas Supreme Court.

## D. Ultra Vires Does Not Lie

To sustain an ultra vires claim, a party must allege, and ultimately prove, that the named governmental employee acted without legal authority or failed to perform a purely ministerial act." *Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339, 344–45 (Tex. 2019), citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Only *prospective* injunctive relief is available on an *ultra vires* claim. *Id.* at 374–77.

***An ultra vires claim depends on the scope of the state official's authority, not the quality of the official's decisions.*** *Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 68 (Tex. 2018) (emphasis added), citing *Hall v. McRaven*, 508 S.W.3d 232, 234 (Tex. 2017). Thus, it is not an ultra vires act for an official to make an erroneous decision within the authority granted. *Id.*

To fall within the ultra vires exception, a suit must allege that a state official acted without legal authority or failed to perform a purely ministerial act; it must not attack the official's exercise of discretion. *Tex. Dep't of Ins., Div. of Workers' Comp. v. Brumfield*, No. 04-15-00473-CV, 2016 WL 2936380, at *4–5 (Tex. App.—San Antonio May 18, 2016, no pet.). In that case the pleadings regarding the Commissioner of the Texas Department of Insurance simply stated that he acted beyond his statutory authority in failing to properly apply, interpret, and enforce the statute and rules for which declaratory relief was sought, *Id.* The Court held the

29

pleadings failed to include any specific facts indicating that the Commissioner acted without legal authority or failed to perform a purely ministerial act. *Id.* Rather, the focus of the allegations was a discretionary act -- the Division's decision to deny a claim for workers' compensation. *Id.* "Complaints that an official reached a wrong result when exercising its delegated authority are insufficient to state an ultra vires claim of exceeding statutory authority." *Id.*, quoting *Moers v. Harris Co. Appraisal Dist.*, 469 S.W.3d 655, 666 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). The *Brumfield* Court ultimately held that Brumfield's pleadings affirmatively demonstrated that his claims against the Commissioner did not fall within the ultra vires exception. *Id.*

For these reasons, an ultra vires claim does not lie in this case. The Division has not exceeded its authority in conducting discovery, ruling on discovery and ordering the disclosure of records authorized by statute to be disclosed via a subpoena. The Texas Workers' Compensation Act specifically sets out how subpoenas are to issue and how they are to be enforced in workers' compensation contested case hearings. Further, Ms. Smith's mental health records are not being disclosed publicly. The records are being disclosed as an authorized disclosure contemplated by the Texas Health and Safety Code.[12]

---

[12] See TEX. HEALTH & SAFETY CODE ANN. § 611.006(a)(11).

## 2. NO PROBABLE RIGHT OF RELIEF EXISTS

No probable right to the relief sought exists. Ms. Smith's mental health records are protected by a qualified privilege that can be pierced in judicial proceedings when a party makes the condition a part of its claim or defense.

Under Texas Health & Safety § 611.006(11), a disclosure of mental records in an administrative proceeding where the agency has issued a subpoena for their production is a legally authorized disclosure. A person has a civil cause of action for damages only if he is aggrieved by the improper disclosure of confidential records. TEX. HEALTH & SAFETY CODE § 611.005 (a), (c). Health and Safety Code Section 611.005 does not authorize a cause of action for an authorized disclosure of confidential records in a judicial or administrative proceeding under Section 611.006. Therefore, Mr. Heiliger has no cause of action to support his request for injunctive relief.

Texas law does protect mental health records but that protection is not an absolute privilege. *R.K. v. Ramirez*, 887 S.W.2d 836, 840 (Tex. 1994). It is a qualified privilege that can be pierced in judicial proceedings when a party makes the condition a part of its claim or defense.[13] In fact, a number of exceptions, most

---

[13] See TEX. HEALTH & SAFETY CODE ANN. § 611.006(a)(11). See also TEX. R. EVID. 510 ("If any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.).

31

commonly the patient-litigant exception, limits the scope of the privilege. *Ramirez* at 840. "Additionally, a party may not assert one of the privileges in order to withhold 'evidence which would materially weaken or defeat, the asserting party's claims.'" *Id.*. Such a prohibited application of the privilege is an "offensive use." *Id.*

Whether the mental health condition is part of a party's claim or defense is determined from the face of the pleadings and then, if necessary, from the allegedly privileged records. See *In re Richardson Motorsports, Ltd.*, 690 S.W.3d 42, 56 (Tex. 2024) (orig. proceeding).

The patient-litigant exception is met in this case. The issue before the Division is whether Ms. Smith's death was a result of the compensable injury sustained on April 10, 2023. (SCR 10, 19, 24, 28 and 30) Mr. Heiliger placed Ms. Smith's mental condition in controversy by asserting there is a causal link between Ms. Smith's stressful work and her death. (SCR 10, 19, 24, 28 and 30) Mr. Heiliger obtained a letter from Ms. Smith's psychiatrist, Dr. Marcellus, stating that he treated Ms. Smith for a stress-related disorder. (SCR 10, 19, 24, 28 and 30) By Mr. Heiliger's raising stress as a cause of Ms. Smith's death, Dr. Marcellus' records concerning her complaints and sources of stress became relevant to and will affect the resolution of whether she died within the course and scope of her employment.

32

Mr. Heiliger has presented no evidence that there has been or will be an improper disclosure and he cannot because this disclosure is authorized by TEX. HEALTH & SAFETY CODE § 611.006(a)(11) and the Texas Rules of Evidence.

### 3. NO PROBABLE, IMMINENT, OR IRREPARABLE INJURY EXISTS

There is no probable, imminent or irreparable injury looming or even lurking in the vicinity of Mr. Heiliger at this stage. All of his rights, all of his due process are protected and can be handled at the Division level. The Texas Labor Code has given Mr. Heiliger a road map, the vehicle and the keys to get there. He simply refuses to follow procedure and has instead hijacked the legal system.

The Labor Code, the Rules promulgated by the Division and the Government Code, *supra*, all lay out the procedure for obtaining discovery and enforcing a discovery subpoena during a workers' compensation dispute. Mr. Heiliger and the District Court have veered off the required route the Legislature has mandated. The facts of whether the Deposition Subpoena should issue or not are not ripe for judicial review. A district court is the place to argue whether the Deposition Subpoena should be compelled, but there is only one way to get to the District Court at this stage and that is through Government Code 2001.201. Only the ALJ or the party seeking to compel a subpoena at the Division level can invoke the procedure in Government Code § 2001.201 to compel a subpoena at the Division level. This can

33

only be done after the target of the subpoena or the person affected by it, in this case Mr. Heiliger, has indicated noncompliance or sought protection. Mr. Heiliger has done nothing at the Division level to allow Government Code § 2001.201 to be invoked. He has not objected to the live Deposition Subpoena. He has not filed a motion to quash the live Deposition Subpoena. He has not sought a protective order from the live Deposition Subpoena. Instead Mr. Heiliger has improperly sought judicial review before obtaining a final decision from the Division.

The policy to require a party to be aggrieved of a final decision of the Division of Workers' Compensation is to ensure disputes are resolved quickly and objectively. Allowing Mr. Heiliger to seek redress in district court deprives the Division of Workers' Compensation the chance to resolve disputed fact issues and apply its statutorily created authority, thereby distorting the balances struck in the Texas Workers' Compensation Act and frustrating the Legislature's intent. Further, an extra-statutory cause of action builds additional costs into the system by increasing litigation expenses to employees, insurers, and employers.

Allowing the administrative process to be circumvented as Mr. Heiliger has attempted would result in claimants running to district court at every adverse interlocutory order with potential conflicting results in 254 counties. The orderly administration of justice would become unpredictable and unreliable destroying the right to a fair and equitable adjudication at the administrative level. Not to mention

34

the cost to injured workers' and their families, as well as the drawn out legal process before they could obtain relief.

Because neither the Division nor Fort Bend County has sought to enforce the Deposition Subpoena order under Government Code § 2001.201, and since there is no provision for the target of the subpoena or party affected by the subpoena to challenge the subpoena in district court until enforcement is sought in district court, the District Court has erred in asserting jurisdiction. Unless or until the ALJ or Fort Bend County moves to enforce the Deposition Subpoena, Mr. Heiliger has suffered no harm and the District Court has exceeded its authority to step in.

Further there is no harm because Fort Bend County argued before the District Court that the records will not be publicly disclosed. The Act prohibits the public disclosure of information derived from a workers' compensation claim unless a claim has been finally adjudicated. See Tex. Lab. Code § 402.083 ((a) Information in or derived from a claim file regarding an employee is confidential and may not be disclosed by the division except as provided by this subtitle or other law. (b) Information concerning an employee who has been finally adjudicated of wrongfully obtaining payment under Section 415.008 is not confidential.) Further, information relating to a claim that is confidential under this subtitle remains confidential when released to any person, except when used in court for the purposes of an appeal. See

35

Tex. Lab. Code § 402.086(a). Fort Bend County has never opposed an *in camera* inspection of Ms. Smith's mental records. In fact, Fort Bend County has protected the limited records it does possess by filing them as sensitive data at the trial court and appellate levels.

## CONCLUSION

The District Court erred enjoining discovery at an administrative contested case hearing properly before the Texas Department of Insurance – Division of Workers' Compensation. Appellee has not shown an irreparable, imminent injury exists, nor has he shown a viable cause of action exists for the District Court to overstep its rightful bounds. The Texas Legislature, in its wisdom, saw fit to assign this matter to a specialized body with the tools, training and time to handle it properly. The Division of Workers' Compensation was created to take the load off the courts, to apply its focused knowledge to claims of workplace injuries without dragging hard-working folks through long-winded litigation. Parties like Appellee, who seek the end result without the journey, must mind the rules of the road or else the whole system runs off the rails. The Legislative scheme for conducting worker's compensation contested case hearings specifically sets out the process for the issuance and enforcement of discovery, including subpoenas.

Fort Bend County beseeches this Court to allow the proper administrative tribunal to carry out its mandated duty without further interference.

## **PRAYER**

WHEREFORE, ARGUMENT AND AUTHORITY CONSIDERED, the Appellant Fort Bend County respectfully requests the Court to reverse the April 2, 2025, Order Granting Temporary Injunction and Setting Trial on Merits and render judgment that this case be dismissed and for such further and other relief to which it may be entitled.

Respectfully submitted,

DEAN G. PAPPAS LAW FIRM, PLLC

By: */s/ Lisa M. Teachey*
    Dean G. Pappas
    State Bar No. 15454375
    dpappas@dgplawfirm.com
    Mary M. Markantonis
    State Bar No.12986800
    mmarkantonis@dgplawfirm.com
    Lisa M. Teachey
    State Bar No. 24056416
    lteachey@dgplawfirm.com
    Marilyn J. Allen
    State Bar No. 24025225
    mallen@dgplawfirm.com
    8588 Katy Freeway, Suite 100
    Houston, Texas 77024
    713-914-6200-Telephone
    713-914-6201-Facsimile
    ATTORNEYS FOR APPELLANT
    FORT BEND COUNTY

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limitations of TEX. R. APP. P. 9.4(i)(3) because this petition consists of 8,759 words as determined by Microsoft Word Count, excluding the parts of the petition exempted by TEX. R. APP. P. 9.4(i)(1).

*/s/ Lisa M. Teachey*
Lisa M. Teachey

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Appellant's Brief, including any and all attachments, was served on counsel of record by using the Court's e-filing system on the 20th day of June 2025, addressed as follows:

***Via eFile through the electronic filing manager***
Russell L. Morris
Pablo A. Franco
Andrew W. Bruce
McBryde Franco, PLLC
11000 Richmond Avenue, Suite 350
Houston, Texas 77042

*Attorneys for Appellee Joshua Heiliger, Individually and on Behalf of the Estate of Lauren Brittane Smith, Deceased, and on Behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger, Real Party in Interest*

***Via eFile through the electronic filing manager***
Ken Paxton
Brent Webster
Ralph Molina
James Lloyd
Ernest C. Garcia
Sherlyn Harper
Office of the Attorney General of Texas
808 Travis Street, Suite 1520
Houston, Texas 77002

James Z. Brazell
Assistant Attorney General, Administrative Law Division
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548

*Attorneys for Appellant Francesca Okonkwo, Administrative Law Judge in her official capacity, Real Party in Interest*

***Via eFile through the electronic filing manager***
LaVerne Chang
511 Lovett Blvd.
Houston, Texas 77006

*Attorney for Greater Houston Psychiatric Associates, PLLC, Real Party in Interest*

/s/ Lisa M. Teachey
Lisa M. Teachey

# APPENDIX

TAB A:     April 2, 2025, Order denying Fort Bend County's Plea to the Jurisdiction and Motion to Dismiss (CR611)

TAB B:     April 2, 2025, Order granting temporary injunction and setting case for trial on the merits (CR606-610)

TAB C:     January 27, 2025, Division Deposition Subpoena of Ms. Smith's mental records (5RR2);

TAB D:     Division - Contested Case Hearing set notice for August 7, 2025

TAB E:     Division - Order vacating the September 19, 2024, Subpoena and Vacating the Subsequent Order to Compel

TAB F:     Division - Fort Bend County's September 9, 2024, Amended Opposed Motion to Subpoena Medical Records from Dr. John Marcellus;

TAB G:     Division - Claimants' September 9, 2024, Objection to Carrier's Opposed Motion to Subpoena mental Health Records from Dr. John Marcellu

TAB H:     Division - September 19, 2024, Order on Motion to Subpoena Medical Records

TAB I:     Petitioner's Verified Original Petition for Declaratory Judgment, Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction filed November 7, 2024

TAB J:     Texas Government Code § 2001.201

TAB K:     Texas Health and Safety Code, Chapter 611

TAB L:     Texas Rule of Evidence 510

TAB M:     Texas Labor Code § 402.001

TAB N:     Texas Labor Code § 402.00114

TAB O:      Texas Labor Code § 410.002

TAB P:      Texas Labor Code § 410.003

TAB Q:      Texas Labor Code § 410.157

TAB R:      Texas Labor Code § 410.158

TAB S:      Texas Labor Code § 410.162

TAB T:      Texas Labor Code § 410.163

TAB U:      Texas Labor Code § 410.165

TAB V:      Texas Labor Code § 410.251

TAB W:      28 Tex. Admin. Code § 141.4

TAB X:      28 Tex. Admin. Code § 142.1

TAB Y:      28 Tex. Admin. Code § 142.2

TAB Z:      28 Tex. Admin. Code § 142.12

TAB AA:    28 Tex. Admin. Code § 142.13

TAB BB:    Texas Labor Code § 406.034

TAB CC:    Texas Labor Code § 402.083

TAB DD:    Texas Labor Code § 402.086

TAB EE:    Texas Labor Code § 415.008

3/20/2025 12:40:46 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 98690123
By: OUGRAH, CHANCESAS
Filed: 3/20/2025 12:40:46 PM
Pgs-1

CAUSE NO: 2024-78536

| | | |
|---|---|---|
| In re Joshua David Heiliger, Individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger | § § § § § § § § § | IN THE DISTRICT COURT OF PJURY DISMY |
| *Petitioner,* | § § | |
| v. | § | |
| Texas Department of Insurance; Francesca Okonkwo, Administrative Law Judge; Greater Houston Psychiatric Associates, PLLC, et al. | § § § § § § | 11TH JUDICIAL DISTRICT |
| *Respondents.* | § § § | |
| Fort Bend County, *Intervenor* | § § | HARRIS COUNTY, TEXAS |

## ORDER DENYING FORT BEND COUNTY'S
## PLEA TO THE JURISDICTION AND MOTION TO DISMISS

After considering Real Party in Interest's First Amended Plea to the Jurisdiction and Motion to Dismiss, filed by Fort Bend County as a Real Party in Interest, any timely responses and/or replies thereto, any argument of counsel, the Court finds is of opinion the Plea to the Jurisdiction and Motion to Dismiss should be **DENIED**.

Signed on this the _____ day of _____, 2025.

Signed:
4/2/2025 _____
PRESIDING JUDGE

TAB A

611

1

3/20/2025 3:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 98704339
By: Anais Aguirre
Filed: 3/20/2025 3:29 PM
Pgs-5

## CAUSE NO: 2024-78536

| | | |
|---|---|---|
| In re Joshua David Heiliger, Individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger<br>*Petitioner,*<br><br>v.<br><br>Texas Department of Insurance; Francesca Okonkwo, Administrative Law Judge; Greater Houston Psychiatric Associates, PLLC, et al.<br>*Respondents.*<br><br><hr><br>Fort Bend County,<br>*Intervenor* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF <sup>TINJX</sup> TRILX<br><br><br><br>11TH JUDICIAL DISTRICT<br><br><br><br><br><br>HARRIS COUNTY, TEXAS |

## ORDER GRANTING TEMPORARY
## INJUNCTION AND SETTING TRIAL ON MERITS

TO THE HONORABLE JUDGE OF SAID COURT:

On this day, the Court considered Petitioner's Fourth Amended Verified Original Petition and Application Temporary Injunction ("Application") filed by Petitioner, Joshua David Heiliger, individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger, and Emma Destiny Heiliger.

Having considered the Application, the briefs filed by the parties, if any, and all evidence presented at the hearing before the Court, as well as taking judicial notice of the Court's file, the Court FINDS Petitioner's Verified Application for Temporary Injunction describes the alleged harm complained about and establishes t the claimed harm is imminent, that it is irreparable, and

that Petitioner is without an adequate remedy at law, authorizing the Court to grant this order. The Court finds clear evidence, absent immediate restraint, Petitioner will suffer imminent and irreparable injury, and that these risks are imminent because the harm sought to be avoided relates to the disclosure of privileged and confidential records.

Specifically, the Court finds that:

(1) Petitioner has asserted valid causes of action against Respondents;

(2) Petitioner has demonstrated a probable right to relief or recovery; and

(3) If not restrained, Respondents will, in all likelihood, continue their actions against Petitioner, which will probably cause immediate and irreparable injury, for which there is no adequate remedy at law, including the impairment or loss of statutory and constitutional rights and privileges, and that remedy by appeal would be ineffective because, once revealed, the documents, and information contained therein, cannot be subsequently protected; and,

(4) That any resulting damages from an improper disclosure cannot be measured by any pecuniary standard.

Accordingly, the Court finds it necessary to preserve the status quo and safeguard Petitioner from imminent and irreparable harm by issuing this temporary injunction order against Respondents.

IT IS FURTHER THEREFORE ORDERED that a temporary injunction issue, and shall be effective and binding upon the signing of this order, without the need for issuance or service of a writ of injunction, pending trial of this cause on the merits, or the dismissal of this lawsuit as a result of this lawsuit as a result of settlement or release restraining Respondents Okonkwo and ~~or further order of this Court~~

Greater Houston Psychiatric Associates, PLLC, as well as any individuals or entities in active concert or participation with them who receive actual notice of the Order by personal service or otherwise, as follows:

(a) Disclosing, in any manner, Lauren Smith's mental health records containing privileged communications, or the privileged communications contained therein, from Greater Houston Psychiatric Associates, PLLC, and/or Dr. John Marcellus;

(b) ~~Enforcing, attempting to enforce, or complying with, the order(s) and subpoena(s) issued by Respondent Okonkwo dated September 19, 2024, October 30, 2024, or January 27, 2025, compelling or ordering the inspection, copying, production, or disclosure of Lauren Smith's privileged mental health records.~~

IT IS FURTHER ORDERED that, in lieu of requiring Petitioner to execute and file a new bond for issuance of the temporary injunction, the $500.00 cash deposit filed by Petitioner and accepted by the Harris County District Clerk on or about November 13, 2024, in connection with the Temporary Restraining Orders signed in this lawsuit is hereby deemed extended in conformity with the law to the period during which the Temporary Injunction is in effect.

IT IS FURTHER ORDERED that this injunction shall remain in force and effect until further order of the Court. Trial on the merits in this matter is set for the two-week docket starting on Dec. 1, 2025 at ~~a.m./p.m. which is a trial date more than ten (10) months from the date of the original filing of this proceeding.~~

Signed:
4/2/2025

Judge's Signature

Respectfully submitted,

*/s/ Russell L. Morris*
Russell L. Morris
State Bar No. 24099150
Andrew W. Bruce
State Bar No. 24113627
Pablo A. Franco
State Bar No. 24121625
MCBRYDE FRANCO, PLLC
11000 Richmond Avenue, Suite 350
Houston, TX 77042
(713) 223-7699
(512) 691-9072 [facsimile]
serv.russell@mf-txlaw.com

**ATTORNEYS FOR PETITIONER**

## CERTIFICATE OF SERVICE

I certify that the foregoing document to which this certificate is attached was served, prepaid and/or facsimile and/or EFILE, on the date below upon each listed party or, if of record in this cause, that party's named attorney of record at the respective last known address as follows:

**VIA E-FILE:**
Lisa M. Teachey
Dean G. Pappas Law Firm, PLLC
8588 Katy Freeway, Suite 100
Houston, TX 77024
lteachey@dgplawfirm.com

**ATTORNEY FOR INTERVENOR**

**VIA E-FILE:**
Sherlyn Harper
Office of the Attorney General of Texas
808 Travis Street, #1520
Houston, TX 77002
Sherlyn.harper@oag.texas.gov

James Z. Brazell
Assistant Attorney General, Administrative Law Division
P.O. Box 12548, Capital Station
Austin, TX 78711-2548
james@brazell@oag.texas.gov

**ATTORNEYS FOR RESPONDENT,
FRANCESCA OKONKWO,
ADMINISTRATIVE LAW JUDGE**

**VIA E:FILE:**
LaVerne Chang
Suzan Cardwell
Cardwell & Chang, PLLC
511 Lovett Blvd.
Houston, TX 77006
chang@cardwellchang.com
cardwell@cardwellchang.com

**ATTORNEYS FOR RESPONDENT,
GREATER HOUSTON PSYCHIATRIC
ASSOCIATES, PLLC**

Date: March 20, 2025

/s/ Russell Morris
Russell Morris

RPI
Exhibit A
PENGAD-Bayonne, N. J.



This deposition subpoena is issued in the name of the State of Texas.

**To:** Any Sheriff or Constable of the State of Texas or any other person authorized to serve and execute subpoena under 28 TAC §142.12 and Rule 176.5(a) of the Texas Rules of Civil Procedure.

**Instructions:** You are hereby commanded to summon the person named below to appear at the deposition of Dr. John Marcellus or the Custodian of Records for Dr. John Marcellus and to produce and permit inspection and copying of the documents and/or tangible things in the possession, custody, or control of the person summoned, by producing the records to the court reporter at the deposition and/or delivering them to the requesting person at the address indicated.

**Summoned Person:** Dr. John Marcellus or the Custodian of Records for Dr. John Marcellus.

**Required Action:** To appear for the deposition and produce and permit inspection and copying of the designated documents or tangible things in the possession, custody, or control of the summoned person as described herein.

**Documents and/or Tangible Things to be Produced:** Medical Records from 01/01/2020 to the 04/01/2023 pertaining to Lauren Smith, (SS# xxx-xx-4261; Date of Birth: 10/18/1982).

**Location:** Office of Dr. John E. Marcellus, 4888 Loop Central Drive, Suite 510, Houston, TX 77081, Phone 713-346-1551, Fax: 713-346-1577.

**Date and Time:** February 24, 2025, at 10:00 a.m.

Lauren Smith v. Fort Bend County, Docket Number: 24229142-01, in the Texas Department of Insurance, Division of Workers' Compensation.

**Requested By:** Marilyn J. Allen, Dean Pappas Law Firm, 8588 Katy Freeway, Suite #100 Houston, Texas 77024, Telephone: 713-914-6200

**Sanctions Notice:** Failure of any person to comply with this deposition subpoena may result in sanctions under Section 415.021 of the Texas Labor Code. This deposition subpoena may be enforced through the provisions of Section 2001.201 of the Texas Government Code.

This deposition subpoena is issued under my official signature on, __January 27__, 2025.

*Franca Okonkwo*
Administrative Law Judge
Texas Department of Insurance
Division of Workers' Compensation

**Proof of Service**

I acknowledge receipt of the above deposition subpoena on __January 29th, 2025__, and hereby state that the deposition subpoena was executed by personal service of a true and correct copy on said witness, on __February 10th, 2025__, at __1:15__ __p__.m.

Signature of Process Server

TAB C


**Injured employee:** LAUREN SMITH
**DWC claim/docket #:** 24229142-01-CC-HE
**Date of injury:** 04/10/2023 **RECEIVED**
**Employer:** Fort Bend County
**Insurance carrier:** Fort Bend County JUN 4 2025
**Insurance carrier claim #:** 6000068
**Date:** 6/4/2025 Dean G. Pappas Law Firm, PLLC

Fort Bend County
301 Jackson St
Richmond, TX 77469-3108
Box Nbr: 29

## Your contested case hearing is rescheduled.

The hearing that was scheduled with the Texas Department of Insurance, Division of Workers' Compensation (DWC) for 6/9/2025, at 10:30 a.m. is changed to the date, time, and place below.

| | |
|---|---|
| **You must go to the hearing on 8/7/2025, at 8:30 a.m., Central time. (The employer is not required to attend unless it filed the dispute.)** | |
| **Your hearing will be held at:** | **Place: Division of Workers' Compensation**<br><br>**TDI-DIV. WORKERS' COMPENSATION**<br>**5425 POLK, SUITE 130**<br>**ELIAS RAMIREZ BUILDING**<br>**HOUSTON, TX 77023**<br>**(800) 252-7031** |

## Need help?

- Go to www.tdi.texas.gov/wc/employee/dispute.html to learn more about dispute resolution.
- If you want an attorney and need help finding one, call the **State Bar of Texas** at 800-252-9690.
- If you do not have an attorney and want help from an ombudsman, go to www.oiec.texas.gov or call the **Office of Injured Employee Counsel** at 866-393-6432, ext. 44186.

## Questions?

- Call 800-252-7031, Monday to Friday, 8 a.m. to 5 p.m., Central time.
- Go to www.tdi.texas.gov/wc to learn more about workers' compensation.

TAB D

## How to exchange your information with DWC and the other parties:

You are responsible for sending your information securely. What you send to DWC must also be sent to the other parties.

Hearing exhibits should be sent to DWC and the other parties at least **three days** before the hearing.

## Hearing exhibits may be sent to DWC by:

- **Email:** CCH_Exhibits@tdi.texas.gov (Use an underscore between CCH and Exhibits.)

- **Fax:** 512-804-4011
  - Break your documents into separate sections of less than 40 pages each.
  - Fax each section separately with a cover page.
  - Each cover page should include:
    - the DWC claim number; and
    - the number of each section. For example, Section 1 of 3, Section 2 of 3, and so on.

- **Mail:** Texas Department of Insurance, Division of Workers' Compensation
  Hearings, Mail Code HRG
  PO Box 12050
  Austin, TX 78711-2050

- **Secure File Transfer Protocol (SFTP):** An SFTP account is a secure, electronic way to upload your documents.
  - If you want an SFTP account, contact DWC at eFiling-Help@tdi.texas.gov
  - To learn more, go to www.tdi.texas.gov/wc/carrier/efileoptions.html

We sent a copy of this letter to:

Fort Bend County
301 Jackson St
Richmond, TX  77469-3108

MARILYN JO ALLEN
Dean G Pappas Law Firm PLLC
8588 Katy Fwy Ste 100
Houston, TX  77024-1813

Russell L Morris
McBryde Franco PLLC
11000 Richmond Ave Ste 350
Houston, TX  77042-6702

EMMA D HEILIGER
5804 SPRING RIVER LANE
FULSHEAR, TX 77441

JOSHUA D HEILIGER
5804 SPRING RIVER LANE
FULSHEAR, TX 77441

STATE OF TEXAS

COUNTY OF HARRIS

Before me the undersigned authority personally appeared Lisa M. Teachey who, being duly sworn by me, upon her oath deposed and stated that she is an attorney with Dean G. Pappas Law Firm, PLLC and represents Fort Bend County in the above entitled and numbered matter and is a custodian of Fort Bend County's files in DWC Docket No. 24229142-01 styled *Lauren Smith (Deceased), Claimant v. Fort Bend County, Insurance Carrier* and Cause No. 2024-78536, styled *In re Joshua David Heiliger, et al v. Texas Department of Insurance, Division of Workers' Compensation, et al* and the documents attached hereto are true and correct copies of the law firm's file copies of the pleadings and filings in these matters.

Signed this 11th day of June, 2025.

_____
Lisa M. Teachey

Subscribed and sworn to before me the undersigned authority, by Lisa M. Teachey, known to me to be the person whose signature is subscribed above on this 11th day of June, 2025.

_____
Notary Public in and for
The State of Texas

My commission expires:



HOPE BURNETT-FURLOW
Notary Public, State of Texas
My Commission Expires
June 08, 2026
NOTARY ID 13380210-7

CONFIDENTIAL
Texas Labor Code
§402.083

# TEXAS DEPARTMENT OF INSURANCE
## Division of Workers' Compensation
### Houston East Field Office
### Houston, Texas



RECD
02.18.25.
DGP

| | | |
|---|---|---|
| **Lauren Smith (Deceased),** **Claimant** | § § § | |
| | § | |
| **v.** | § § § | **Docket Number** **24229142-01-CC** |
| | § | |
| **Fort Bend County,** **Insurance Carrier** | § § § | |

### Order Vacating the September 19, 2024 Subpoena of Medical Records and Vacating the Subsequent Order to Compel

On February 6, 2025, the insurance carrier, Fort Bend County, self-insured, filed a notification that it withdraws the September 19, 2024, subpoena issued by Administrative Law Judge Okonkwo ordering the production and disclosure of Mrs. Smith's mental health records. The insurance carrier now relies upon the Administrative Law Judge's January 27, 2025, Order issuing the Deposition Subpoena of Dr. John Marcellus that is now in effect.

The Administrative Law Judge finds that there is good cause to vacate the September 19, 2024, subpoena and the subsequent order to compel the production and disclosure of Mrs. Smith's mental health records.

The September 19, 2024, subpoena and the subsequent order to compel are hereby vacated.

Signed on February 18, 2025.

Francisca N. Okonkwo
Administrative Law Judge

TAB E

 **Division of Workers' Compensation**

PO Box 12050 | Austin, TX 78711 | 800-252-7031 | tdi.texas.gov/wc

February 18, 2025

24229142-01-CC

JOSHUA D. HEILIGER
5804 SPRING RIVER LANE
FULSHEAR TX 77441

EMMA D. HEILIGER
5804 SPRING RIVER LANE
FULSHEAR TX 77441-2053

RUSSELL L MORRIS
MCBRYDE FRANCO PLLC
11000 RICHMOND AVE STE 350
HOUSTON TX 77042-6702

FORT BEND COUNTY
C/O DEAN G PAPPAS LAW FIRM LLC, BOX 29

MARILYN J. ALLEN
DEAN G PAPPAS LAW FIRM PLLC
8588 KATY FWY STE 100
HOUSTON TX 77024-1813

FORT BEND COUNTY
301 JACKSON ST
RICHMOND TX 77469-3108

STATE OF TEXAS

COUNTY OF HARRIS

Before me the undersigned authority personally appeared Lisa M. Teachey who, being duly sworn by me, upon her oath deposed and stated that she is an attorney with Dean G. Pappas Law Firm, PLLC and represents Fort Bend County in the above entitled and numbered matter and is a custodian of Fort Bend County's files in DWC Docket No. 24229142-01 styled *Lauren Smith (Deceased), Claimant v. Fort Bend County, Insurance Carrier* and Cause No. 2024-78536, styled *In re Joshua David Heiliger, et al v. Texas Department of Insurance, Division of Workers' Compensation, et al* and the documents attached hereto are true and correct copies of the law firm's file copies of the pleadings and filings in these matters.

Signed this 11th day of June, 2025.

Lisa M. Teachey

Subscribed and sworn to before me the undersigned authority, by Lisa M. Teachey, known to me to be the person whose signature is subscribed above on this 11th day of June, 2025.

Notary Public in and for
The State of Texas

My commission expires:

HOPE BURNETT-FURLOW
Notary Public, State of Texas
My Commission Expires
June 08, 2026
NOTARY ID 13380210-7

TEXAS DEPARTMENT OF INSURANCE
DIVISION OF WORKERS' COMPENSATION
HOUSTON EAST FIELD OFFICE
HOUSTON, TEXAS

| | | |
|---|---|---|
| Lauren Smith, <br> Claimant | § <br> § <br> § <br> § | |
| | § | Docket No. 24229142-01 |
| v. | § <br> § | |
| Fort Bend County, <br> Carrier | § <br> § <br> § | |

## Carrier's Amended Opposed Motion to Subpoena Medical Records from Dr. John Marcellus

The Self-Insured, Fort Bend County, files this Amended Opposed Motion to Subpoena the Claimant's Medical Records from *John E. Marcellus, M.D., Diplomate American Board of Psychiatry and Neurology in Child, Adolescent and Adult Psychiatry*, 4888 Loop Central Drive, Suite 510, Houston, TX 77081, Phone 713-346-1551, Fax: 713-346-1577 pertaining to *Claimant, Lauren Smith, deceased, (SS# xxx-xx-4261; Date of Birth: 10/18/1982),* and would show unto this Honorable Division the following:

This claim is set for a CCH on September 26, 2024, on the issue, among other things of whether the Claimant sustained a compensable injury on April 10, 2023, resulting in her death.

On April 10, 2023, at least eight hours after returning home from work, Lauren Smith, a 40-year-old female paramedic for Fort Bend County EMS passed away at home. According to the autopsy report and the death certificate, Ms. Smith died because of a brain hemorrhage (stroke) due to hypertensive (high blood pressure) cardiovascular disease

CARRIER'S OPPOSED MOTION TO SUBPOENA MEDICAL RECORDS -Page 1

TAB F

*aggravated by recent amphetamine use.*

The Carrier disputed liability and compensability of the claim and timely issued a PLN-1 based on its investigation that the employee did not sustain a compensable injury on April 10, 2023, that resulted in her death.

The surviving beneficiaries provided a medical report from her psychiatrist Dr. John E. Marcellus indicating that he had treated the decedent for many years on a regular and ongoing basis for ADHD and other conditions and that he had prescribed her Adderall and Vyvanse, amphetamine ADHD stimulant drugs. It is undisputed that Ms. Smith was hypertensive and that she used amphetamines which increase intracranial hypertension and make hemorrhagic strokes more likely.

The surviving beneficiaries also provided a patient history from Dr. Marcellus, indicating the decedent received Adderall and Vyvanse medication from 2012 through 4/03/2023; however, they did not provide any progress notes to show how this medication was monitored based on her complicated pre-existing medical conditions including hypertension, chronic anemia and cigarette smoking or how she used these drugs. (See Exhibit B).

To properly defend this claim, the Carrier is requesting a full and complete copy of the decedent's medical records from this facility for the three-year period from **January 1, 2020, through April 2023** so that the records may be carefully reviewed and submitted to a peer reviewer. These records are being requested pursuant to Rule 142.12 and Rule 142.13 of the Texas Workers' Compensation Act because they are relevant and good cause has been shown.

Based on the above, the Carrier believes good cause exists to grant the Opposed

Motion to Subpoena the Medical Records from **Dr. John Marcellus from January 1, 2020, through April 1, 2023.**

Respectfully submitted,

DEAN G. PAPPAS LAW FIRM, PLLC

By: _____

Dean G. Pappas
State Bar No: 15454375
dpappas@dgplawfirm.com
Marilyn J. Allen
State Bar No: 24025225
mallen@dgplawfirm.com
8588 Katy Freeway, Suite100
Houston, Texas 77024
Tel:    (713) 914-6200
Fax:    (713) 914-6201

ATTORNEYS FOR CARRIER
FORT BEND COUNTY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel and parties of record, by certified mail, return receipt requested, facsimile and/or hand-delivery on the 9th day of September 2024 as follows:

*Via Email: russell@mf-txlaw.com*
Russell L. Morris
McBryde Franco, PLLC
11000 Richmond Ave. Suite 350
Houston, TX 77042

_____
Marilyn J. Allen

## CERTIFICATE OF CONFERENCE

I contacted the Claimant's attorney, Russell Morris on 9/4/2024 and he was opposed to the motion.

_____
Marilyn J. Allen

TEXAS DEPARTMENT OF INSURANCE
DIVISION OF WORKERS' COMPENSATION
HOUSTON EAST FIELD OFFICE
HOUSTON, TEXAS

| Lauren Smith, | § | |
| Claimant | § | |
| | § | |
| | § | Docket No. 24229142-01 |
| v. | § | |
| | § | |
| Fort Bend County, | § | |
| Carrier | § | |

## Order on Motion to Subpoena Medical Records

The Division considered the Carrier's Opposed Motion to Subpoena Claimant's Medical Records from *John E. Marcellus, M.D., Diplomate American Board of Psychiatry and Neurology in Child, Adolescent and Adult Psychiatry*, 4888 Loop Central Drive, Suite 510, Houston, TX 77081, Phone 713-346-1551, Fax: 713-346-1577 pertaining to *Claimant, Lauren Smith, deceased, (SS# xxx-xx-4261; Date of Birth: 10/18/1982)*.

The Division finds good cause exists to obtain the medical records, pursuant to Rule 142.12 and 142.13 of the Texas Workers' Compensation Act.

Based on the above, the Carrier's Opposed Motion to Subpoena Medical Records from **January 1, 2020, through April 1, 2023**, from Dr. John E. Marcellus, Release of Information pertaining to Lauren Smith, decedent is approved.

SIGNED this _____ day of _____, 2024.

_____
Administrative Law Judge

**APPROVED:**

Respectfully submitted,

DEAN G. PAPPAS LAW FIRM, PLLC

By: _____

Marilyn J. Allen
State Bar No: 24025225
8588 Katy Freeway, Suite 100
Houston, Texas 77024
Tel:    (713) 914-6200
Fax:    (713) 914-6201

ATTORNEYS FOR CARRIER
FORT BEND COUNTY



**This subpoena is issued in the name of the State of Texas.**

**To:**     Any Sheriff or Constable of the State of Texas or any other person authorized to serve and execute subpoenas under Rule 176.5(a), Texas Rules of Civil Procedure (TRCP)

**Instructions:**     You are hereby commanded to summon the person named below to produce and permit inspection and copying of the documents and/or tangible things in the possession, custody, or control of the person summoned, by delivering them to the requesting person at the address indicated.

**Summoned Person:**     **Custodian of Records for Dr. John Marcellus, Release of Information**

**Required Action:**     Produce and permit inspection and copying of the designated documents or tangible things in the possession, custody, or control of the summoned person.

**Documents and/or Tangible**
**Things to be Produced:**     **Medical Records from 01/01/2020 to the 04/01/2023 pertaining to Lauren Smith, *(SS# xxx-xx-4261; Date of Birth: 10/18/1982)*.**

**Location:**     4888 Loop Central Drive, Suite 510, Houston, TX 77081, Phone 713-346-1551, Fax: 713-346-1577.

**Lauren Smith v. Fort Bend County, Docket Number: 24229142-01**, in the Texas Department of Insurance, Division of Workers' Compensation

**Requested By:**     Marilyn J. Allen, 8588 Katy Freeway, Suite #100 Houston, Texas 77024. Telephone: 713-914-6200

**Sanctions Notice:**     Failure of any person to comply with a subpoena may result in sanctions under Section 415.021 of the Texas Labor Code. A subpoena may be enforced through the provisions of Section 2001.201 of the Texas Government Code.

This subpoena is issued under my official signature on,

---
Administrative Law Judge
Texas Department of Insurance
Division of Workers' Compensation

**Proof of Service**

I acknowledge receipt of the above subpoena on _____, and hereby state that the subpoena was executed by personal service of a true and correct copy on said witness, on _____, at _____.m.

---
Signature of Process Server

CARRIER'S OPPOSED MOTION TO SUBPOENA MEDICAL RECORDS -Page 7



# DEAN G. PAPPAS, PLLC

ATTORNEYS AT LAW
8588 KATY FREEWAY
SUITE 100
HOUSTON, TEXAS 77024
TELEPHONE: 713-914-6200
FAX: 713-914-6201

MARILYN ALLEN
mallen@dgplawfirm.com

September 9, 2024

**_Via Facsimile: (512) 804-40111_**
Texas Department of Insurance
Division of Workers' Compensation
P.O. Box 12050
Austin, TX 78711

|     |          |                         |
| --- | -------- | ----------------------- |
| Re: | Claimant: | Lauren Smith (Deceased) |
|     | Claim No.: | 6000068 |
|     | Employer: | Fort Bend County |
|     | DOI: | 4/10/2023 |
|     | DWC: | 24229142-01 |

Dear Sir/Madam:

In regard to the above-mentioned case, enclosed please find the following documents for filing:

1. **Carrier's Amended Opposed Motion to Subpoena Medical Records from Dr. John Marcellus**

By copy of this letter, all parties are being notified of this filing. Thank you for your courtesy and cooperation.

Sincerely,

DEAN G. PAPPAS LAW FIRM, PLLC

Marilyn Allen

Marilyn Allen

MJA:on/Enclosure

Texas Department of Insurance
Division of Workers' Compensation
September 9, 2024
Page 2


cc:     *Via Email: russell@mf-txlaw.com*
        Russell L. Morris
        McBryde Franco, PLLC
        11000 Richmond Ave. Suite 350
        Houston, TX 77042

STATE OF TEXAS

COUNTY OF HARRIS

Before me the undersigned authority personally appeared Lisa M. Teachey who, being duly sworn by me, upon her oath deposed and stated that she is an attorney with Dean G. Pappas Law Firm, PLLC and represents Fort Bend County in the above entitled and numbered matter and is a custodian of Fort Bend County's files in DWC Docket No. 24229142-01 styled *Lauren Smith (Deceased), Claimant v. Fort Bend County, Insurance Carrier* and Cause No. 2024-78536, styled *In re Joshua David Heiliger, et al v. Texas Department of Insurance, Division of Workers' Compensation, et al* and the documents attached hereto are true and correct copies of the law firm's file copies of the pleadings and filings in these matters.

Signed this 11th day of June, 2025.

Lisa M. Teachey

Subscribed and sworn to before me the undersigned authority, by Lisa M. Teachey, known to me to be the person whose signature is subscribed above on this 11th day of June, 2025.

Notary Public in and for
The State of Texas

My commission expires:



HOPE BURNETT-FURLOW
Notary Public, State of Texas
My Commission Expires
June 08, 2026
NOTARY ID 13380210-7

TEXAS DEPARTMENT OF INSURANCE
DIVISION OF WORKERS COMPENSATION
HOUSTON EAST FIELD OFFICE
HOUSTON, TEXAS

| | | |
|---|---|---|
| **LAUREN SMITH** | § | |
| | § | |
| **VS.** | § | **DWC: 24229142-01** |
| | § | |
| **FORT BEND COUNTY,** | § | |

## CLAIMAINTS' OBJECTION TO CARRIER'S OPPOSED MOTION TO SUBPOENA MENTAL HEALTH RECORDS FROM DR. JOHN MARCELLUS

TO THE HONORABLE ADMINISTRATIVE LAW JUDGE:

COMES NOW, Joshua Heiliger and Emma Heiliger ("Claimants"), and submits this their Objection to Carrier's Opposed Motion to Subpoena Mental Health Records from Dr. John Marcellus, and would show unto the Honorable Administrative Law Judge the following:

### I. BACKGROUND FACTS

1. On or about April 10, 2023, Mrs. Lauren Smith tragically and unexpectedly passed away from a fatal hemorrhagic stroke, occurring just hours after completing an arduous and stressful 48-hour shift as a paramedic with Fort Bend County Emergency Medical Services. Mrs. Smith's husband, Joshua Heiliger, and her adopted daughter, Emma Heiliger, have applied for death benefits, contending, with the support of several medical experts, that the stroke was directly and proximately caused by the strenuous conditions of her recent shift with Fort Bend County EMS.

2. The Carrier, Fort Bend County, has disputed liability and compensability, citing the Medical Examiner's report, which attributes Mrs. Smith's death to recent amphetamine use that purportedly exacerbated her pre-existing hypertension and cardiovascular disease.

TAB G

3. On or about September 5, 2024, the Carrier filed its Opposed Motion to Subpoena **23 years** of mental health records from Dr. John Marcellus, Mrs. Smith's psychiatrist. The Carrier filed its motion to subpoena mental health records citing Rule 142.12 and Rule 142.13 of the Texas Workers' Compensation Act.

4. The Claimants object to the requested subpoena as the records requested are privileged, confidential, irrelevant, sought for harassment, vague, overbroad, unduly burdensome, and not proportional to the needs of the case, as more thoroughly explained below.

5. Additionally, Claimants have provided extensive medical records regarding Mrs. Smith's medical history, including over 800 pages of her medical records from her primary care physician, pulmonologist, and hospitals that have treated her in the recent years, as well as her prescription history from Dr. Marcellus demonstrating the frequency and dosage of her prescriptions. Thus, the Carrier has all the medical records necessary for Carrier to present its alleged claim that Mrs. Smith's use of her legally prescribed medications is the cause of her untimely and tragic death.

6. In fact, Carrier's expert has had no problem issuing four (4) reports on this issue to date.[1] Likewise, Claimants' expert has had no issue opining as to his belief the stroke and resulting death was directly and proximately caused by the stressful and arduous 48-hour shift Mrs. Smith ended just hours before her untimely death.

7. Thus, Claimants assert the Administrative Law Judge should deny Carrier's motion for subpoena Mrs. Smith's mental health records.

---

[1] Interestingly, the Carrier argued that Claimants' request to depose multiple leadership employees of Fort Bend County, who also responded to Mrs. Smith's home the night she died and also issued a Line of Duty Death Letter to the Claimants, was "immaterial, irrelevant, overly broad," but somehow now believes that 23 years of mental health records, despite having 800+ pages of medical records and a detailed prescription history, should be ordered produced.

## II. OBJECTION TO CARRIER'S MOTION TO SUBPOENA

**The Records Are Confidential Under the Health and Safety Code.**

8. First, the mental health records requested are privileged and confidential between the patient and a professional, such as her psychiatrist, and may not be disclosed except for in extremely limited circumstances – none of which are present here. Tex. Health & Safety Code § 611.002 (a)-(b). Specifically, the code states "[c]ommunications between a patient and professional, and records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by a professional, are confidential." *Id.*

9. Seeing as the Carrier wishes to obtain the "progress notes" and "records" from Mrs. Smith's psychiatrist, the requested records will undeniably contain Mrs. Smith communications as well as any diagnosis, evaluations, or treatments by Dr. Marcellus. Therefore, the records are per se confidential and may not be disclosed unless an enumerated exception applies, or consent of the patient or representative of the patient is provided. The Heiligers do not provide their consent.

10. The statute provides three exceptions,[2] which are not applicable in this case. Section 611.002 states the only exceptions are found in Sections 611.004, 611.0041, and 611.0045."

11. Section 611.004 provides a list of eleven scenarios where a professional may disclose confidential information. *Id.* at §611.004. None of the eleven scenarios enumerated are applicable here or provide a specific basis to authorize or order the disclosure. The only portion that is relevant from 611.004 is subsection (a)(1) that simply says "if the disclosure is required or authorized by law" the records may be disclosed to a governmental agency. However, that does not provide an independent basis to pierce the confidentiality, nor does it make the mental health records relevant,

---

[2] Tex. Health & Safety Code §§ 611.004, 611.0041, 611.0045.

or bring them out of the realm of the request being harassing, abusive, overly burdensome, vague, or not proportional to the needs of the case. This section simply provides a safe harbor for the professional to avoid possible civil or criminal liability for complying with an order to produce the records.

12. Section 611.0041 permits a professional to disclose confidential to the descendant of a patient of a state hospital if the patient has been deceased for 50 years and the professional does have information that disclosure is against the patient's or the estate's previously expressed preference. *Id.* at §611.0041. This clearly does not apply here.

13. Section 611.0045 entitles a patient the right to have access to their own confidential, mental health records. *Id.* at §611.0045. Again, not applicable here.

14. Thus, there is no basis for the Carrier to receive access to Mrs. Smith's mental health records.

**The Mental Health Records are Privileged Under Texas Rules of Evidence.**

15. Further, the Carrier does not meet the exceptions under Texas Rule of Evidence Rule 501(d). An exception to the mental health privilege applies only when "a party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition." Tex. R. Evid. 501(d); *In re Richardson Motorsports, Ltd.*, 690 S.W. 3d 42 (Tex. 2024); *R.K. v. Ramirez*, 887 S.W.2d 836, 842 (Tex. 1994). "As a general rule, a mental condition will be 'part' of the claim or defense if the pleadings indicate that the jury must make a factual determination concerning the condition itself." *R.K.*, 887 S.W.2d at 842.

16. The Court also noted simply using a standard of whether the information sought is "relevant" to a party's claim or defense is too broad and as a result, the privilege would cease to

exist. *See Ramirez*, 887 S.W. 2d at 842. ("relevance alone cannot be the test, because such test would ignore the fundamental purpose of evidentiary privileges, which is to preclude discovery and admission of" such information). Thus, Carrier's argument that the records are "relevant" is not the appropriate standard for mental health records, and therefore, Carrier's motion should be denied.

17. Here, Mrs. Smith's condition(s) include attention deficit hyperactive disorder (ADHD) and post-traumatic stress disorder (PTSD). There is not a factual issue in this case related to Mrs. Smith's ADHD or PTSD. The only thing relevant from Dr. Marcellus is the prescriptions for Adderall and Vyvanse – and as previously mentioned, all the records related to such prescriptions have already been turned over to the Carrier. Neither the Carrier nor the Claimants are relying on Mrs. Smith's ADHD or PTSD for any claim or defense in this death benefits claim.

18. Therefore, the mental health privilege exception does not apply, and Mrs. Smith's mental health records are not discoverable. Of note, while the rules of evidence are not necessarily applicable in an administrative proceeding, there is a high likelihood this case will end up in District Court and the production of such records during the administrative proceeding, without regard to the Texas Rules of Evidence and the related privilege, would substantially prejudice the rights of the Claimants as the representatives of Mrs. Smith.

**Irrelevant, Vague, Unduly Burdensome, and Not Proportional to Needs of the Case**

19. Additionally, it is important to notice the Carrier is requesting a full and complete copy of the decedent's mental health records from Dr. Marcellus's facility from January 1, 2000, through April 2023. A **twenty-three (23)** year time period is overly broad, irrelevant, and sought for harassment. Therefore, Claimants object to the Carrier's motion as it is overly broad and irrelevant to the cause of Mrs. Smith's death.

20. The Carrier first requested five (5) years of records in their email correspondence to Claimants' counsel. Then, it is formal request for a subpoena, has now requested 23 years of records. Claimants do not believe any records, which have not already been provided, should not be ordered produced. However, as to Carrier's formal request, 23 years is obviously absurd and solely intended to sway the Administrative Judge to order to five (5) years originally requested.

21. It is difficult to conceive that a timeframe extended by almost fivefold could be construed as anything but unduly burdensome, harassing, and non-proportional. Claimants respectfully request the Administrative Law Judge to view this request for what it is: an attempt to distract the Administrative Law Judge from the irrelevance of the Carrier's request, ignore the confidentiality and privilege rules, and order production of these records.

22. However, Claimants trust the Administrative Law Judge will adhere to the law and rules related to privilege and confidentiality and deny Carrier's request.

**All Medical Records Have Been Provided**

23. Lastly but not least, the Carrier is already in possession of all relevant medical records necessary to litigate this case. As noted, Claimants provided 800 pages of medical records from Mrs. Smith's primary care physician, pulmonologist, and hospitals that treated her over the past several years. Additionally, Claimants provided Mrs. Smith's entire prescription history as it relates to the Adderall and Vyvanse she was prescribed by Dr. Marcellus. There is nothing else that is needed for Carrier to have an expert opine on the issue at hand: whether Mrs. Smith's hemorrhagic stroke that occurred within hours of completing a stressful 48-hour shift with Fort Bend County EMS is compensable.

24. The Motion submitted by Carrier states "it is undisputed ... she was hypertensive and that she used amphetamines which increase intracranial hypertension and make hemorrhagic

strokes more likely." This demonstrates Carrier's position and "defense." It also demonstrates the records Claimants have already provided are what the Carrier needs. The Carrier has Mrs. Smith's full medical file, aside from mental health records, and has Mrs. Smith's full prescription history related to amphetamines. The Carrier's expert has issued four (4) reports on this matter and has opined time and again as to her opinion on the cause of the stroke and resulting death at issue. The Claimants' expert has provided two (2) reports regarding the same. Nothing else is needed and the request is solely sought for harassment to further dig into the privacy of Mrs. Smith. The Carrier has not demonstrated sufficient evidence or basis to pierce the confidentiality and privilege of these records. Thus, the request should be denied.

Respectfully submitted,

*/s/ Russell L. Morris*
Russell L. Morris
State Bar No. 24099150
Andrew W. Bruce
State Bar No. 24113627
Pablo A. Franco
State Bar No. 24121625
MCBRYDE FRANCO, PLLC
11000 Richmond Avenue, Suite 350
Houston, TX 77042
(713) 223-7699
(512) 691-9072 [facsimile]
serv.russell@mf-txlaw.com

**ATTORNEYS FOR CLAIMAINTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded via as indicated below to all counsel on record on this the 9th day of September 2024.

**VIA EMAIL:**

Marilyn J. Allen,
DEAN G. PAPPAS LAW FIRM, PLLC,
8588 Katy Freeway, Suite 100,
Houston, Texas 77024
mallen@dpglawfirm.com

**ATTORNEYS FOR CARRIER**

*/s/ Russell L. Morris*
Russell L. Morris

STATE OF TEXAS

COUNTY OF HARRIS

Before me the undersigned authority personally appeared Lisa M. Teachey who, being duly sworn by me, upon her oath deposed and stated that she is an attorney with Dean G. Pappas Law Firm, PLLC and represents Fort Bend County in the above entitled and numbered matter and is a custodian of Fort Bend County's files in DWC Docket No. 24229142-01 styled *Lauren Smith (Deceased), Claimant v. Fort Bend County, Insurance Carrier* and Cause No. 2024-78536, styled *In re Joshua David Heiliger, et al v. Texas Department of Insurance, Division of Workers' Compensation, et al* and the documents attached hereto are true and correct copies of the law firm's file copies of the pleadings and filings in these matters.

Signed this 11th day of June, 2025.

Lisa M. Teachey

Subscribed and sworn to before me the undersigned authority, by Lisa M. Teachey, known to me to be the person whose signature is subscribed above on this 11th day of June, 2025.

Notary Public in and for
The State of Texas

My commission expires:



HOPE BURNETT-FURLOW
Notary Public, State of Texas
My Commission Expires
June 08, 2026
NOTARY ID 13380210-7

TEXAS DEPARTMENT OF INSURANCE
DIVISION OF WORKERS' COMPENSATION
HOUSTON EAST FIELD OFFICE
HOUSTON, TEXAS

| | | |
|---|---|---|
| Lauren Smith, | § | |
|     Claimant | § | |
| | § | |
| | § | Docket No. 24229142-01 |
| v. | § | |
| | § | |
| | § | |
| Fort Bend County, | § | |
|     Carrier | § | |

### Order on Motion to Subpoena Medical Records

The Division considered the Carrier's Opposed Motion to Subpoena Claimant's Medical Records from *John E. Marcellus, M.D., Diplomate American Board of Psychiatry and Neurology in Child, Adolescent and Adult Psychiatry*, 4888 Loop Central Drive, Suite 510, Houston, TX 77081, Phone 713-346-1551, Fax: 713-346-1577 pertaining to *Claimant, Lauren Smith, deceased, (SS# xxx-xx-4261; Date of Birth: 10/18/1982)*.

The Division finds good cause exists to obtain the medical records, pursuant to Rule 142.12 and 142.13 of the Texas Workers' Compensation Act.

Based on the above, the Carrier's Opposed Motion to Subpoena Medical Records from **January 1, 2020, through April 1, 2023**, from Dr. John E. Marcellus, Release of Information pertaining to Lauren Smith, decedent is approved.

SIGNED this   19th   day of   September            , 2024.

*Franca Okonkwo*
Administrative Law Judge

TAB H

CARRIER'S OPPOSED MOTION TO SUBPOENA MEDICAL RECORDS -Page 5

**APPROVED:**

Respectfully submitted,

DEAN G. PAPPAS LAW FIRM, PLLC

By: _____

        Marilyn J. Allen
        State Bar No: 24025225
        8588 Katy Freeway, Suite 100
        Houston, Texas 77024
        Tel:   (713) 914-6200
        Fax:  (713) 914-6201

ATTORNEYS FOR CARRIER
FORT BEND COUNTY

## 2024-78536 / Court: 61

CAUSE NO: _____

| | | |
|---|---|---|
| In re Joshua David Heiliger, | § | IN THE DISTRICT COURT OF |
| Individually, and on behalf | § | |
| of the Estate of Lauren | § | |
| Brittane Smith, deceased, | § | |
| and on behalf of Death | § | |
| Benefits Beneficiaries Joshua | § | |
| David Heiliger and Emma | § | |
| Destiny Heiliger | § | |
| *Petitioner*, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| Texas Department of | § | _____ JUDICIAL DISTRICT |
| Insurance, Division of | § | |
| Workers' Compensation; | § | |
| Cassie Brown, | § | |
| Commissioner, Texas | § | |
| Department of Insurance, | § | |
| Division of Workers' | § | |
| Compensation, in Her | § | |
| Official Capacity; Francesca | § | |
| Okonkwo, Administrative | § | |
| Law Judge, Texas | § | |
| Department of Insurance, | § | |
| Division of Workers' | § | |
| Compensation, in Her | § | |
| Official and Individual | § | |
| Capacities. | § | HARRIS COUNTY, TEXAS |
| *Respondents.* | § | |

### PETITIONER'S VERIFIED ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Petitioner, Joshua Heiliger, individually, and on behalf of the Estate of

Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David

Heiliger and Emma Destiny Heiliger ("Petitioner"), and files this his Verified Original Petition for

Declaratory Judgment, Application for Temporary Restraining Order, Temporary Injunction, and

STATE OF TEXAS

COUNTY OF HARRIS

Before me the undersigned authority personally appeared Lisa M. Teachey who, being duly sworn by me, upon her oath deposed and stated that she is an attorney with Dean G. Pappas Law Firm, PLLC and represents Fort Bend County in the above entitled and numbered matter and is a custodian of Fort Bend County's files in DWC Docket No. 24229142-01 styled *Lauren Smith (Deceased), Claimant v. Fort Bend County, Insurance Carrier* and Cause No. 2024-78536, styled *In re Joshua David Heiliger, et al v. Texas Department of Insurance, Division of Workers' Compensation, et al* and the documents attached hereto are true and correct copies of the law firm's file copies of the pleadings and filings in these matters.

Signed this 11th day of June, 2025.

_____
Lisa M. Teachey

Subscribed and sworn to before me the undersigned authority, by Lisa M. Teachey, known to me to be the person whose signature is subscribed above on this 11th day of June, 2025.

_____
Notary Public in and for
The State of Texas

My commission expires:

HOPE BURNETT-FURLOW
Notary Public, State of Texas
My Commission Expires
June 08, 2026
NOTARY ID 13380210-7

11/7/2024 12:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 94042471
By: Monica Jackson
Filed: 11/7/2024 12:29 PM

CAUSE NO: _____

| | | |
|---|---|---|
| In re Joshua David Heiliger, Individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger *Petitioner,* | § § § § § § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § § | _____ JUDICIAL DISTRICT |
| Texas Department of Insurance, Division of Workers' Compensation; Cassie Brown, Commissioner, Texas Department of Insurance, Division of Workers' Compensation, in Her Official Capacity; Francesca Okonkwo, Administrative Law Judge, Texas Department of Insurance, Division of Workers' Compensation, in Her Official and Individual Capacities. *Respondents.* | § § § § § § § § § § § § § § § § § § § | HARRIS COUNTY, TEXAS |

**PETITIONER'S VERIFIED ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Petitioner, Joshua Heiliger, individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger ("Petitioner"), and files this his Verified Original Petition for Declaratory Judgment, Application for Temporary Restraining Order, Temporary Injunction, and

TAB I

Permanent Injunction against Respondents Texas Department of Insurance, Division of Workers' Compensation; Cassie Brown, Commissioner, Texas Department of Insurance, Division of Workers' Compensation, in Her Official Capacity; Francesca Okonkwo, Administrative Law Judge, Texas Department of Insurance, Division of Workers' Compensation, in Her Official and Individual Capacities, and would show unto the Court as follows:

### DISCOVERY CONTROL PLAN

1.      Petitioner intends that discovery in this case be conducted pursuant to Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

### STATEMENT PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 47

2.      Petitioner only seeks non-monetary relief, *See* Tex. R. Civ. P 47(c)(3)

### PARTIES AND SERVICE

3.      Petitioner, Joshua Heiliger, is an individual residing in the State of Texas.

4.      Respondent Texas Department of Insurance Workers' Compensation Division of Workers' Compensation is a political subdivision of the State of Texas that administers and conducts administrative, election, and legal proceedings. Respondents Texas Department of Insurance Workers' Compensation, Division may be served with process at Texas Department of Insurance, Barbara Jordan Building, 1601 Congress Avenue, Austin, Texas 78701. **Issuance of citation for service of process on Respondent Texas Department of Insurance – Worker's Compensation Division at the address and in the manner stated above is hereby requested.**

5.      Respondent Cassie Brown, Commissioner, Texas Department of Insurance Workers' Compensation, Division of Workers' Compensation is the head of a political subdivision of the State of Texas that administers and conducts administrative, election, and legal proceedings.

Respondent Cassie Brown, Commissioner, Texas Department of Insurance Workers' Compensation Division may be served with process at Texas Department of Insurance, Barbara Jordan Building, 1601 Congress Avenue, Austin, Texas 78701. **Issuance of citation for service of process on Respondent Cassie Brown, Commissioner, Texas Department of Insurance, Division of Workers' Compensation at the address and in the manner stated above is hereby requested.**

6. Respondent Francesca Okonkwo, Administrative Law Judge, Texas Department of Insurance Workers' Compensation, Division of Workers' Compensation is an appointed administrative law judge of the Texas Department of Insurance, Division of Workers' Compensation which is a political subdivision of the State of Texas that administers and conducts administrative, election, and legal proceedings. Respondent Francesca Okonkwo, Administrative Law Judge, Texas Department of Insurance Workers' Compensation Division may be served with process at Texas Department of Insurance, Division of Workers' Compensation, Houston East Field Office, 5425 Polk St. Houston, Texas 77023. **Issuance of citation for service of process on Respondent Francesca Okonkwo, Administrative Law Judge, Texas Department of Insurance, Division of Workers' Compensation at the address and in the manner stated above is hereby requested.**

JURISDICTION AND VENUE

7. Pursuant to Texas Civil Practice & Remedies Code § 15.002, venue is proper in Harris County, Texas because all or a substantial part of the events which form the basis of this lawsuit were performed in Harris County. Additionally, venue is proper in Harris County pursuant to Texas Health and Safety Code §611.005 as Petitioner resides in Harris County.

Certified Document Number: 117409688 - Page 3 of 20

Certified Document Number: 117409688 - Page 4 of 20

8.      This Court has subject matter jurisdiction over this case as the damages sought are within the jurisdictional limits of this Court.

## BACKGROUND FACTS

9.      Petitioner respectfully appears before this Court seeking a declaration of rights and equitable relief to protect his rights and privileges as conferred by Texas law in an impending administrative proceeding, as well as the likely subsequent judicial review in District Court after the administrative remedies have been exhausted pertaining to a death benefits claim pursuant to the Texas Workers' Compensation Act.

10.     The central issue before this Court is whether the Administrative Law Judge, Ms. Francesca Okonkwo, overseeing Petitioner's death benefits claim, pursuant to the Texas Worker's Compensation statutes, violated Texas Law (and Petitioner's rights) by issuing an administrative subpoena, and subsequent order to compel, ordering the production and disclosure of privileged and confidential mental health records of Petitioner's deceased spouse, Mrs. Lauren Brittane Smith.

11.     Petitioner asserts that Respondents, by virtue of the issued subpoena and order compelling production, have violated Texas Health and Safety Code Section 611.002, which deems such records privileged and confidential and only subject to disclosure in very limited circumstances – none of which are applicable here.

12.     Additionally, Petitioner believes Respondents, via the subpoena and subsequent order to compel, have exceeded the express statutory authority conferred upon Respondents. *See* Tex. Admin. Code Section 142.12(a)-(f)(administrative subpoenas). The express legislative authority delegated upon Respondents permits the issuance of either a "deposition subpoena" or a "hearing subpoena," commanding/summoning a person to appear and either testify or produce

evidence **at a deposition or at a hearing**. The subpoena at issue solely commands the production of records – without requiring the individual commanded to appear at a deposition or at a hearing. Moreover, the subpoena does not have a time for compliance – yet, the Administrative Law Judge has issued a Motion to Compel. *See* Exhibits A and C. Thus, the subpoena does not comply with the Texas Administrative Code and is improper on its face. *See* Exhibit G.

13. Considering the statutory protections, and binding Texas Supreme Court precedent on the privileged nature of mental health records, as well as the express legislative authority delegated to Respondents, Petitioner respectfully requests this Court declare the mental health records of Mrs. Lauren Brittane Smith privileged and confidential, and order the Respondents to vacate the subpoena and subsequent order compelling production and disclosure of the privileged and confidential mental health records.

14. Further, upon hearing and ultimately trial in this cause, Petitioner respectfully requests this Court issue a temporary, and subsequently a permanent, injunction preventing Respondents from seeking, enforcing, or compelling the production and disclosure of the privileged mental health records of Mrs. Lauren Brittane Smith.

Administrative Procedural History for Underlying Death Benefits Claim

15. On or about April 10, 2023, Mrs. Lauren Smith (deceased), a dedicated paramedic with Fort Bend County Emergency Medical Services (FBEMS), tragically suffered fatal stroke shortly after returning home after ending an arduous 48-hour shift as a shift supervisor with FBEMS.

16. On or about April 2, 2024, Petitioner Joshua Heiliger, the surviving spouse of Mrs. Smith, timely filed a death benefits claim with the Texas Department of Insurance – Worker's

Certified Document Number: 117409688 - Page 5 of 20

Compensation Division on behalf of himself and his daughter, Ms. Emma Heiliger, in accordance with the statutory limitations period.[1]

17. Fort Bend County (the "County"), a self-insured entity and thus acting as both the employer and the carrier, has contested whether Mrs. Smith's stroke qualifies as compensable work-related injury. *See* Exhibit J (Denial of Liability/Compensability). The parties are currently navigating the required statutory administrative process before seeking judicial review.

18. Specifically, the County contests the compensability of the stroke based on the autopsy conducted by the Fort Bend County Medical Examiner, who attributed the cause of Mrs. Smith's stroke to "Hypertensive cardiovascular disease aggravated by recent amphetamine use," referencing the presence of amphetamines (due to Mrs. Smith's legally prescribed use of Adderall and Vyvanse) in the Fort Bend County Medical Examiner's toxicology report. *See* Exhibit J.

19. Petitioner was shocked upon receiving the Medical Examiner's report (*six weeks after Mrs. Smith's passing*), particularly because Mrs. Smith had been legally prescribed and had taken, Adderall and Vyvanse for over 20 years without incident. Petitioner sought opinions from Mrs. Smith's treating physicians, including her Primary Care Physician, Pulmonologist (who recently treated her for severe COVID-19 prior to her death), and Psychiatrist (who prescribed the Adderall and Vyvanse). All disagreed with the Medical Examiner's conclusion, asserting that Mrs. Smith's legally prescribed medications did not cause her stroke and that it was more likely her recent 48-hour shift as a first responder is what led to the stroke.

20. Both Petitioner and the County have engaged medical experts during the administrative process. The County's expert supports the medical examiner's findings that Mrs.

---

[1] Ms. Emma Heiliger is also the adopted daughter of Mrs. Lauren Smith.

Smith's use of legally prescribed amphetamines, in conjunction with her pre-existing hypertension, caused her stroke. In contrast, Petitioner's expert disagrees and has opined that it is unlikely the lawfully prescribed medications caused the stroke given the length of time Mrs. Smith had been taking the same dosage of the medications; suggesting instead that Mrs. Smith's recent 48-hour shift as a first responder more likely contributed to her untimely death.

21.     After attending two required benefit review conferences ("BRCs") with the Texas Department of Insurance, Division of Workers' Compensation, a Contested Case Hearing ("CCH") was scheduled for September 25, 2024.

22.     This hearing occurred, but did not finish as scheduled and has been rescheduled for November 15, 2024.

Administrative Subpoena Requesting Mental Health Records

23.     On or about September 4, 2024, the County, through their counsel, requested Petitioner turn over five (5) years of Mrs. Smith's mental health records from her psychiatrist, Dr. John Marcellus. Petitioner objected to the request on the basis "these materials are irrelevant, sought for harassment, and most importantly privileged and/or confidential and not subject to disclosure or discovery."

24.     Thereafter, on or about September 5, 2024, the County requested an administrative subpoena from the Texas Department of Insurance, Division of Workers' Compensation, for the disclosure of 23 years of Mrs. Smith's mental health records. *See* Exhibit A. Petitioner timely objected to this request on the same basis as previously asserted. *See* Exhibit B. On the same day as Petitioner's objection, the County amended its request, reducing the scope to 3 years of records. *See* Exhibit A.

25.     On or about September 6, 2024, the Administrative Law Judge, Ms. Francesca Okonkwo, denied the County's original request for 23 years of records, which was received by Petitioner on or about September 13, 2024.

26.     The originally scheduled Contested Case Hearing occurred on or about September 25, 2024. During this hearing, the subpoena or request for mental health records was not addressed by any party.

27.     Later, on or about October 21, 2024, almost 30-days later, Petitioner was informed by the County the Administrative Law Judge had in fact granted its request for an amended subpoena on or about September 19, 2024, ordering the production and disclosure of the Mrs. Smith's mental health records from January 1, 2020, to April 10, 2023. *See* Exhibit A.

28.     Neither Petitioner nor his counsel received previous notification of this order from the County, the Administrative Law Judge, or the Texas Department of Insurance, Division of Workers' Compensation.

29.     The subpoena issued by the Administrative Law Judge does not comply with the requirements of the Texas Administrative Code and exceeds the express legislative authority conferred upon Respondents. *See* Tex. Admin. Code Section 142.12. Specifically, the subpoena does not command or summon the custodian of records to appear for a deposition or a hearing. Rather, it only commands or summons the custodian of records to produce for inspection and copying the mental health records. Moreover, the subpoena does not have a time for compliance. *See* Exhibit A.

30.     This is directly contrary to the express language of Texas Administrative Code, Section 142.12 – the legal basis of the subpoena itself. *See* Tex. Admin. Code §142.12(a)(3) (Definitions . . . Subpoena – A division order issued by the administrative law judge requiring a

person to attend or produce evidence **at a deposition (deposition subpoena) or at a hearing (hearing subpoena)**; *see also*, Tex. Admin. Code §142.12(c) (Request for subpoena. A party may request a subpoena in the following manner: (1) If the requester is a carrier . . . the request shall: **(C) state whether the subpoena is for a deposition or a hearing);** Tex. Admin. Code §142.12(f) (costs for "**attend[ing] a hearing or deposition**.") (emphasis added).

31.     Between on or about September 19, 2024, and the present, the County has attempted to obtain Mrs. Smith's privileged and confidential mental health records pursuant to this administrative subpoena. In addition to emailing and faxing the subpoena request to Dr. Marcellus' office, legal staff for the County, as well as a third-party service provider hired by the County, have placed phone calls into Dr. Marcellus' office between 1-3 times per day. *See* Exhibit E and Exhibit I.

32.     On or about October 28, 2024, the County filed a Motion to Compel the production and disclosure of the records with the Administrative Law Judge asking for an Order to compel the production and disclosure pursuant to the subpoena. *See* Exhibit C.

33.     On or about October 29, 2024, Petitioner filed a response to the Motion to Compel pointing out that County had not yet properly served the subpoena (and thus the issue was not yet ripe), and that the subpoena was deficient as it failed to provide a time for compliance. *See* Exhibit D.

34.     Additionally, on or about October 30, 2024, Petitioner filed a Motion for Reconsideration and to Vacate the Subpoena on the grounds that the Mental Health Records are confidential and privileged under the Health and Safety Code, and the Texas Rules of Evidence, the subpoena as issued exceeds the express statutory authority delegated per the Texas Administrative Code, and the subpoena does not contain a time for compliance. *See* Exhibit E.

35.     On or about November 4, 2024, Petitioner received notification from the Texas Department of Insurance, Division of Workers' Compensation the Administrative Law Judge, Ms. Francesca Okonkwo, granted the County's Motion to Compel, Petitioner's objections. *See* Exhibit F.

### *The Texas Health and Safety Code Confidentiality of Mental Health Records*

36.     Per the Texas Health and Safety Code, Section 611.002, the mental health records requested are privileged and confidential between the patient and a professional, such as her psychiatrist, and may not be disclosed except for in extremely limited circumstances – none of which are present here. Tex. Health & Safety Code § 611.002 (a)-(b). Specifically, the code states "[c]ommunications between a patient and professional, and records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by a professional, are confidential." *Id; see also,* Exhibit H.

37.     Seeing as the County wishes to obtain the "progress notes" and "records" from Mrs. Smith's psychiatrist, the requested records will undeniably contain Mrs. Smith communications as well as any diagnosis, evaluations, or treatments by Dr. Marcellus. **Therefore, the records are per se confidential and may not be disclosed unless an enumerated exception applies, or consent of the patient or representative of the patient is provided.** *See* Tex. Health & Safety Code, § 611.002 (a)-(b). The Petitioner does not provide consent.

38.     The Texas Health and Safety Code provides three exceptions, none of which are applicable in this case. The Texas Health and Safety Code, Section 611.002, states the only exceptions to the confidential and privileged status of mental health records, permitting disclosure, are found in Sections 611.004, 611.0041, and 611.0045.

Certified Document Number: 117409688 - Page 10 of 20

39. Section 611.004 provides a list of eleven scenarios where a professional may disclose confidential information without being liable for improper disclosure. *Id.* at § 611.004. None of the eleven scenarios enumerated are applicable here or provide a specific basis to authorize or order the disclosure.

40. The only portion that is relevant from Section 611.004 is subsection (a)(1) which simply says "if the disclosure is required or authorized by law" the records may be disclosed to a governmental agency. However, this does not provide an independent basis to pierce the confidentiality and privilege, nor does it make the mental health records relevant and material or bring them out of the realm of the request being harassing, abusive, overly burdensome, vague, or not proportional to the needs of the case. This section simply provides a safe harbor for the professional to avoid possible civil or criminal liability for complying with an order to produce the records.

41. Section 611.0041 permits a professional to disclose confidential to the descendant of a patient of a state hospital if the patient has been deceased for 50 years and the professional does have information that disclosure is against the patient's or the estate's previously expressed preference. *Id.* at §611.0041. This clearly does not apply here.

42. Section 611.0045 entitles a patient the right to have access to their own confidential, mental health records. *Id.* at §611.0045. Again, not applicable here.

43. Thus, there is no basis in fact or law for the County to receive access to Mrs. Smith's mental health records.

### *The Texas Rules of Evidence and Texas Supreme Court Case Law on Privilege and Confidentiality of Mental Health Records*

44. Per the Texas Supreme Court and the Texas Rules of Evidence, the standard for whether mental health records are subject to discovery in a legal dispute is whether the "records

are 'relevant to the condition at issue' and whether the condition itself is of legal consequence to a claim or defense." *R.K. v. Ramirez*, 887 S.W.2d 836, 842 (Tex. 1994) ("As a general rule, a mental condition will be 'part' of the claim or defense if the pleadings indicate that the jury must make a factual determination concerning the condition itself.").

45.     The only issue of dispute in this case is whether Mrs. Smith's stroke resulted from her use of legally prescribed amphetamines (as argued by the County) or whether it was a result of the 48-hour shift she had just ended mere hours prior to the stroke (as argued by the Petitioner). There is nothing in this case that revolves around or turns on whether Mrs. Smith had ADHD or PTSD such that a fact finder would be required to make a finding of these conditions themselves. *See* Exhibit J. Moreover, the prescription records, which dictate the dosage and frequency of refills – which would be useful to the County's "defense" – have already been turned over in their entirety. Thus, the County is on a fishing expedition.

46.     Petitioner, as the surviving spouse and party representative of Mrs. Lauren Smith's estate, does not consent to the release of his wife's mental health records and now seeks equitable relief in the form of a Declaratory Judgment that said records are confidential and privileged and a Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, requesting that the Court preventing Respondents from enforcing its orders compelling production and disclosure of said mental health records and to order the Respondents to vacate its orders granting a subpoena and compelling production of the privileged and confidential mental health records of Mrs. Smith.

### EVIDENCE IN SUPPORT OF RELIEF REQUESTED

47.     The following exhibits are offered in support of the requested relief and fully incorporated as if restated herein:

EXHIBIT A:  COUNTY'S ORIGINAL AND AMENDED MOTION FOR SUBPOENA OF MENTAL

                       HEALTH RECORDS, ORDER, AND SUBPOENA

EXHIBIT B:  PETITIONER'S OBJECTION TO SUBPOENA REQUEST

EXHIBIT C:  COUNTY'S MOTION TO COMPEL PRODUCTION OF MENTAL HEALTH

                       RECORDS

EXHIBIT D:  PETITIONER'S RESPONSE TO MOTION TO COMPEL

EXHIBIT E:  PETITIONER'S MOTION FOR RECONSIDERATION AND TO VACATE SUBPOENA

EXHIBIT F:  ADMINISTRATIVE LAW JUDGE'S ORDER COMPELLING PRODUCTION OF

                       MENTAL HEALTH RECORDS

EXHIBIT G:  TEXAS ADMINISTRATIVE CODE, SECTION 142.12

EXHIBIT H:  TEXAS HEALTH AND SAFETY CODE

EXHIBIT I:  DECLARATION OF GERRI BAKER

EXHIBIT J:  DENIAL OF LIABILITY/COMPENSABILITY

## CAUSES OF ACTION

### *Declaratory Judgment*

48.  All factual allegations set forth above are incorporated by reference in support of this cause of action.

49.  Petitioner asks that the Court determine and declare:

a.  The mental health records and progress notes of Mrs. Lauren Brittane Smith, sought by the County from Dr. John Marcellus ("Mental Health Records"), consist of confidential communications between a patient and a professional.

b.  The Mental Health Records include details regarding the patient's identity, diagnosis, evaluation, or treatment, created and maintained by a professional, as defined under the Health and Safety Code, Section 611.002(a).

c. The Mental Health Records are confidential and may not be disclosed except as permitted by Texas Health and Safety Code, Section 611.002(a) (Confidentiality of Information and Prohibition Against Disclosure);

d. The Mental Health Records are confidential and privileged pursuant to Texas Rules of Evidence, Rules 509-510, and may only be disclosed as permitted by these rules or the case law interpreting these rules;

e. Disclosure of the Mental Health Records in the current administrative proceeding is only authorized under Texas Health and Safety Code, Sections 611.004, 611.0041, or 611.045, as outlined in Section 611.002(b).

f. Texas Health and Safety Code, Sections 611.004 and 611.0041 governs disclosure, whether permissive or mandatory, in contexts "other than Judicial or Administrative Proceedings," and therefore, do not apply to the current matter which is pending in an administrative proceeding;

g. Texas Health and Safety Code, Section 611.045 (Right to Mental Health Record) provides an independent right of access to Mental Health Records solely to the patient;

h. The Administrative Law Judge's order dated September 19, 2024, and the resulting subpoena, exceed the express legislative authority delegated to the Texas Department of Insurance, Division of Workers' Compensation as it does not summon or compel appearance or production of evidence or testimony at a deposition or hearing, as required by the Texas Administrative Code, Section 142.12;

i. The Administrative Law Judge's order dated September 19, 2024, which granted an administrative subpoena to produce, and disclose, Mrs. Smith's Mental Health Records violates Section 611.002 of the Health and Safety Code; and,

j. The Administrative Law Judge's order dated October 30, 2024, which granted the County's Motion to Compel production and disclosure of Mrs. Smith's Mental Health Records violates Section 611.002 of the Health and Safety Code.

k. The Administrative Law Judge's orders, as detailed in subsection (h), (i), and (j) violate Petitioners' rights to privilege and confidentiality as codified in the Texas Health and Safety Code, Section 611.002, as well as the Texas Rules of Evidence, Rules 509-510.

*Temporary Restraining Order, Temporary Injunction, and Permanent Injunction*

50.     Petitioner will suffer immediate and irreparable harm, loss, and damage in the form of improper disclosure, as recognized by the Texas Health and Safety Code Section 611.005 ("Legal Remedies for Improper Disclosure" creating an independent cause of action for damages) of his wife's mental health records directly resulting from Respondents' wrongful acts unless a Temporary Restraining Order is entered in this matter.

51.     There is an imminent danger that Petitioner will continue to incur immediate and irreparable injury, loss, and damage if the Respondents are not ordered to refrain from these actions. Petitioner has no adequate remedy at law due to the nature of the Administrative Subpoena at issue and the lack of an alternative remedy in the Administrative process. *See In re Fort Worth Children's Hops.*, 100 S.W.3d 582, 587 (Tex. App. – Fort Worth, 2003, orig. proceeding) ("A discovery order is improper if it compromises a person's right to possible claims of privilege or mandates the disclosure of privileged information that exceeds the scope of discovery" and "[r]emedy by appeal in that case is ineffective because, once revealed, the documents cannot be protected.").

52.     The irreparable injury which Petitioner seeks to avoid by obtaining equitable relief arises from the very nature of the privilege and confidentiality that attaches to the Mental Health Records being sought by the County and ordered disclosed by Respondents. The Legislature has gone so far as to explicitly protect these Mental Health Records except in very limited circumstances – none of which are applicable here. If these Mental Health Records are disclosed, the resulting harm is irreparable as Petitioner will have no further recourse to enforce the privilege and confidential nature of these records in either the administrative phase or the judicial review

phase if these Mental Health Records are improperly disclosed. *See In re Fort Worth Children's Hops.*, 100 S.W.3d 582, 587 (Tex. App. – Fort Worth, 2003, orig. proceeding) ("A discovery order is improper if it compromises a person's right to possible claims of privilege or mandates the disclosure of privileged information that exceeds the scope of discovery" and "[r]emedy by appeal in that case is ineffective because, once revealed, the documents cannot be protected.").

53. Likely, the County will be utilizing the same expert witness[2] at the de novo judicial review of this matter, and even if a subsequent Court finds the Mental Health Records (or the information contained therein) inadmissible pursuant to the Texas Rules of Evidence, Rule 509-510, the County and its expert(s) will already have reviewed these Mental Health Records by way of this disclosure occurring at the administrative phase pursuant to Respondents' orders.

54. There is a strong probability that Petitioner has a meritorious right of recovery against Respondents should the improper disclosure occur given the facts and legal framework outlined above. While the disclosure has not yet occurred, the risk of improper disclosure and resulting irreparable harm – given the scope of administrative subpoena, and the steps taken by the County to get the Mental Health Records via the subpoena – is substantial enough to warrant seeking the Court's immediate relief. Due to the difficulty of precisely measuring any monetary damages incurred as a result of improper disclosure of protected Mental Health Records, injunctive relief is required to adequately limit its damages, and to prevent future injury.

55. Petitioner respectfully requests the Court issue a temporary restraining order and to grant such other injunctive relief against Respondents, and all those in active concert and participation with it, to prevent the improper disclosure of his wife's Mental Health Records in violation of Texas law.

---

[2] Even if they change expert witnesses, the Mental Health Records will already be in possession of the County.

56.     Petitioner seeks a temporary restraining order that Respondents, and those persons in active concert or participation with Respondents who receive notice of this Order, by personal service, through their counsel of record, or otherwise, including facsimile transmission or email, be immediately ordered to refrain from directly or indirectly:

**a.** disclosing or using any of Lauren Smith's Mental Health Records from Dr. John Marcellus;

**b.** ordering, requesting, or seeking to obtain any of Lauren Smith's Mental Health Records from Dr. John Marcellus;

**c.** enforcing the orders of Ms. Francesca Okonkwo, Administrative Law Judge, dated September 19, 2024, and October 30, 2024, granting the administrative subpoena for Lauren Smith's records from Dr. John Marcellus and compelling production and disclosure of Lauren Smith's records from Dr. John Marcellus, respectively; and,

**d.** sanctioning, or seeking to impose sanctions, or any other type of administrative penalty or recourse against Petitioner for withholding consent to provide or produce the privileged records pertaining to Mrs. Lauren Brittane Smith from Dr. John Marcellus.

57.     Petitioner further seeks a temporary injunction and, upon final trial hereof, a permanent injunction as set forth herein.

58.     Unless they are enjoyed, the Respondents, and those acting in concert with Respondents, have made it apparent they will continue to seek to obtain Lauren Smith's Mental Health Records in violation of Texas Law. If not restrained, these actions will cause, and continue to cause, imminent and irreparable harm for which there is no adequate remedy at law. In the absence of a temporary restraining order and an injunction, Respondents, and the County, will continue to engage in activities directly contrary to the Legislative protections and privileges to shield the improper disclosure of Mental Health Records.

59. Should the improper disclosure occur, Petitioner has a probable right of recovery against Respondents, and others, for the improper disclosure of said Mental Health Records.

60. Petitioner has provided Respondents with sufficient notice of this application and the hearing on the merits, consistent with Texas Rule of Civil Procedure 681.

61. Petitioner is willing and able to post bond, as ordered by the Court, in support of any injunctive order issued by the Court. However, given the nature of this action is solely for equitable relief and there is no amount in controversy, Petitioner would ask the Court waive the necessity of posting a bond.

## NOTICE PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 193.7

62. Please take notice that pursuant to Texas Rule of Civil Procedure Section 193.7, Petitioner intend to use any and all documents produced in response to written discovery by Respondents, all other parties to this action, against such party in any pretrial proceeding and in trial of this cause.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner pray that Respondents Fort Bend County be cited to appear and answer herein and that upon trial or final hearing Petitioner has judgment of this Court as follows:

l. A temporary restraining order;

m. A temporary and permanent injunction;

n. Declaratory judgment; and

o. Such other equitable and legal relief to which Petitioner may be justly entitled.

Respectfully submitted,

*/s/ Russell L. Morris*

Russell L. Morris
State Bar No. 24099150
Andrew W. Bruce
State Bar No. 24113627
Pablo A. Franco
State Bar No. 24121625
MCBRYDE FRANCO, PLLC
11000 Richmond Avenue, Suite 350
Houston, TX 77042
(713) 223-7699
(512) 691-9072 [facsimile]
serv.russell@mf-txlaw.com

**ATTORNEYS FOR PETITIONER**

Certified Document Number: 117409688 - Page 19 of 20

## VERIFICATION

The undersigned states under oath: "I am the Petitioner in the above styled matter. I have read the information contained in paragraphs 9-35, and 50-55, of the above pleading, and the statements contained therein are within my personal knowledge and are true and correct to the best of my knowledge."

_____

Joshua David Heiliger,

*Pursuant to Texas Civil Practice and Remedies Code Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath or affidavit required by statute or required by rule, order or requirement adopted as provided by law.*

"My name is Joshua David Heiliger, my date of birth is **2/9/73**_____, and my address is

**1748 Nina Le**, **Houston**____, **Tx**_____, **77018**_____, and **Harris**_____.

(Street)        (City)        (State)        (Zip Code)        (Country)

I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Harris**____ County, State of **Texas**____, on the **6**___ day of November 2024.

_____

Declarant"

Certified Document Number: 117409688 - Page 20 of 20



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 11, 2025

Certified Document Number:        117409688 Total Pages:  20

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Vernon's Texas Statutes and Codes Annotated
    Government Code (Refs & Annos)
        Title 10. General Government (Refs & Annos)
            Subtitle A. Administrative Procedure and Practice
                Chapter 2001. Administrative Procedure (Refs & Annos)
                    Subchapter H. Court Enforcement (Refs & Annos)

V.T.C.A., Government Code § 2001.201

§ 2001.201. Court Enforcement of Subpoena or Commission

Currentness

(a) If a person fails to comply with a subpoena or commission issued under this chapter, the state agency issuing the subpoena or commission, acting through the attorney general, or the party requesting the subpoena or commission may bring suit to enforce the subpoena or commission in a district court in Travis County or in the county in which a hearing conducted by the agency may be held.

(b) A court that determines that good cause exists for the issuance of the subpoena or commission shall order compliance with the subpoena or commission. The court may hold in contempt a person who does not obey the order.

**Credits**
Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993.

V. T. C. A., Government Code § 2001.201, TX GOVT § 2001.201
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB J

Vernon's Texas Statutes and Codes Annotated
　Health and Safety Code (Refs & Annos)
　　Title 7. Mental Health and Intellectual Disability
　　　Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
　　　　Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.001

§ 611.001. Definitions

Currentness

In this chapter:

(1) "Patient" means a person who consults or is interviewed by a professional for diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, including alcoholism or drug addiction.

(2) "Professional" means:

(A) a person authorized to practice medicine in any state or nation;

(B) a person licensed or certified by this state to diagnose, evaluate, or treat any mental or emotional condition or disorder; or

(C) a person the patient reasonably believes is authorized, licensed, or certified as provided by this subsection.

**Credits**
Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991.

**Editors' Notes**

**REVISOR'S NOTE**

**2017 Main Volume**

The source law refers to a "patient/client." The dual term used by the source law does not add any substance to the source law. Therefore, the revised law omits the reference to "client."

Notes of Decisions (6)

V. T. C. A., Health & Safety Code § 611.001, TX HEALTH & S § 611.001

TAB K

Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.002

§ 611.002. Confidentiality of Information and Prohibition Against Disclosure

Currentness

(a) Communications between a patient and a professional, and records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by a professional, are confidential.

(b) Confidential communications or records may not be disclosed except as provided by Section 611.004, 611.0041, or 611.0045.

(b-1) No exception to the privilege of confidentiality under Section 611.004 may be construed to create an independent duty or requirement to disclose the confidential information to which the exception applies.

(c) This section applies regardless of when the patient received services from a professional.

**Credits**
Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991. Amended by Acts 1993, 73rd Leg., ch. 903, § 1.11, eff. Aug. 30, 1993; Acts 2021, 87th Leg., ch. 633 (H.B. 549), § 1, eff. Sept. 1, 2021.

**Editors' Notes**

### REVISOR'S NOTE

### 2017 Main Volume

The source law refers to a "patient/client." The revised law substitutes the term "patient" for the reason stated in the revisor's note under Section 611.001.

Notes of Decisions (8)

V. T. C. A., Health & Safety Code § 611.002, TX HEALTH & S § 611.002
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**
© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.003

§ 611.003. Persons Who May Claim Privilege of Confidentiality

Currentness

(a) The privilege of confidentiality may be claimed by:

(1) the patient;

(2) a person listed in Section 611.004(a)(4) or (a)(5) who is acting on the patient's behalf; or

(3) the professional, but only on behalf of the patient.

(b) The authority of a professional to claim the privilege of confidentiality on behalf of the patient is presumed in the absence of evidence to the contrary.

**Credits**
Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991.

**Editors' Notes**

### REVISOR'S NOTE

### 2017 Main Volume

The source law refers to a "patient/client." The revised law substitutes the term "patient" for the reason stated in the revisor's note under Section 611.001.

Notes of Decisions (1)

V. T. C. A., Health & Safety Code § 611.003, TX HEALTH & S § 611.003
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.004

§ 611.004. Authorized Disclosure of Confidential Information Other than in Judicial or Administrative Proceeding

Currentness

(a) A professional may disclose confidential information only:

(1) to a governmental agency if the disclosure is required or authorized by law;

(2) to medical, mental health, or law enforcement personnel if the professional determines that there is a probability of imminent physical injury by the patient to the patient or others or there is a probability of immediate mental or emotional injury to the patient;

(3) to qualified personnel for management audits, financial audits, program evaluations, or research, in accordance with Subsection (b);

(4) to a person who has the written consent of the patient, or a parent if the patient is a minor, or a guardian if the patient has been adjudicated as incompetent to manage the patient's personal affairs;

(5) to the patient's personal representative if the patient is deceased;

(6) to individuals, corporations, or governmental agencies involved in paying or collecting fees for mental or emotional health services provided by a professional;

(7) to other professionals and personnel under the professionals' direction who participate in the diagnosis, evaluation, or treatment of the patient;

(8) in an official legislative inquiry relating to a state hospital or state school as provided by Subsection (c);

(9) to designated persons or personnel of a correctional facility in which a person is detained if the disclosure is for the sole purpose of providing treatment and health care to the person in custody;

(10) to an employee or agent of the professional who requires mental health care information to provide mental health care services or in complying with statutory, licensing, or accreditation requirements, if the professional has taken appropriate action to ensure that the employee or agent:

(A) will not use or disclose the information for any other purposes; and

(B) will take appropriate steps to protect the information; or

(11) to satisfy a request for medical records of a deceased or incompetent person pursuant to Section 74.051(e), Civil Practice and Remedies Code.

(a-1) No civil, criminal, or administrative cause of action exists against a person described by Section 611.001(2)(A) or (B) for the disclosure of confidential information in accordance with Subsection (a)(2). A cause of action brought against the person for the disclosure of the confidential information must be dismissed with prejudice.

(b) Personnel who receive confidential information under Subsection (a)(3) may not directly or indirectly identify or otherwise disclose the identity of a patient in a report or in any other manner.

(c) The exception in Subsection (a)(8) applies only to records created by the state hospital or state school or by the employees of the hospital or school. Information or records that identify a patient may be released only with the patient's proper consent.

(d) A person who receives information from confidential communications or records may not disclose the information except to the extent that disclosure is consistent with the authorized purposes for which the person first obtained the information. This subsection does not apply to a person listed in Subsection (a)(4) or (a)(5) who is acting on the patient's behalf.

**Credits**

Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991. Amended by Acts 1995, 74th Leg., ch. 856, § 8, eff. Sept. 1, 1995; Acts 1999, 76th Leg., ch. 1264, § 1, eff. Sept. 1, 1999; Acts 2005, 79th Leg., ch. 138, § 1, eff. Sept. 1, 2005; Acts 2021, 87th Leg., ch. 633 (H.B. 549), § 2, eff. Sept. 1, 2021.

Notes of Decisions (20)

V. T. C. A., Health & Safety Code § 611.004, TX HEALTH & S § 611.004
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.0041

§ 611.0041. Required Disclosure of Confidential Information Other than in Judicial or Administrative Proceeding

Currentness

(a) In this section:

(1) "Patient" has the meaning assigned by Section 552.0011.

(2) "State hospital" has the meaning assigned by Section 552.0011.

(b) To the extent permitted by federal law, a professional shall disclose confidential information to the descendant of a patient of a state hospital if:

(1) the patient has been deceased for at least 50 years; and

(2) the professional does not have information indicating that releasing the medical record is inconsistent with any prior expressed preference of the deceased patient or personal representatives of the deceased patient's estate.

(c) A person who receives information from confidential communications or records may not disclose the information except to the extent that disclosure is consistent with the authorized purposes for which the person first obtained the information.

**Credits**
Added by Acts 2019, 86th Leg., ch. 1088 (H.B. 1901), § 1, eff. Sept. 1, 2019.

V. T. C. A., Health & Safety Code § 611.0041, TX HEALTH & S § 611.0041
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.0045

§ 611.0045. Right to Mental Health Record

Currentness

(a) Except as otherwise provided by this section, a patient is entitled to have access to the content of a confidential record made about the patient.

(b) The professional may deny access to any portion of a record if the professional determines that release of that portion would be harmful to the patient's physical, mental, or emotional health.

(c) If the professional denies access to any portion of a record, the professional shall give the patient a signed and dated written statement that having access to the record would be harmful to the patient's physical, mental, or emotional health and shall include a copy of the written statement in the patient's records. The statement must specify the portion of the record to which access is denied, the reason for denial, and the duration of the denial.

(d) The professional who denies access to a portion of a record under this section shall redetermine the necessity for the denial at each time a request for the denied portion is made. If the professional again denies access, the professional shall notify the patient of the denial and document the denial as prescribed by Subsection (c).

(e) If a professional denies access to a portion of a confidential record, the professional shall allow examination and copying of the record by another professional if the patient selects the professional to treat the patient for the same or a related condition as the professional denying access.

(f) The content of a confidential record shall be made available to a person listed by Section 611.004(a)(4) or (5) who is acting on the patient's behalf.

(g) A professional shall delete confidential information about another person who has not consented to the release, but may not delete information relating to the patient that another person has provided, the identity of the person responsible for that information, or the identity of any person who provided information that resulted in the patient's commitment.

(h) If a summary or narrative of a confidential record is requested by the patient or other person requesting release under this section, the professional shall prepare the summary or narrative.

(i) The professional or other entity that has possession or control of the record shall grant access to any portion of the record to which access is not specifically denied under this section within a reasonable time and may charge a reasonable fee.

(j) Notwithstanding Section 159.002, Occupations Code, this section applies to the release of a confidential record created or maintained by a professional, including a physician, that relates to the diagnosis, evaluation, or treatment of a mental or emotional condition or disorder, including alcoholism or drug addiction.

(k) The denial of a patient's access to any portion of a record by the professional or other entity that has possession or control of the record suspends, until the release of that portion of the record, the running of an applicable statute of limitations on a cause of action in which evidence relevant to the cause of action is in that portion of the record.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 903, § 1.12, eff. Aug. 30, 1993. Amended by Acts 2001, 77th Leg., ch. 1420, § 14.806, eff. Sept. 1, 2001.

Notes of Decisions (8)

V. T. C. A., Health & Safety Code § 611.0045, TX HEALTH & S § 611.0045
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.005

§ 611.005. Legal Remedies for Improper Disclosure or Failure to Disclose

Currentness

(a) A person aggrieved by the improper disclosure of or failure to disclose confidential communications or records in violation of this chapter may petition the district court of the county in which the person resides for appropriate relief, including injunctive relief. The person may petition a district court of Travis County if the person is not a resident of this state.

(b) In a suit contesting the denial of access under Section 611.0045, the burden of proving that the denial was proper is on the professional who denied the access.

(c) The aggrieved person also has a civil cause of action for damages.

**Credits**
Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991. Amended by Acts 1993, 73rd Leg., ch. 903, § 1.13, eff. Aug. 30, 1993.

Notes of Decisions (4)

V. T. C. A., Health & Safety Code § 611.005, TX HEALTH & S § 611.005
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
　Health and Safety Code (Refs & Annos)
　　Title 7. Mental Health and Intellectual Disability
　　　Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
　　　　Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.006

§ 611.006. Authorized Disclosure of Confidential Information in Judicial or Administrative Proceeding

Currentness

(a) A professional may disclose confidential information in:

(1) a judicial or administrative proceeding brought by the patient or the patient's legally authorized representative against a professional, including malpractice proceedings;

(2) a license revocation proceeding in which the patient is a complaining witness and in which disclosure is relevant to the claim or defense of a professional;

(3) a judicial or administrative proceeding in which the patient waives the patient's right in writing to the privilege of confidentiality of information or when a representative of the patient acting on the patient's behalf submits a written waiver to the confidentiality privilege;

(4) a judicial or administrative proceeding to substantiate and collect on a claim for mental or emotional health services rendered to the patient;

(5) a judicial proceeding if the judge finds that the patient, after having been informed that communications would not be privileged, has made communications to a professional in the course of a court-ordered examination relating to the patient's mental or emotional condition or disorder, except that those communications may be disclosed only with respect to issues involving the patient's mental or emotional health;

(6) a judicial proceeding affecting the parent-child relationship;

(7) any criminal proceeding, as otherwise provided by law;

(8) a judicial or administrative proceeding regarding the abuse or neglect, or the cause of abuse or neglect, of a resident of an institution, as that term is defined by Chapter 242;

(9) a judicial proceeding relating to a will if the patient's physical or mental condition is relevant to the execution of the will;

(10) an involuntary commitment proceeding for court-ordered treatment or for a probable cause hearing under:

(A) Chapter 462;

(B) Chapter 574; or

(C) Chapter 593; or

(11) a judicial or administrative proceeding where the court or agency has issued an order or subpoena.

(b) On granting an order under Subsection (a)(5), the court, in determining the extent to which disclosure of all or any part of a communication is necessary, shall impose appropriate safeguards against unauthorized disclosure.

**Credits**

Added by Acts 1995, 74th Leg., ch. 856, § 9, eff. Sept. 1, 1995.

**Editors' Notes**

### REPEAL OF (A)(6)

<Paragraph 4 of the February 25, 1998 Order of the Texas Supreme Court and par. 4 of the February 25, 1998 Order of the Court of Criminal Appeals of Texas provide in part that subsec. (a)(6) of this section is deemed to be repealed insofar as it conflicts with Vernon's Ann.Texas Rules Evid., Rule 510.>

Notes of Decisions (3)

V. T. C. A., Health & Safety Code § 611.006, TX HEALTH & S § 611.006
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
　Health and Safety Code (Refs & Annos)
　　Title 7. Mental Health and Intellectual Disability
　　　Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
　　　　Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.007

§ 611.007. Revocation of Consent

Currentness

(a) Except as provided by Subsection (b), a patient or a patient's legally authorized representative may revoke a disclosure consent to a professional at any time. A revocation is valid only if it is written, dated, and signed by the patient or legally authorized representative.

(b) A patient may not revoke a disclosure that is required for purposes of making payment to the professional for mental health care services provided to the patient.

(c) A patient may not maintain an action against a professional for a disclosure made by the professional in good faith reliance on an authorization if the professional did not have notice of the revocation of the consent.

**Credits**
Added by Acts 1995, 74th Leg., ch. 856, § 9, eff. Sept. 1, 1995.

V. T. C. A., Health & Safety Code § 611.007, TX HEALTH & S § 611.007
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Health and Safety Code (Refs & Annos)
        Title 7. Mental Health and Intellectual Disability
            Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
                Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.008

§ 611.008. Request by Patient

Currentness

(a) On receipt of a written request from a patient to examine or copy all or part of the patient's recorded mental health care information, a professional, as promptly as required under the circumstances but not later than the 15th day after the date of receiving the request, shall:

(1) make the information available for examination during regular business hours and provide a copy to the patient, if requested; or

(2) inform the patient if the information does not exist or cannot be found.

(b) Unless provided for by other state law, the professional may charge a reasonable fee for retrieving or copying mental health care information and is not required to permit examination or copying until the fee is paid unless there is a medical emergency.

(c) A professional may not charge a fee for copying mental health care information under Subsection (b) to the extent the fee is prohibited under Subchapter M, Chapter 161. [1]

**Credits**
Added by Acts 1995, 74th Leg., ch. 856, § 9, eff. Sept. 1, 1995.

---

**Footnotes**

1       V.T.C.A., Health & Safety Code § 161.201 et seq.

V. T. C. A., Health & Safety Code § 611.008, TX HEALTH & S § 611.008
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Rules Annotated
  Texas Rules of Evidence (Refs & Annos)
    Article V. Privileges (Refs & Annos)

TX Rules of Evidence, Rule 510

Rule 510. Mental Health Information Privilege in Civil Cases

Currentness

**(a) Definitions.** In this rule:

  **(1)** A "professional" is a person:

    **(A)** authorized to practice medicine in any state or nation;

    **(B)** licensed or certified by the State of Texas in the diagnosis, evaluation, or treatment of any mental or emotional disorder;

    **(C)** involved in the treatment or examination of drug abusers; or

    **(D)** who the patient reasonably believes to be a professional under this rule.

  **(2)** A "patient" is a person who:

    **(A)** consults or is interviewed by a professional for diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, including alcoholism and drug addiction; or

    **(B)** is being treated voluntarily or being examined for admission to voluntary treatment for drug abuse.

  **(3)** A "patient's representative" is:

    **(A)** any person who has the patient's written consent;

    **(B)** the parent of a minor patient;

    **(C)** the guardian of a patient who has been adjudicated incompetent to manage personal affairs; or

    **(D)** the personal representative of a deceased patient.

TAB L

**(4)** A communication is "confidential" if not intended to be disclosed to third persons other than those:

**(A)** present to further the patient's interest in the diagnosis, examination, evaluation, or treatment;

**(B)** reasonably necessary to transmit the communication; or

**(C)** participating in the diagnosis, examination, evaluation, or treatment under the professional's direction, including members of the patient's family.

**(b) General Rule; Disclosure.**

**(1)** In a civil case, a patient has a privilege to refuse to disclose and to prevent any other person from disclosing:

**(A)** a confidential communication between the patient and a professional; and

**(B)** a record of the patient's identity, diagnosis, evaluation, or treatment that is created or maintained by a professional.

**(2)** In a civil case, any person--other than a patient's representative acting on the patient's behalf--who receives information privileged under this rule may disclose the information only to the extent consistent with the purposes for which it was obtained.

**(c) Who May Claim.** The privilege may be claimed by:

**(1)** the patient; or

**(2)** the patient's representative on the patient's behalf.

The professional may claim the privilege on the patient's behalf--and is presumed to have authority to do so.

**(d) Exceptions.** This privilege does not apply:

**(1)** *Proceeding Against Professional.* If the communication or record is relevant to a claim or defense in:

**(A)** a proceeding the patient brings against a professional; or

**(B)** a license revocation proceeding in which the patient is a complaining witness.

**(2)** *Written Waiver.* If the patient or a person authorized to act on the patient's behalf waives the privilege in writing.

**(3)** *Action to Collect.* In an action to collect a claim for mental or emotional health services rendered to the patient.

**(4)** *Communication Made in Court-Ordered Examination.* To a communication the patient made to a professional during a court-ordered examination relating to the patient's mental or emotional condition or disorder if:

    **(A)** the patient made the communication after being informed that it would not be privileged;

    **(B)** the communication is offered to prove an issue involving the patient's mental or emotional health; and

    **(C)** the court imposes appropriate safeguards against unauthorized disclosure.

**(5)** *Party Relies on Patient's Condition.* If any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.

**(6)** *Abuse or Neglect of "Institution" Resident.* In a proceeding regarding the abuse or neglect, or the cause of any abuse or neglect, of a resident of an "institution" as defined in Tex. Health & Safety Code § 242.002.

**Credits**

Eff. March 1, 1998. Amended by orders of Supreme Court March 10, 2015 and Court of Criminal Appeals March 12, 2015, eff. April 1, 2015. Amended by Supreme Court order of June 14, 2016, eff. June 14, 2016.

**Editors' Notes**

**NOTES AND COMMENTS**

    **Comment to 1998 change:** This comment is intended to inform the construction and application of this rule. This rule governs disclosures of patient-professional communications only in judicial or administrative proceedings. Whether a professional may or must disclose such communications in other circumstances is governed by TEX.HEALTH & SAFETY CODE ANN. §§ 611.001-611.008. Former subparagraph (d)(6) of the Civil Evidence Rules, regarding disclosures in a suit affecting the parent-child relationship, is omitted, not because there should be no exception to the privilege in suits affecting the parent-child relationship, but because the exception in such suits is properly considered under subparagraph (d)(5), as construed in *R.K. v. Ramirez*, 887 S.W.2d 836 (Tex. 1994). In determining the proper application of an exception in such suits, the trial court must ensure that the precise need for the information is not outweighed by legitimate privacy interests protected by the privilege. Subparagraph (d) does not except from the privilege information relating to a nonparty patient who is or may be a consulting or testifying expert in the suit.

    **Comment to 2015 Restyling:** The mental-health-information privilege in civil cases was enacted in Texas in 1979. Tex. Rev. Civ. Stat. art. 5561h (later codified at Tex. Health & Safety Code § 611.001 et seq.) provided that the privilege applied even if the patient had received the professional's services before the statute's enactment. Because more than thirty years have now passed, it is no longer necessary to burden the text of the rule with a statement

regarding the privilege's retroactive application. But deleting this statement from the rule's text is not intended as a substantive change in the law.

Tex. Health & Safety Code ch. 611 addresses confidentiality rules for communications between a patient and a mental-health professional and for the professional's treatment records. Many of these provisions apply in contexts other than court proceedings. Reconciling the provisions of Rule 510 with the parts of chapter 611 that address a mental-health-information privilege applicable to court proceedings is beyond the scope of the restyling project.

Notes of Decisions (93)

**O'CONNOR'S NOTES**
**Caution:** TRE 510 is affected by Fam. Code §261.101.

**O'CONNOR'S CROSS REFERENCES**
See also *O'Connor's Texas Rules,* "Asserting privileges," ch. 6-A, §18.2; *O'Connor's Texas Rules,* "Scope of Discovery," ch. 6-B, §1 et seq.; *O'Connor's Texas Rules,* "Medical Records," ch. 6-J, §1 et seq.; Brown & Rondon, *Texas Rules of Evidence Handbook*, Rule 510; *O'Connor's Texas Forms,* FORM 5E:1.

See also CCP art. 38.101.

**O'CONNOR'S ANNOTATIONS**
*In re Richardson Motorsports, Ltd.*, 690 S.W.3d 42, 50 (Tex.2024). See annotation under TRE 509.

*R.K. v. Ramirez*, 887 S.W.2d 836, 843 (Tex.1994). "As a general rule, a mental condition will be a 'part' of a claim or defense if the pleadings indicate that the jury must make a factual determination concerning the condition itself."

*Groves v. Gabriel*, 874 S.W.2d 660, 661 (Tex.1994). "Because [P] alleges severe emotional damages, including 'post-traumatic stress disorder,' [she] waived the privilege as to any medical records relevant to her claim for emotional damages." *See also Ginsberg v. Fifth Ct. of Appeals*, 686 S.W.2d 105, 107 (Tex.1985).

*Garza v. Garza*, 217 S.W.3d 538, 555 (Tex.App.--San Antonio 2006, no pet.). Mother's medical records were not privileged because mother's "medical condition relating to her personality and bipolar disorders was relevant to the issue of whether appointing her [SMC] was in her children's best interests. Both parties' medical and mental conditions were relevant to the jury's determination of which party should be named as the conservator."

*In re Arriola*, 159 S.W.3d 670, 675-76 (Tex.App.--Corpus Christi 2004, orig. proceeding). See annotation under TRE 509.

Rules of Evid., Rule 510, TX R EVID Rule 510
Current with amendments received through April 1, 2025. Some rules may be more current, see credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
   Labor Code (Refs & Annos)
      Title 5. Workers' Compensation (Refs & Annos)
         Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
            Chapter 402. Operation and Administration of Workers' Compensation System (Refs & Annos)
               Subchapter A. General Administration of System; Workers' Compensation Division

V.T.C.A., Labor Code § 402.001

§ 402.001. Administration of System: Texas Department of Insurance; Workers' Compensation Division

Currentness

(a) Except as provided by Section 402.002, the Texas Department of Insurance is the state agency designated to oversee the workers' compensation system of this state.

(b) The division of workers' compensation is established as a division within the Texas Department of Insurance to administer and operate the workers' compensation system of this state as provided by this title.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 980, § 1.02, eff. Sept. 1, 1995; Acts 2005, 79th Leg., ch. 265, § 1.003, eff. Sept. 1, 2005.

Notes of Decisions (8)

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-2.01(b)-(d).

**O'CONNOR'S ANNOTATIONS**
*Stone v. DWC*, No. 13-17-00620-CV, 2018 WL 1959784 (Tex.App.--Corpus Christi 2018, pet. denied) (memo op.; 4-26-18). Claimant "points to nothing in the Labor Code, or any other statute or constitutional provision for that matter, showing that sovereign immunity has been waived for claims made directly against the [DWC] by a worker's compensation claimant, and we find none. Additionally, at least two sister courts have held that the [DWC] is immune from suit."

V. T. C. A., Labor Code § 402.001, TX LABOR § 402.001
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB M

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 402. Operation and Administration of Workers' Compensation System (Refs & Annos)
          Subchapter A. General Administration of System; Workers' Compensation Division

V.T.C.A., Labor Code § 402.00114

§ 402.00114. Duties of Division; Single Point of Contact

Currentness

(a) In addition to other duties required under this title, the division shall:

  (1) regulate and administer the business of workers' compensation in this state; and

  (2) ensure that this title and other laws regarding workers' compensation are executed.

(b) To the extent determined feasible by the commissioner, the division shall establish a single point of contact for injured employees receiving services from the division.

**Credits**
Added by Acts 2005, 79th Leg., ch. 265, § 1.004, eff. Sept. 1, 2005.

Notes of Decisions (1)

V. T. C. A., Labor Code § 402.00114, TX LABOR § 402.00114
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**          © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB N

Vernon's Texas Statutes and Codes Annotated
　Labor Code (Refs & Annos)
　　Title 5. Workers' Compensation (Refs & Annos)
　　　Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
　　　　Chapter 410. Adjudication of Disputes (Refs & Annos)
　　　　　Subchapter A. General Provisions (Refs & Annos)

V.T.C.A., Labor Code § 410.002

§ 410.002. Law Governing Liability Proceedings

Currentness

A proceeding before the division to determine the liability of an insurance carrier for compensation for an injury or death under this subtitle is governed by this chapter.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2005, 79th Leg., ch. 265, § 3.150, eff. Sept. 1, 2005.

Notes of Decisions (17)

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.01(b).

V. T. C. A., Labor Code § 410.002, TX LABOR § 410.002
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB O

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter A. General Provisions (Refs & Annos)

V.T.C.A., Labor Code § 410.003

§ 410.003. Application of Administrative Procedure and Texas Register Act

Currentness

Except as otherwise provided by this chapter, Chapter 2001, Government Code does not apply to a proceeding under this chapter.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 76, § 5.95(49), eff. Sept. 1, 1995.

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.01(a).

V. T. C. A., Labor Code § 410.003, TX LABOR § 410.003
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB P

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter D. Contested Case Hearing (Refs & Annos)

V.T.C.A., Labor Code § 410.157

§ 410.157. Rules

Currentness

The commissioner shall adopt rules governing procedures under which contested case hearings are conducted.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2005, 79th Leg., ch. 265, § 3.185, eff. Sept. 1, 2005.

Notes of Decisions (9)

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.31(d).

**O'CONNOR'S CROSS REFERENCES**
See also 28 Tex. Admin. Code ch. 142.

V. T. C. A., Labor Code § 410.157, TX LABOR § 410.157
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB Q

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter D. Contested Case Hearing (Refs & Annos)

V.T.C.A., Labor Code § 410.158

§ 410.158. Discovery

Currentness

(a) Except as provided by Section 410.162, discovery is limited to:

(1) depositions on written questions to any health care provider;

(2) depositions of other witnesses as permitted by the administrative law judge for good cause shown; and

(3) interrogatories as prescribed by the commissioner.

(b) Discovery under Subsection (a) may not seek information that may readily be derived from documentary evidence described in Section 410.160. Answers to discovery under Subsection (a) need not duplicate information that may readily be derived from documentary evidence described in Section 410.160.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2005, 79th Leg., ch. 265, § 3.186, eff. Sept. 1, 2005; Acts 2017, 85th Leg., ch. 839 (H.B. 2111), § 5, eff. Sept. 1, 2017.

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.33(a), (c).

**O'CONNOR'S CROSS REFERENCES**
See also 28 Tex. Admin. Code §142.13.

**O'CONNOR'S CHARTS REFERENCES**
See timetable, "Workers' Compensation Claim."

V. T. C. A., Labor Code § 410.158, TX LABOR § 410.158
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

TAB R

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter D. Contested Case Hearing (Refs & Annos)

V.T.C.A., Labor Code § 410.162

§ 410.162. Additional Discovery

Currentness

For good cause shown, a party may obtain permission from the administrative law judge to conduct additional discovery as necessary.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2017, 85th Leg., ch. 839 (H.B. 2111), § 6, eff. Sept. 1, 2017.

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.33(f).

**O'CONNOR'S CROSS REFERENCES**
See also 28 Tex. Admin. Code §142.13(f).

V. T. C. A., Labor Code § 410.162, TX LABOR § 410.162
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB S

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter D. Contested Case Hearing (Refs & Annos)

V.T.C.A., Labor Code § 410.163

§ 410.163. Powers and Duties of Administrative Law Judge

Currentness

(a) At a contested case hearing the administrative law judge shall:

  (1) swear witnesses;

  (2) receive testimony;

  (3) allow examination and cross-examination of witnesses;

  (4) accept documents and other tangible evidence; and

  (5) allow the presentation of evidence by affidavit.

(b) An administrative law judge shall ensure the preservation of the rights of the parties and the full development of facts required for the determinations to be made. An administrative law judge may permit the use of summary procedures, if appropriate, including witness statements, summaries, and similar measures to expedite the proceedings.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2017, 85th Leg., ch. 839 (H.B. 2111), § 7, eff. Sept. 1, 2017.

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.34(a), (b).

**O'CONNOR'S CROSS REFERENCES**
See also 28 Tex. Admin. Code §§ 140.4, 142.2.

V. T. C. A., Labor Code § 410.163, TX LABOR § 410.163

TAB T

Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter D. Contested Case Hearing (Refs & Annos)

V.T.C.A., Labor Code § 410.165

§ 410.165. Evidence

Currentness

(a) The administrative law judge is the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given to the evidence. Conformity to legal rules of evidence is not necessary.

(b) An administrative law judge may accept a written statement signed by a witness and shall accept all written reports signed by a health care provider.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2017, 85th Leg., ch. 839 (H.B. 2111), § 9, eff. Sept. 1, 2017.

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.34(e).

**O'CONNOR'S CROSS REFERENCES**
See also 28 Tex. Admin. Code §142.2.

**O'CONNOR'S ANNOTATIONS**
*Texas Workers' Comp. Ins. Fund v. TWCC*, 124 S.W.3d 813, 823 (Tex.App.--Austin 2003, pet. denied). "[A]n appeals panel has the authority to perform a factual-sufficiency review."

V. T. C. A., Labor Code § 410.165, TX LABOR § 410.165
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

End of Document
© 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB U

Vernon's Texas Statutes and Codes Annotated
　Labor Code (Refs & Annos)
　　Title 5. Workers' Compensation (Refs & Annos)
　　　Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
　　　　Chapter 410. Adjudication of Disputes (Refs & Annos)
　　　　　Subchapter F. Judicial Review--General Provisions

V.T.C.A., Labor Code § 410.251

§ 410.251. Exhaustion of Remedies

Currentness

A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter and Subchapter G, [1] if applicable.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

Notes of Decisions (176)

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.61(a).

**O'CONNOR'S ANNOTATIONS**
*American Motorists Ins. v. Fodge*, 63 S.W.3d 801, 802 (Tex.2001). "The important issue in this case is whether a compensation claimant can prosecute a lawsuit against a carrier to recover benefits and damages resulting from a denial of benefits without a prior determination by the [TWCC, now DWC,] that benefits are due her. We hold that she cannot do so, and that her claims must be dismissed or abated, as appropriate. We also hold, however, that she can prosecute her claim that payment of benefits awarded by the [TWCC] was improperly delayed." *See also AMS Constr. Co. v. K.H.K. Scaffolding Houston, Inc.*, 357 S.W.3d 30, 38-39 (Tex.App.--Houston [1st Dist.] 2011, pet. dism'd); *In re Texas Mut. Ins.*, 321 S.W.3d 655, 661-62 (Tex.App.--Houston [14th Dist.] 2010, orig. proceeding); *Pickett v. Texas Mut. Ins.*, 239 S.W.3d 826, 836 (Tex.App.--Austin 2007, no pet.).

*Continental Cas. Ins. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 398 (Tex.2000). "[T]he requirement that a party be aggrieved by a final decision of the appeals panel [applies] to both [Lab. Code subchs. F and G], and therefore to both [Lab. Code] §§410.255 and 410.301." *See also Haddix v. American Zurich Ins.*, 253 S.W.3d 339, 348-49 (Tex.App.--Eastland 2008, no pet.); *Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 712 (Tex.App.--Austin 2003, pet. denied).

*In re Prentis*, ___ S.W.3d ___, 2024 WL 3862953 (Tex.App.--Houston [1st Dist.] 2024, orig. proceeding) (No. 01-23-00616-CV; 8-20-24). "[EE] contends that his suit for negligence is proper because whether he was injured in the course and scope of employment is a 'hotly contested' issue that the trial court must first consider. [¶] To the contrary, if a party is dissatisfied with the outcome of the [TWCA's] administrative process, that aggrieved party may seek judicial review of the agency's decision. Nowhere in the [TWCA] is there an exception allowing [EE] to circumvent this administrative process, nor can the trial court exercise jurisdiction to consider a matter within the exclusive jurisdiction of the [DWC]. A party may not seek judicial review

TAB V

under the [TWCA] without first exhausting his administrative remedies. [¶] [EE's] argument that he vehemently disputes whether the accident occurred while he was in the course and scope of his employment has no impact on the [DWC's] exclusive jurisdiction. Indeed, it is the [DWC's] task to discern whether a plaintiff's injuries were sustained in the course and scope of employment."

*American Cas. Co. v. Bushman*, 480 S.W.3d 667, 671 (Tex.App.--San Antonio 2015, no pet.). "'A party's failure to exhaust the administrative remedies provided under Texas's workers' compensation scheme deprives the trial court of jurisdiction over that party's request for judicial review.' Filing an untimely appeal with the [DWC] appeals panel constitutes a failure to exhaust administrative remedies." *See also Combined Specialty Ins. v. Deese*, 266 S.W.3d 653, 658 (Tex.App.--Dallas 2008, no pet.); *Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 712 (Tex.App.--Austin 2003, pet. denied). *But see Cervantes v. Tyson Foods, Inc.*, 130 S.W.3d 152, 156-58 (Tex.App.--El Paso 2003, pet. denied) (timeliness of appeal is not part of exhaustion requirement).

## Footnotes

1    V.T.C.A., Labor Code § 410.301 et seq.

V. T. C. A., Labor Code § 410.251, TX LABOR § 410.251
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**TAC RULE**    HISTORICAL    TEXAS REGISTER    VIEW PDF

| | |
|---|---|
| **Title 28** | INSURANCE |
| **Part 2** | TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION |
| **Chapter 141** | DISPUTE RESOLUTION--BENEFIT REVIEW CONFERENCE |
| **Rule §141.4** | Sending and Exchanging Pertinent Information |
| **Previous Rule** | View Rule |
| **Next Rule** | View Rule |
| **Chapter Review Date** | 05/12/2025 |

TAB W

(a) As used in this chapter "pertinent information" means all information relevant to the resolution of the disputed issue or issues to be addressed at the benefit review conference, including but not limited to:

(1) reports regarding the compensable injury;

(2) the injured employee's wage records; and

(3) the injured employee's medical records.

(b) Examples of "pertinent information" are listed on the division's website.

(c) All pertinent information, as described in subsections (a) and (b) of this section, not previously exchanged, in the possession of the party requesting a benefit review conference must be sent to the opposing party or parties before the time the request for a benefit review conference is sent to the division.

(d) The opposing party must send all pertinent information in its possession, not previously exchanged, to the requesting party and other parties within 10 working days after receiving a copy of the request for a benefit review conference.

(e) Not later than 14 days before the benefit review conference, or not later than five days before an expedited conference set under §141.1(d)(2) of this title (relating to Requesting and Setting a Benefit Review Conference):

(1) all pertinent information in the parties' possession not previously sent to the division shall be sent to the division; and

(2) all pertinent information in the parties' possession not previously exchanged must be sent to the other parties.

(f) Additional pertinent information that becomes available thereafter shall be brought to the conference in sufficient copies for the division and opposing party or parties.

(g) The benefit review officer may schedule a second conference upon a determination that pertinent information necessary to resolve the dispute has not been submitted or exchanged.

**Source Note:** The provisions of this §141.4 adopted to be effective June 7, 1991, 16 TexReg 2876; amended

**TAC RULE**   HISTORICAL    TEXAS REGISTER    VIEW PDF

| | |
|---|---|
| **Title 28** | INSURANCE |
| **Part 2** | TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION |
| **Chapter 142** | DISPUTE RESOLUTION--BENEFIT CONTESTED CASE HEARING |
| **Rule §142.1** | Application of the Administrative Procedure Act |
| **Previous Rule** | View Rule |
| **Next Rule** | View Rule |
| **Chapter Review Date** | 05/12/2025 |

The following sections of the Government Code, apply to benefit contested case hearings:

**Source Note:** The provisions of this §142.1 adopted to be effective February 12, 1991, 16 TexReg 463;

TAB X

TAC RULE    HISTORICAL    TEXAS REGISTER    VIEW PDF

| | |
|---|---|
| Title 28 | INSURANCE |
| Part 2 | TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION |
| Chapter 142 | DISPUTE RESOLUTION--BENEFIT CONTESTED CASE HEARING |
| Rule §142.2 | Authority of the Administrative Law Judge |
| Previous Rule | View Rule |
| Next Rule | View Rule |
| Chapter Review Date | 05/12/2025 |

The administrative law judge is authorized to:

(1) issue subpoenas;

(2) rule on requests;

(3) issue orders, including interlocutory orders;

(4) use summary procedures as provided by §142.8 of this chapter (relating to Summary Procedures);

(5) direct parties to appear at a prehearing conference to resolve evidentiary and procedural issues;

(6) establish time limits for conducting a hearing;

(7) administer oaths;

(8) rule on the admissibility of evidence;

(9) determine the relevancy, materiality, weight, and credibility of evidence;

(10) request additional evidence;

(11) take official notice of the law of Texas and other jurisdictions, Texas city and county ordinances, the contents of the *Texas Register,* the rule of state agencies, facts that are judicially cognizable, and generally recognized facts within the division's specialized knowledge;

**Source Note:** The provisions of this §142.2 adopted to be effective February 12, 1991, 16 TexReg 463;

TAB Y

**TAC RULE**    HISTORICAL    TEXAS REGISTER    VIEW PDF

| | |
|---|---|
| **Title 28** | INSURANCE |
| **Part 2** | TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION |
| **Chapter 142** | DISPUTE RESOLUTION--BENEFIT CONTESTED CASE HEARING |
| **Rule §142.12** | Subpoena |
| **Previous Rule** | View Rule |
| **Next Rule** | View Rule |
| **Chapter Review Date** | 05/12/2025 |

TAB Z

(a) Definitions. The following words and terms, as used in this chapter, shall have the following meanings, unless the context clearly indicates otherwise:

(1) Evidence - Testimony or documents, including books, papers, and tangible things.

(2) Service - Delivery of a subpoena by an authorized individual to the person to whom it is addressed.

(3) Subpoena - A division order issued by the administrative law judge requiring a person to attend or to produce evidence at a deposition (deposition subpoena) or at a hearing (hearing subpoena).

(b) How issued. The division may issue a subpoena:

(1) on its own motion; or

(2) at the request of a party, if the administrative law judge determines the party has a good cause.

(c) Request for subpoena. A party may request a subpoena in the following manner:

(1) If the requester is a carrier, carrier representative, claimant represented by an attorney, or claimant assisted by OIEC, the request shall:

(A) be in writing;

(B) identify the evidence to be produced, and explain why it is relevant to a disputed issue;

(C) state whether the subpoena is for a deposition or a hearing;

(D) be sent to the division; and

(E) be delivered to all parties, as provided by §142.4 of this chapter (relating to Delivery of Copies to All Parties).

(2) A claimant who is neither represented by an attorney nor assisted by OIEC may request a subpoena by contacting the division in any manner, and may also request the division to arrange for service, if service will be at no cost to the division.

(d) Special provisions for hearing subpoenas. A request for a hearing subpoena shall be sent to the division and delivered to the parties, as provided by §142.4 of this chapter (relating to Delivery of Copies to All Parties), no later than 10 days before the hearing. The administrative

law judge may deny a request for a hearing subpoena upon a determination that the testimony may be adequately obtained by deposition or written affidavit.

(e) Service. Upon granting a request and issuing a subpoena, the administrative law judge shall:

(1) return it to the requester for service, according to §176.5, Texas Rules of Civil Procedure; or

(2) send it to the appropriate sheriff or constable, or any person who is not a party and is 18 years of age or older for service, if a claimant who is neither represented by an attorney nor assisted by OIEC has requested the division to arrange for service, as provided by subsection (c)(2) of this section

**Source Note:** The provisions of this §142.12 adopted to be effective February 12, 1991, 16 TexReg 463;

**TAC RULE**   HISTORICAL   TEXAS REGISTER   VIEW PDF

| | |
|---|---|
| **Title 28** | INSURANCE |
| **Part 2** | TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION |
| **Chapter 142** | DISPUTE RESOLUTION--BENEFIT CONTESTED CASE HEARING |
| **Rule §142.13** | Discovery |
| **Previous Rule** | View Rule |
| **Next Rule** | View Rule |
| **Chapter Review Date** | 05/12/2025 |

TAB AA

(a) Description of discovery. As used in this chapter, discovery is the process by which a party may, before the hearing, obtain evidence relating to the disputed issue or issues from the other parties and witnesses. If the evidence is not produced voluntarily, the party may request a subpoena, as provided in §142.12 of this title (relating to Subpoena). Discovery includes:

(1) parties' exchange of documentary evidence;

(2) interrogatories, as prescribed by §142.19 of this title (relating to Interrogatories); and

(3) witness depositions, as follows:

(A) a health care provider may be deposed only on written questions; and

(B) other witnesses may be deposed within their county of residence or employment, orally or on written questions, if the administrative law judge determines the party has good cause to request such testimony.

(b) Sequence of discovery. Parties shall exchange documentary evidence in their possession not previously exchanged, as described in subsection (c) of this section, before requesting additional discovery by interrogatory, as described in subsection (d) of this section, or deposition, as described in subsection (e) of this section. Additional discovery shall be limited to evidence not exchanged, or not readily derived from evidence exchanged.

(c) Parties' exchange of documentary evidence.

(1) Except as provided in subsection (g) of this section, no later than 15 days after the benefit review conference, parties shall exchange with one another the following information:

(A) all medical reports and reports of expert witnesses who will testify at the hearing;

(B) all medical records;

(C) any witness statements;

(D) the identity and location of any witness known to have knowledge of relevant facts; and

(E) all photographs or other documents which a party intends to offer into evidence at the hearing.

(2) Thereafter, parties shall exchange additional documentary evidence as it becomes available.

(3) Parties shall bring all documentary evidence not previously exchanged to the hearing in sufficient copies for exchange. The administrative law judge shall make a determination whether good cause exists for a party not having previously exchanged such information or documents to introduce such evidence at the hearing.

(d) Interrogatories.

(1) Interrogatories, as prescribed by §142.19 of this title (concerning Interrogatories), may be used by all parties, including subclaimants, to obtain information from any other party.

(2) Except as provided in subsection (g) of this section, interrogatories must be presented no later than 25 days before the hearing, unless otherwise agreed.

(3) Answers to interrogatories must be exchanged no later than 10 days after receipt of the interrogatories.

(4) Answers to interrogatories must be made under oath.

(e) Witness deposition. A party wishing to depose a witness shall request permission for deposition from the administrative law judge. The request shall:

(1) be made in writing;

**Source Note:** The provisions of this §142.13 adopted to be effective February 12, 1991, 16 TexReg 463; amended to be effective February 18, 1992, 17 TexReg 949; amended to be effective January 7, 2019, 44

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 406. Workers' Compensation Insurance Coverage (Refs & Annos)
          Subchapter B. Coverage Requirements

V.T.C.A., Labor Code § 406.034

§ 406.034. Employee Election

Currentness

(a) Except as otherwise provided by law, unless the employee gives notice as provided by Subsection (b), an employee of an employer waives the employee's right of action at common law or under a statute of this state to recover damages for personal injuries or death sustained in the course and scope of the employment.

(b) An employee who desires to retain the common-law right of action to recover damages for personal injuries or death shall notify the employer in writing that the employee waives coverage under this subtitle and retains all rights of action under common law. The employee must notify the employer not later than the fifth day after the date on which the employee:

  (1) begins the employment; or

  (2) receives written notice from the employer that the employer has obtained workers' compensation insurance coverage if the employer is not a covered employer at the time of the employment but later obtains the coverage.

(c) An employer may not require an employee to retain common-law rights under this section as a condition of employment.

(d) An employee who elects to retain the right of action or a legal beneficiary of that employee may bring a cause of action for damages for injuries sustained in the course and scope of the employment under common law or under a statute of this state. Notwithstanding Section 406.033, the cause of action is subject to all defenses available under common law and the statutes of this state unless the employee has waived coverage in connection with an agreement with the employer.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2011, 82nd Leg., ch. 1108 (S.B. 1714), § 2, eff. Sept. 1, 2011.

Notes of Decisions (82)

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-3.08.

TAB BB

**O'CONNOR'S CROSS REFERENCES**

See also 28 Tex. Admin. Code §§112.101(f), 112.201(i).

**O'CONNOR'S ANNOTATIONS**

*Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 138 (Tex.2003). See annotation under Labor Code §406.001.

*TWCC v. Garcia*, 893 S.W.2d 504, 532 (Tex.1995). The State "has a legitimate interest in requiring employees to make a binding election at the beginning of their employment. This limitation allows carriers to set an appropriate premium and allows employers to budget the cost of compensation insurance and obtain any necessary supplemental liability insurance. The system would be unworkable if employees could freely opt in and out at any time. [¶] The legitimate rationale for limiting the opt out election to new employees continues to apply even when the scope of benefits is modified. [B]ecause the constitutionality of the [TWCA] is not predicated on voluntary participation, the Legislature was not required to afford current employees an opportunity to opt out simply because it changed the scope of benefits."

*Aguirre v. Vasquez*, 225 S.W.3d 744, 753 (Tex.App.--Houston [14th Dist.] 2007, no pet.). "In exchange for prompt remuneration to the employee with no burden of proof as to negligence, the benefits under the [TWCA] provide the exclusive remedy for on-the-job injuries, prohibiting the employee from seeking common-law remedies from his employer, its agents, and co-employees. [¶] [EEs] waived their common-law rights by failing to waive workers' compensation coverage under the Act."

*Reyes v. Storage & Processors, Inc.*, 995 S.W.2d 722, 727 (Tex.App.--San Antonio 1999, pet. denied). See annotation under Labor Code §406.002.

V. T. C. A., Labor Code § 406.034, TX LABOR § 406.034

Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 402. Operation and Administration of Workers' Compensation System (Refs & Annos)
          Subchapter E. Records and Employee Information

V.T.C.A., Labor Code § 402.083

§ 402.083. Confidentiality of Injury Information

Currentness

(a) Information in or derived from a claim file regarding an employee is confidential and may not be disclosed by the division except as provided by this subtitle or other law.

(b) Information concerning an employee who has been finally adjudicated of wrongfully obtaining payment under Section 415.008 is not confidential.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 76, §§ 9.42, 14.49, eff. Sept. 1, 1995; Acts 2005, 79th Leg., ch. 265, § 2.021, eff. Sept. 1, 2005.

Notes of Decisions (1)

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-2.31(a), (b).

**O'CONNOR'S CROSS REFERENCES**
See also 28 Tex. Admin. Code §148.24.

V. T. C. A., Labor Code § 402.083, TX LABOR § 402.083
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB CC

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 402. Operation and Administration of Workers' Compensation System (Refs & Annos)
          Subchapter E. Records and Employee Information

V.T.C.A., Labor Code § 402.086

§ 402.086. Transfer of Confidentiality

Currentness

(a) Information relating to a claim that is confidential under this subtitle remains confidential when released to any person, except when used in court for the purposes of an appeal.

(b) This section does not prohibit an employer from releasing information about a former employee to another employer with whom the employee has applied for employment, if that information was lawfully acquired by the employer releasing the information.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-2.36.

**O'CONNOR'S CROSS REFERENCES**
See also 28 Tex. Admin. Code §148.24.

V. T. C. A., Labor Code § 402.086, TX LABOR § 402.086
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**       © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB DD

Vernon's Texas Statutes and Codes Annotated
    Labor Code (Refs & Annos)
        Title 5. Workers' Compensation (Refs & Annos)
            Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
                Chapter 415. Administrative Violations (Refs & Annos)
                    Subchapter A. Prohibited Acts

V.T.C.A., Labor Code § 415.008

§ 415.008. Fraudulently Obtaining or Denying Benefits; Administrative Violation

Currentness

(a) A person commits an administrative violation if the person, to obtain or deny a payment of a workers' compensation benefit or the provision of a benefit for the person or another, knowingly or intentionally:

(1) makes a false or misleading statement;

(2) misrepresents or conceals a material fact;

(3) fabricates, alters, conceals, or destroys a document; or

(4) conspires to commit an act described by Subdivision (1), (2), or (3).

(b) Repealed by Acts 2011, 82nd Leg., ch. 1162 (H.B. 2605), § 37(5).

(c) A person who has obtained an excess payment in violation of this section is liable for full repayment plus interest computed at the rate prescribed by Section 401.023. If the person is an employee or person claiming death benefits, the repayment may be redeemed from future income or death benefits to which the person is otherwise entitled.

(d) An employer who has committed an act described by Subsection (a) that results in denial of payments is liable for the past benefit payments that would otherwise have been payable by the insurance carrier during the period of denial, plus interest computed at the rate prescribed by Section 401.023. The insurance carrier is not liable for benefit payments during the period of denial.

(e) If an administrative violation proceeding is pending under this section against an employee or person claiming death benefits, the division may not take final action on the person's benefits.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2005, 79th Leg., ch. 265, § 3.272, eff. Sept. 1, 2005; Acts 2011, 82nd Leg., ch. 1162 (H.B. 2605), §§ 28, 37(5), eff. Sept. 1, 2011.

TAB EE

Notes of Decisions (15)

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-10.04.

V. T. C. A., Labor Code § 415.008, TX LABOR § 415.008
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Hope Furlow on behalf of Lisa Teachey
Bar No. 24056416
hfurlow@dgplawfirm.com
Envelope ID: 102265100
Filing Code Description: Motion
Filing Description: APPELLANT FORT BEND COUNTY'S MOTION TO AMEND BRIEF
Status as of 6/20/2025 5:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lisa Teachey | 24056416 | lteachey@dgplawfirm.com | 6/20/2025 5:08:03 PM | SENT |
| Laverne Chang | 783819 | chang@cardwellchang.com | 6/20/2025 5:08:03 PM | SENT |
| Marilyn Allen | 24025225 | mallen@dgplawfirm.com | 6/20/2025 5:08:03 PM | SENT |
| Mary Markantonis | 12986800 | mmarkantonis@dgplawfirm.com | 6/20/2025 5:08:03 PM | SENT |
| Dean Pappas | 15454375 | dpappas@dgplawfirm.com | 6/20/2025 5:08:03 PM | SENT |
| Andrew Bruce | 24113627 | serv.andrew@mf-txlaw.com | 6/20/2025 5:08:03 PM | SENT |
| Russell Morris | 24099150 | serv.russell@mf-txlaw.com | 6/20/2025 5:08:03 PM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 6/20/2025 5:08:03 PM | SENT |
| Pablo Franco | 24121625 | serv.pablo@mf-txlaw.com | 6/20/2025 5:08:03 PM | SENT |
| Catherine Hughes | | catherine.hughes@oag.texas.gov | 6/20/2025 5:08:03 PM | SENT |
| Sherlyn Harper | | Sherlyn.Harper@oag.texas.gov | 6/20/2025 5:08:03 PM | SENT |
| James Z.Brazell | | james.brazell@oag.texas.gov | 6/20/2025 5:08:03 PM | SENT |
| Meridith Fischer | | Meridith.Fischer@oag.texas.gov | 6/20/2025 5:08:03 PM | SENT |